G.R. o/b/o R.R. v. New York City Dept. Educ.    07 CV 4711 (TPG)

AO 440 (Rev. 10/93) Summons In a Civil Action -SDNY WEB 4/99

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me[1] | June 4, 2007 |
| NAME OF SERVER (PRINT) Michael D. Hampden | TITLE Attorney |

Check one box below to indicate appropriate method of service

☒ Served personally upon the defendant. Place where served: NYC Dept. of Law, 100 Church St. 4th Floor, New York, NY

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on    June 5, 2007
                    Date

Signature of Server: Michael D. Hampden

Address of Server:
271 Madison Ave
17th Floor
New York, NY 10016

(1)    As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# United States District Court

SOUTHERN DISTRICT OF NEW YORK

G.R., as Parent and Natural Guardian o/b/o R.R., an Infant,

    Plaintiff,

V.

NEW YORK CITY DEPARTMENT OF EDUCATION,

    Defendant.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

**07 CV 4711**

**JUDGE GRIESA**

TO: (Name and address of defendant)

    New York City Department of Education
    52 Chambers Street
    New York, NY 10007

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

    Partnership for Children's Rights
    Warren J. Sinsheimer
    Michael D. Hampden,
        of counsel
    271 Madison Avenue, 17th floor
    New York, NY 10016

an answer to the complaint which is herewith served upon you, within **20** days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

JUN 0 4 2007

J. MICHAEL McMAHON
CLERK

DATE

(BY) DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
G.R., as Parent and Natural Guardian
o/b/o R.R., an Infant,

              Plaintiff,

    -against-

**COMPLAINT**

NEW YORK CITY DEPARTMENT OF
EDUCATION,

             Defendant.
----------------------------------------X

07 CV 4711

JUDGE GRIESA

JUN 0 4 2007

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action pursuant to the Individuals with Disabilities Education Improvement Act of 2004 (IDEIA) and regulations, 20 U.S.C. §§ 1400 *et seq.* and 34 C.F.R. Part 300, and New York State's implementing laws and regulations, N.Y. Educ. Law §§ 4401 *et seq.* and 9 N.Y.C.R.R. Part 200, to ensure a free appropriate public education for her minor son, Robert Rios (Robert).

2. Pursuant to 20 U.S.C. § 1415(i)(2)(A), plaintiff seeks reversal of a final New York State administrative decision rendered by the State Review Office (SRO), denying 2006-2007 tuition funding for the placement of her son Robert at Winston Preparatory School, a private school for learning-disabled and speech/language impaired students.

3. This action is timely commenced within four months from the date of the SRO decision, pursuant to N.Y. Educ. Law § 4403(3)(A) and the IDEIA, 20 U.S.C. § 1415(i)(2)(B).

## JURISDICTION AND VENUE

4. Jurisdiction over the subject matter of this action is invoked under the IDEIA, 20 U.S.C. § 1415(i)(2)(a); under 28 U.S.C. §§ 1331 and 1343, conferring jurisdiction in cases arising under the Constitution and laws of the United States; and under 28 U.S.C. §§ 2201 and 2202, conferring jurisdiction to provide declaratory and injunctive relief.

5. The Court has pendant jurisdiction to adjudicate state claims that may arise out of the same facts as the asserted federal claims.

6. Venue is properly laid in the United States District Court for the Southern District of New York under 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to plaintiff's claims occurred in this Judicial District, and because defendant New York City Department of Education (DOE) performs its official duties and has its principal offices in this Judicial District.

## PARTIES

7. Plaintiff Gloria Rodriquez resides at 307 West 29th Street, Apt. 3C, New York, New York 10001.

8. Plaintiff is the parent and natural guardian of her infant son Robert.

9. Initials are used in the caption of this action to preserve the confidentiality of the infant in conformity with the

privacy provisions of the IDEIA, 20 U.S.C. § 1417(c), and the Family Educational and Privacy Rights Act (FERPA), 20 U.S.C. § 1232g.

10. The DOE is responsible for the operation of special education programs and services in the New York City school system, and for meeting and implementing all obligations imposed upon it by the IDEIA and the New York State Education Law.

11. The DOE's principal offices are located at 52 Chambers Street, New York, New York 10007.

**FACTS**

12. Robert was born September 6, 1995. He has been a special education student since pre-school and is presently classified as speech and language impaired.

13. Robert is a sixth-grade student at Winston Preparatory School, a private special education school that specializes in the instruction of learning disabled and speech/language impaired students.

14. From kindergarten through fifth grade, Robert attended New York City public schools and was classified either as learning disabled or speech/language impaired.

15. In September 2002, when Robert was in a second-grade self-contained special education class in public school, his teacher reported that he was withdrawn, over-anxious, unfocused and shy, had panic attacks, and had difficulty in listening and attending. He rarely spoke to adults, and remembered what he

learned only short-term.

16. During second-grade testing performed by the DOE, Robert was unable to read a passage at the first-grade level, and was unable to answer any comprehension questions after being read a pre-primer story. His math skills tested at two years below grade level.

17. Three years later, in September 2005, when Robert was in fifth grade, triennial testing showed that his academic skills had not progressed relative to his peers:  In fact, his reading had fallen to between two and three years below grade level, and his math skills had fallen to between three and four years below grade level.

18. Robert remained in a self-contained special education class in public school through the end of fifth grade (the 2005-2006 school year).

19. During the 2005-2006 school year, the DOE's Committee on Special Education (CSE) held no meeting, issued no Individualized Education Program (IEP), and recommended no placement for Robert for his sixth grade, 2006-2007 school year.

20. With no educational program developed or proposed for Robert by the DOE for the 2006-2007 school year, plaintiff gave written notice on August 17, 2006 that she was withdrawing Robert from public school; she unilaterally enrolled Robert in Winston Preparatory School (Winston) and requested an Impartial Hearing to obtain an order of tuition payment by the DOE.

21. Winston's tuition for the 2006-2007 school year is $38,750.00, including a required deposit at the time of enrollment of $3,875.00.

22. To pay the deposit, plaintiff applied for and obtained a bridge loan from The Fairness Fund, a not-for-profit entity that provides loans for low-income parents to enable them to enroll their children in appropriate private special education schools.

23. Pursuant to the loan agreement signed by Winston and the plaintiff, the Fairness Fund paid Robert's deposit of $3,875.00 to Winston on plaintiff's behalf; Winston agreed to refund to the Fund the $3,875.00 deposit when it receives the full tuition payment; and the plaintiff became obligated to repay the loan if she receives a tuition payment from the DOE.

24. As a condition of enrolling Robert in Winston for the 2006-2007 school year, plaintiff signed an enrollment agreement obligating her to pay for the $38,750.00 tuition to Winston.

25. Plaintiff is not financially able to pay the Winston tuition in advance, and thereafter seek reimbursement from the DOE. She therefore seeks a prospective order of direct tuition payment by the DOE to Winston.

26. At the Impartial Hearing, held on October 4, 2006 before Impartial Hearing Officer (IHO) Judith T. Kramer, Esq., the DOE conceded that it had not offered Robert a free appropriate public education (FAPE) for the 2006-2007 school year, as required by

the IDEIA and the New York State Education Law.

27. At the October 4, 2006 Impartial Hearing, testimony was given by the plaintiff and by Beth Sugarman, Winston's Director of Operations and Educational Research, supporting plaintiff's request for an order of tuition payment by the DOE.

28. On October 23, 2007, IHO Kramer issued her decision. She found that the DOE, as conceded, had failed to offer Robert a FAPE for the 2006-2007 school year, and that no equitable considerations precluded the parent from obtaining an order of tuition payment to Winston by the DOE.

29. The IHO found, however, that because the hearing was held on October 4, 2006, at a time when the 2006-2007 school year had just begun, before evidence of educational progress at Winston could be obtained, the record contained insufficient evidence that Winston was an appropriate placement for Robert. She therefore denied plaintiff's request for an order of tuition payment "without prejudice."

30. In her decision, the IHO stated: "Such denial is, of course, without prejudice and may be renewed after the child has been at Winston for a longer period of time when the parent may be in a better position to present evidence that Winston is providing the child with educational benefits and is thus, appropriate for the child."

31. The DOE appealed the IHO's decision to the State Review Office (SRO) of the New York State Education Department, only

insofar as the IHO denied tuition payment "without prejudice." The DOE claimed that the IHO lacked legal authority to deny a parent's tuition request without prejudice to a renewal of the request in a second Impartial Hearing later in the school year when evidence of the child's educational progress became available.

32. Plaintiff answered the DOE's petition, maintaining that the IHO's action of dismissal without prejudice was appropriate and permissible; and cross-appealed, maintaining that the evidence in the hearing record was sufficient for an order directing the tuition payment.

33. On February 9, 2007, in Appeal No. 06-133, the SRO sustained the DOE's appeal and dismissed plaintiff's cross-appeal.

34. Ruling that the IHO lacked authority to dismiss plaintiff's tuition request without prejudice, the SRO stated: "I find that the impartial hearing officer rendered a decision adjudicating [the parent's] claim on the merits."

35. Regarding the plaintiff's cross-appeal, the SRO stated: "I concur with the impartial hearing officer that [the parent] has not met her burden of demonstrating that the services provided by Winston were appropriate to meet the student's education needs."

36. Despite the fact that the DOE admitted that it denied Robert a FAPE, the SRO in his decision concluded: "As a final

note, the record indicates that [the parent's] son can be appropriately educated in a public school setting and there is no evidence suggesting that [the DOE] cannot meet the student's special education needs. Accordingly, a CSE should reconvene as soon as possible and offer the student an appropriate program and placement for the 2006-07 school year consistent with the requirements of the [IDEIA]."

37. While the DOE's appeal to the SRO was pending, plaintiff protected her rights by filing a second Impartial Hearing request, in accordance with IHO Kramer's October 23, 2006 decision in the first hearing dismissing the case without prejudice to re-filing when evidence of progress at Winston was available to demonstrate that it was an appropriate educational placement for Robert.

38. In this second Impartial Hearing, Case No. 107814, IHO Mary Noe, Esq. held the record open until the conclusion of the parties' pending appeal and cross appeal before the SRO. After the SRO issued its ruling on February 9, 2007, IHO Noe on February 15, 2007 dismissed the hearing request, leaving plaintiff with no available recourse, other than this federal court action, to secure an order for tuition payment by the DOE for the 2006-2007 school year.

## STATUTORY AND REGULATORY SCHEME

39. Congress enacted the IDEIA to guarantee that states will provide every disabled child between the ages of three and twenty-one with a "free appropriate public education [that] . . . meet[s] their unique needs." 20 U.S.C. § 1400(d)(1)(A).

40. The IDEIA provides that every disabled child must be provided with "[a]n individualized education program. . .[that] is developed, reviewed, and revised for each child with a disability." 20 U.S.C. 1412(a)(4).

41. An Individualized Education Program (IEP), developed in accordance with the IDEIA and containing all the elements specified therein, must be in effect for each child with a disability at the beginning of each school year. 20 U.S.C. § 1414(d)(2)(A).

42. The IDEIA provides: "If the parents of a child with a disability, who previously received special education and related services under the authority of a public agency, enroll the child in a private elementary school or secondary school without the consent of or referral by the public agency, a court or a hearing officer may require the agency to reimburse the parents for the cost of that enrollment if the court or hearing officer finds that the agency had not made a free appropriate public education available to the child in a timely manner prior to that enrollment."  20 U.S.C. § 1412(a)(10)(C)(ii).

43. When a school district fails to provide a disabled student with an appropriate educational placement, and the parent unilaterally places the child in a state-approved or non-approved private school, the United States Supreme Court has interpreted the IDEIA to permit the parent to obtain an award of tuition reimbursement through the due process administrative and judicial remedies provided by the IDEIA.

44. In such tuition reimbursement cases, the parent must prove that (a) the school district failed to provide FAPE, (b) the private school is appropriate, and (c) equitable considerations do not preclude a tuition award to the parent. Burlington Sch. Comm. v. Massachusetts Dept. of Educ., 471 U.S. 359 (1984).

45. The parent's administrative due process remedy begins with a request for an Impartial Hearing, 20 U.S.C. § 1415(f)(1)(A), before an Impartial Hearing Officer, N.Y. Educ. Law § 4404(1). The Impartial Hearing Officer's decision may be appealed by either party to the SRO, 20 U.S.C. § 1415(g)(1); N.Y. Educ. Law § 4404(2). A party aggrieved by an SRO decision may appeal to a United States District Court. 20 U.S.C. § 1415(i)(2)(A).

46. On appeal to the U.S. District Court under 20 U.S.C. § 1415(i)(2)(A), the court takes into account the record from the administrative proceeding and additional evidence requested by the parties. 20 U.S.C. § 1415(i)(2)(C). The court decides based

on the preponderance of the evidence whether the requirements of the IDEIA have been met. 20 U.S.C. § 1415(i)(2)(C).

47. The record is reviewed de novo, giving "due weight" to those aspects of the administrative decision that are based on "educational policy." Walczak v. Florida Union Free Sch. Dist., 142 F.3d 119, 129 (2d Cir. 1998). The court does not accord "due weight" when "there are no administrative findings on an issue germane to the court's determination," Gagliardo v. Arlington Cent. Sch. Dist., 418 F.Supp.2d 559, 562 (S.D.N.Y. 2006), or when determining questions of law. Lillbask v. State of Connecticut Dep't. of Educ., 397 F.3d 77, 82 (2d Cir. 2005).

**PLAINTIFF'S LEGAL CLAIMS**

48. The IDEIA guarantees that "A free appropriate public education is available to all children with disabilities residing in the State between the ages of 3 and 21." 20 U.S.C. § 1412(a)(1)A).

49. Robert is a "child with a disability" as defined by the IDEIA.

50. The DOE concededly failed to propose an appropriate educational program for Robert, and failed to propose an appropriate class placement for the school year 2006-2007, thereby denying him the FAPE required by the IDEIA.

51. By the plaintiff's own efforts, Robert was accepted in and is attending Winston Preparatory School, a non-approved private school specializing in the education of speech/language

impaired and learning disabled students.

52. Winston Preparatory School is an appropriate educational placement for Robert for the 2006-2007 school year.

53. The DOE has conceded that there are no equitable considerations that would preclude plaintiff from being awarded tuition at Winston Preparatory School for the 2006-2007 school year.

54. Plaintiff is unable to pay the Winston tuition in advance and wait to seek reimbursement from the DOE, and is therefore entitled to an award of prospective, direct tuition payment by the DOE to Winston Preparatory School. <u>Connors v. Mills</u>, 34 F.Supp.2d 795 (N.D.N.Y. 1998)

55. Plaintiff invoked the administrative remedies available to her under the IDEIA, but as a result of the SRO's decision, these remedies have proved futile, inadequate and unfair.

56. The SRO's decision is arbitrary, capricious and based on errors of state and federal law.

57. The effect of the SRO's decision was to deprive plaintiff of a full and fair opportunity to prove her entitlement to obtain tuition payment by the DOE for Robert's appropriate private school placement for the 2006-2007 school year, which the DOE concededly failed to provide.

58. The SRO erred as a matter of law in ruling that IHO Kramer lacked legal authority to dismiss plaintiff's private school tuition claim without prejudice to renewal at a time when

evidence of progress in the private school setting could be adduced.

59. The SRO's decision to remand the case to the CSE - the very DOE entity whose responsibility it was to provide Robert with a FAPE in the first place - and direct the CSE to devise an appropriate educational program for Robert for the 2006-2007 school year violated the IDEIA provisions (a) that the decision-maker in the due process administrative process must be independent of the school district, and (b) requiring finality in the due process administrative proceedings available to parents.

60. The SRO's decision violated the federal and New York constitutional guarantees of due process of law by denying the parent a reasonable opportunity to be heard on her tuition claim at a second hearing when evidence of educational progress could reasonably be adduced, while at the same time giving the DOE a second opportunity to provide an appropriate educational program for Robert.

61. The SRO's decision unfairly and illegally favored the DOE, which failed in its responsibilities under the IDEIA and then became immune from the parent's claim for tuition reimbursement, and unfairly disfavored the parent, who was first forced by the DOE's default to act unilaterally to provide her son with an appropriate education and then precluded from seeking tuition reimbursement from the DOE to make her whole.

62. The SRO, who relied solely on the record and did not hear live testimony, rejected evidence-based discretionary judgments reached by the IHO based on her face-to-face fact-finding, and inappropriately substituted his own judgments based on the cold record, to the detriment of the plaintiff.

63. The SRO decision left the plaintiff with no available remedy for obtaining a FAPE for her son Robert, despite the DOE's concession that it failed to do so, in violation of the IDEIA and New York State law.

64. Plaintiff has exhausted her administrative remedies as required by the IDEIA.

**RELIEF SOUGHT**

WHEREFORE, plaintiff respectfully prays that this Court:

1. Assume jurisdiction of this action;

2. Receive the records of the administrative proceedings below, and hear additional evidence submitted by the plaintiff pursuant to 20 U.S.C. § 1415(i)(2)(C);

3. Conduct an independent review of both the administrative record and additional evidence;

4. Enter judgment declaring (a) that the DOE failed to provide Robert a FAPE for the 2006-2007 school year; (b) that Winston Preparatory School constitutes an appropriate placement for Robert under the IDEIA; and (c) that equitable considerations do not preclude a tuition award to plaintiff;

5. Enter judgment vacating and annulling the SRO decision in Appeal No. 06-133 in its entirety, and

    a. Ordering that the DOE pay Robert's Winston Preparatory School tuition for the 2006-2007 school year in the amount of $38,750.00; or alternatively,

    b. Declaring that plaintiff is presently entitled to now request an Impartial Hearing seeking an order of payment from the DOE, because it was fully within the authority of IHO Judith T. Kramer to dismiss plaintiff's tuition claim without prejudice to her commencing a second Impartial Hearing for tuition payment later in the school year when evidence of the student's progress in the private school setting became available;

6. Award reasonable attorney's fees and costs pursuant to 20 U.S.C. § 1415(i)(3); and

7. Grant such other and further relief as this Court may deem just and proper.

Dated:    New York, New York
            June 4, 2007

_____
PARTNERSHIP FOR CHILDREN'S RIGHTS
WARREN J. SINSHEIMER (WJS 9906)
MICHAEL D. HAMPDEN (MDH 2359),
    of Counsel
Attorneys for Plaintiff
271 Madison Avenue, 17th Floor
New York, NY 10016
(212) 683-7999 ext. 222
Fax: (212) 683-5544