UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

G.R., as Parent and Natural Guardian o/b/o R.R., an Infant,

                                                         Plaintiff,

                    -against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

                                             Defendant.

------------------------------------------------------------------------ x

**ANSWER**

07 CV 4711 (TPG) (RLE)

      Defendant, the New York City Department of Education ("DOE"), by its attorney Michael A. Cardozo, Corporation Counsel of the City of New York, as and for its Answer to the Complaint, dated June 4, 2007, respectfully alleges as follows:

      1.      Denies the allegations set forth in paragraph "1" of the Complaint, except admits that plaintiff purports to proceed as stated therein.

      2.      Denies the allegations set forth in paragraph "2" of the Complaint, except admits that plaintiff purports to proceed as stated therein.

      3.      Denies the allegations set forth in paragraph "3" of the Complaint, except admits this action was commenced within four months of the decision of the State Review Officer, dated February 9, 2007 (the "SRO Decision").

      4.      Denies the allegations set forth in paragraph "4" of the Complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

      5.      Denies the allegations set forth in paragraph "5" of the Complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

      6.      Denies the allegations set forth in paragraph "6" of the Complaint, except admits that plaintiff purports to lay venue in this judicial district as stated therein.

7.      Denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph "7" of the Complaint.

8.      Denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph "8" of the Complaint.

9.      Denies the truth of the allegations set forth in paragraph "9" of the Complaint, except admits that plaintiff purports to proceed as stated therein.

10.     Denies the allegations set forth in paragraph "10" of the Complaint, except admits that DOE is a local educational agency as defined by the Individuals with Disabilities Education Act ("IDEA"), and respectfully refers the Court to Article 52-A of the New York Education Law regarding the powers and duties of the DOE.

11.     Denies the allegations set forth in paragraph "11" of the Complaint, except admits that DOE maintains offices at 52 Chambers Street in New York City.

12.     Upon information and belief, admits the allegations set forth in paragraph "12" of the Complaint.

13.     Denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph "13" of the Complaint.

14.     Denies the allegations set forth in paragraph "14" of the Complaint.

15.     Denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph "15" of the Complaint.

16.     Admits the allegations set forth in paragraph "16" of the Complaint.

17.     Denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph "17" of the Complaint, except admits that,

according to reports from early in the 2005-2006 school year, R.R. (the "Student") performed at a second or third grade level in reading and writing and at a first or second grade level in math.

18.     Admits the allegations set forth in paragraph "18" of the Complaint.

19.     Denies the allegations set forth in paragraph "19" of the Complaint, except admits that DOE did not offer a placement to the Student for the 2006-2007 school year.

20.     Denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph "20" of the Complaint, except admits that plaintiff unilaterally placed the Student at the Winston Preparatory School ("Winston") for the 2006-2007 school year and that she requested an impartial hearing to seek prospective tuition payment for that unilateral placement by letter from her attorney dated August 17, 2006.

21.     Denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph "21" of the Complaint, except admits that tuition at Winston for the 2006-2007 school year was $38,750.00.

22.     Denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph "22" of the Complaint.

23.     Denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph "23" of the Complaint.

24.     Denies the allegations set forth in paragraph "24" of the Complaint, and respectfully refers the Court to the Enrollment Agreement between plaintiff and Winston, signed by plaintiff on September 26, 2006.

25.     Denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph "25" of the Complaint.

26.     Admits the allegations set forth in paragraph "26" of the Complaint.

27.     Denies the allegations set forth in paragraph "27" of the Complaint, except admits that plaintiff and Beth Sugarman testified at the underlying impartial hearing.

28.     Denies the allegations set forth in paragraph "28" of the Complaint, and respectfully refers the Court to the Impartial Hearing Officer's Findings of Fact and Decision, dated October 23, 2006 (the "IHO Decision") for a complete and accurate statement of its contents.

29.     Denies the allegations set forth in paragraph "29" of the Complaint, and respectfully refers the Court to the IHO Decision for a complete and accurate statement of its contents.

30.     Admits the allegations set forth in paragraph "30" of the Complaint, and respectfully refers the Court to the IHO Decision for the context in which the statement was made.

31.     Denies the allegations set forth in paragraph "31" of the Complaint, except admits DOE filed an appeal with the State Review Office, and respectfully refers the Court to the Verified Petition, dated November 27, 2006 (the "Petition"), for a complete and accurate statement of its contents.

32.     Denies the allegations set forth in paragraph "32" of the Complaint, except admits that plaintiff answered the DOE petition and filed a cross-appeal and respectfully refers the Court to plaintiff's answer and cross-appeal for a complete and accurate statement of its contents.

33.     Admits the allegations set forth in paragraph "33" of the Complaint.

34.     Denies the allegations set forth in paragraph "34" of the Complaint, and respectfully refers the Court to the SRO Decision for a complete and accurate statement of its contents.

35.     Admits the allegations set forth in paragraph "35" of the Complaint.

36.     Admits the allegations set forth in paragraph "34" of the Complaint, and respectfully refers the Court to the SRO Decision for the context in which the statements were made.

37.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the Complaint.

38.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the Complaint.

39.     Denies the allegations set forth in paragraph "39" of the Complaint, and respectfully refers the Court to the statute cited therein for a complete and accurate statement of its provisions.

40.     Admits the allegations set forth in paragraph "40" of the Complaint.

41.     Admits the allegations set forth in paragraph "41" of the Complaint.

42.     Admits the allegations set forth in paragraph "42" of the Complaint.

43.     Denies the allegations set forth in paragraph "43" of the Complaint, and respectfully refers the Court to the statute cited therein and relevant case law for a complete and accurate statement of their provisions and holdings.

44.     Denies the allegations set forth in paragraph "44" of the Complaint, and respectfully refers the Court to the case cited therein for a complete and accurate statement of its holding.

45. Denies the allegations set forth in paragraph "45" of the Complaint, and respectfully refers the Court to the statutes cited therein for a complete and accurate statement of their provisions.

46. Denies the allegations set forth in paragraph "46" of the Complaint, and respectfully refers the Court to the statutes cited therein for a complete and accurate statement of their provisions.

47. Denies the allegations set forth in paragraph "47" of the Complaint, and respectfully refers the Court to the cases cited therein for a complete and accurate statement of their holdings.

48. Denies the allegations set forth in paragraph "48" of the Complaint, and respectfully refers the Court to the statute cited therein for a complete and accurate statement of its provisions.

49. Admits the allegations set forth in paragraph "49" of the Complaint.

50. Admits the allegations set forth in paragraph "50" of the Complaint.

51. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the Complaint.

52. Denies the allegations set forth in paragraph "52" of the Complaint.

53. Denies the allegations set forth in paragraph "53" of the Complaint.

54. Denies the allegations set forth in paragraph "54" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's ability to "pay the Winston tuition in advance and wait," and respectfully refers the Court to the case cited therein for a complete and accurate statement of its holdings.

55. Denies the allegations set forth in paragraph "55" of the Complaint.

56.     Denies the allegations set forth in paragraph "56" of the Complaint.

57.     Denies the allegations set forth in paragraph "57" of the Complaint.

58.     Denies the allegations set forth in paragraph "58" of the Complaint.

59.     Denies the allegations set forth in paragraph "59" of the Complaint.

60.     Denies the allegations set forth in paragraph "60" of the Complaint.

61.     Denies the allegations set forth in paragraph "61" of the Complaint.

62.     Denies the allegations set forth in paragraph "62" of the Complaint.

63.     Denies the allegations set forth in paragraph "63" of the Complaint.

64.     Denies the allegations set forth in paragraph "64" of the Complaint.

### AS AND FOR A FIRST DEFENSE:

65.     Plaintiff has failed to meet her burden under the applicable law to demonstrate that the unilateral placement selected by plaintiff was appropriate.

### AS AND FOR A SECOND DEFENSE:

66.     The equities do not favor the plaintiff in this matter.

### AS AND FOR A THIRD DEFENSE:

67.     Plaintiff fails to state a claim upon which relief can be granted.

### AS AND FOR A FOURTH DEFENSE:

68.     Plaintiff has failed to exhaust her administrative remedies.

### AS AND FOR A FIFTH DEFENSE:

69.     The State Review Officer correctly found that the Impartial Hearing Officer improperly dismissed plaintiff's due process claim without prejudice when there had been a hearing on the merits.

## AS AND FOR A SIXTH DEFENSE:

70.    At all times relevant to the acts alleged in the complaint, defendant acted reasonably, properly, lawfully and in good faith.

## AS AND FOR A SEVENTH DEFENSE:

71.    Defendant did not violate any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**WHEREFORE**, defendant requests judgment dismissing the complaint and denying all relief requested therein, together with such other and further relief as the Court deems just and proper.

Dated:        New York, New York
              July 23, 2007

                                Michael A. Cardozo
                                Corporation Counsel of the
                                 City of New York
                                Attorney for the Plaintiff
                                100 Church Street, Room 2-179
                                New York, New York 10007
                                212-788-0889


                                By:        s/
                                   _____
                                   Andrew Rauchberg (AR 2179)
                                   Assistant Corporation Counsel



To:    Warren J. Sinsheimer, Esq.
       Partnership for Children's Rights
       Attorneys for Plaintiff
       271 Madison Avenue, 17th Floor
       New York, New York  11235