# EXHIBIT H

**W** Winston Preparatory School
*education for the individual*

## ENROLLMENT AGREEMENT 2006-2007

This Agreement sets forth the terms and conditions upon which Winston Preparatory School will hold a place and provide educational services for **Robert Rios** for the 2006-2007 academic year. The tuition and fees are **$38,750**. A reservation deposit of **$3875 is required when contract is returned to the school.**

\*Payment scheduling options include monthly, quarterly and semi-annual installments, as per the enclosed information from the SMART Tuition Management Services program,

OR

\*2 direct payments each in the amount of $17,437.50 to Winston Preparatory School due on 6/1/06 and 10/1/06.

Placement is offered for the entire school year; *there will be no allowance for absence or early withdrawal.* Should it become necessary to withdraw a student any time after this Agreement is signed, the parent or guardian will continue to be responsible for the balance of the entire tuition and fees; all advance payments will be retained.

Payment in accordance with the schedule established between you and Winston Preparatory School is a precondition for provision of educational services. The School reserves the right to terminate educational services for non-payment upon two weeks notice. Termination of services for non-payment does not relieve the parent or guardian of any obligations set forth herein. The School will impose a late fee of $25 per each past due installment.

All grades, report cards, records and transcripts of students for whom payments are in arrears will be transferred to the School's accountant to be retained in a sealed file until such time as full payment is made in accordance with this contract. No student may sit for final exams, nor will a diploma or certificate of graduation be issued to any student whose account is in arrears.

Winston reserves the right to terminate this Agreement at any time, if in the judgment of the School, enrollment of the student at the School or continuation of enrollment is not in the best interest of either the student or the School.

To reserve a place for the above student at the Winston Preparatory School for the 2006-2007 school year, please sign both copies of the Agreement indicating your acceptance of these aforementioned terms and return them with the SMART enrollment form by **July 27, 2006.** When signed by you, this letter will constitute the entire Agreement between us. It shall not be modified, except in a written instrument which has been signed by you and by a representative of the Winston Preparatory School. We will countersign the Agreement and return one copy to you for your files.

I have read and understand this Agreement. I accept the place offered in Winston Preparatory School for 2006-2007 academic year and agree to be bound by the terms and conditions set forth above.

Scott Bezsylko, Head of School _____     Date _____

☐ Enclosed is my enrollment form for SMART Tuition Management Services

☐ Please bill me directly for the 6/1 and 10/1 payment

Student's Name: **Robert Rios**
Student's Social Security # 10 7-86-0 5 9

Signature of Person Responsible for Tuition

9-26-06
Date

126 West 17th Street, New York, NY 10011   (646) 638-2705 phone   (646) 638-2706 fax   info@winstonprep.edu   www.winstonprep.edu

# EXHIBIT I

**L**EGAL
**S**ERVICES FOR
**C**HILDREN, INC.

August 17, 2006

BY CERTIFIED MAIL

Region #2
1230 Zerega Avenue
Bronx, NY, 10462

Re:  Robert Rios
      NYCID# 268-366-903

Ladies and Gentlemen::

I am writing to inform you that the parent of the above-referenced child will be
withdrawing him from the NYC public school system and will be enrolling him in
Winston Preparatory School for the 2006-07 school year.  The parent will also be seeking
an order directing the Department of Education to pay the tuition for the 2006-07 school
year prospectively, in the amount of $38750.

I am requesting that you arrange for busing for the above-named student for the 2006-
2007 school year to the following school location:

126 West 17th Street
New York, NY 10011

If you need additional information, please call me at (212) 683-7999, extension 222.

Yours truly,

Warren Sinsheimer

271 MADISON AVENUE • 17TH FLOOR • NEW YORK, NEW YORK  10016
212.683.7999 • FAX 212.683.5544 • EMAIL lsc@kidslaw.org

# EXHIBIT J

# Form **1040** U.S. Individual Income Tax Return **2005** (99) IRS Use Only—Do not write or staple in this space.

For the year Jan. 1–Dec. 31, 2005, or other tax year beginning , 2005, ending , 20 | OMB. No. 1545-0074

**Label** (See instructions on page 16.) Use the IRS label. Otherwise, please print or type.

| L A B E L H E R E |  |
|---|---|
| Your first name and initial | Last name |
| GLORIA | RODRIGUEZ |
| If a joint return, spouse's first name and initial | Last name |

Your social security number: **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**

Spouse's social security number

Home address (number and street). If you have a P.O. box, see page 16. | Apt. no.
**679 WARING AVENUE** | **4 H**

City, town or post office, state, and ZIP code. If you have a foreign address, see page 16.
**BRONX** **NY** **10467**

▲ You must enter your SSN(s) above. ▲

**Presidential Election Campaign** ▶ Check here if you, or your spouse if filing jointly, want $3 to go to this fund (see page 16) ▶ [ ] You [ ] Spouse

Checking a box below will not change your tax or refund.

## Filing Status
Check only one box.

1 [ ] Single
2 [ ] Married filing jointly (even if only one had income)
3 [ ] Married filing separately. Enter spouse's SSN above and full name here. ▶
4 [X] Head of household (with qualifying person). (See page 17.) If the qualifying person is a child but not your dependent, enter this child's name here. ▶
5 [ ] Qualifying widow(er) with dependent child (see page 17)

## Exemptions

6a [X] Yourself. If someone can claim you as a dependent, do not check box 6a · · · · · · · ·
b [ ] Spouse

Boxes checked on 6a and 6b: **1**

c Dependents:

| (1) First name Last name | (2) Dependent's social security number | (3) Dependent's relationship to you | (4) Check if qualifying child for child tax credit (see pg19) |
|---|---|---|---|
| ROBERT RIOS | 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 | SON | X |
| VICTORIA DONE | 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 | DAUGHTER | X |
| VIRGILIA RODRIGUEZ | 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 | PARENT | |

If more than four dependents, see page 19.

No. of children on 6c who:
● lived with you: **2**
● did not live with you due to divorce or separation (see page 20)
Dependents on 6c not entered above: **1**

d Total number of exemptions claimed

Add numbers on lines above ▶ **4**

## Income

Attach Form(s) W-2 here. Also attach Forms W-2G and 1099-R if tax was withheld.

If you did not get a W-2, see page 22.

Enclose, but do not attach, any payment. Also, please use Form 1040-V.

| | | | |
|---|---|---|---|
| 7 | Wages, salaries, tips, etc. Attach Form(s) W-2 | 7 | 35,671 |
| 8a | Taxable interest. Attach Schedule B if required | 8a | |
| b | Tax-exempt interest. Do not include on line 8a · · · · · | 8b | |
| 9a | Ordinary dividends. Attach Schedule B if required · · · · · | 9a | |
| b | Qualified dividends (see page 23) · · · · · · | 9b | |
| 10 | Taxable refunds, credits, or offsets of state and local income taxes (see page 23) | 10 | |
| 11 | Alimony received · · · · · · · · · · · | 11 | |
| 12 | Business income or (loss). Attach Schedule C or C-EZ · · · · | 12 | |
| 13 | Capital gain or (loss). Attach Schedule D if required. If not required, check here ▶ [ ] | 13 | |
| 14 | Other gains or (losses). Attach Form 4797 · · · · · · · | 14 | |
| 15a | IRA distributions | 15a | b Taxable amount (see page 25) | 15b | |
| 16a | Pensions and annuities | 16a | b Taxable amount (see page 25) | 16b | |
| 17 | Rental real estate, royalties, partnerships, S corporations, trusts, etc. Attach Schedule E · · · | 17 | |
| 18 | Farm income or (loss). Attach Schedule F · · · · · · · | 18 | |
| 19 | Unemployment compensation · · · · · · · · | 19 | |
| 20a | Social security benefits | 20a | b Taxable amount (see page 27) | 20b | |
| 21 | Other income. | 21 | |
| 22 | Add the amounts in the far right column for lines 7 through 21. This is your total income ▶ | 22 | 35,671 |

## Adjusted Gross Income

| | | | |
|---|---|---|---|
| 23 | Educator expenses (see page 29) | 23 | |
| 24 | Certain business expenses of reservists, performing artists, and fee-basis government officials. Attach Form 2106 or 2106-EZ | 24 | |
| 25 | Health savings account deduction. Attach Form 8889 | 25 | |
| 26 | Moving expenses. Attach Form 3903 · · · · · · · | 26 | |
| 27 | One-half of self-employment tax. Attach Schedule SE · · | 27 | |
| 28 | Self-employed SEP, SIMPLE, and qualified plans · · | 28 | |
| 29 | Self-employed health insurance deduction (see page 30) · · | 29 | |
| 30 | Penalty on early withdrawal of savings · · · · · · | 30 | |
| 31a | Alimony paid b Recipient's SSN ▶ | 31a | |
| 32 | IRA deduction (see page 31) · · · · · · | 32 | |
| 33 | Student loan interest deduction (see page 33) · · · · | 33 | |
| 34 | Tuition and fees deduction (see page 34) · · · · · | 34 | |
| 35 | Domestic production activities deduction. Attach Form 8903 | 35 | |
| 36 | Add lines 23 through 31a and 32 through 35 · · · · | 36 | |
| 37 | Subtract line 36 from line 22. This is your **adjusted gross income** ▶ | 37 | 35,671 |

For Disclosure, Privacy Act, and Paperwork Reduction Act Notice, see page 78. EEA

Form **1040** (2005)

| | | | | |
|---|---|---|---|---|
| **Tax and Credits** | 38 | Amount from line 37 (adjusted gross income) | 38 | 35,671 |

| | | | |
|---|---|---|---|
| 39a | Check if: { You were born before January 2, 1941, ☐ Blind. Spouse was born before January 2, 1941, ☐ Blind. } Total boxes checked ▶ 39a | | |

**Standard Deduction for—**

- People who checked any box on line 39a or 39b or who can be claimed as a dependent, see page 36.
- All others:

Single or Married filing separately, $5,000

Married filing jointly or Qualifying widow(er), $10,000

Head of household, $7,300

| | | | |
|---|---|---|---|
| b | If your spouse itemizes on a separate return or you were a dual-status alien, see pg 35 & check here ▶ 39b ☐ | | |
| 40 | Itemized deductions (from Schedule A) or your standard deduction (see left margin) | 40 | 8,063 |
| 41 | Subtract line 40 from line 38 | 41 | 27,608 |
| 42 | If line 38 is over $109,475, or you provided housing to a person displaced by Hurricane Katrina, see page 37. Otherwise, multiply $3,200 by the total number of exemptions claimed on line 6d | 42 | 12,800 |
| 43 | Taxable income. Subtract line 42 from line 41. If line 42 is more than line 41, enter -0- | 43 | 14,808 |
| 44 | Tax (see page 37). Check if any tax is from: a ☐ Form(s) 8814 b ☐ Form 4972 | 44 | 1,701 |
| 45 | Alternative minimum tax (see page 39). Attach Form 6251 | 45 | |
| 46 | Add lines 44 and 45 ▶ | 46 | 1,701 |
| 47 | Foreign tax credit. Attach Form 1116 if required | 47 | |
| 48 | Credit for child and dependent care expenses. Attach Form 2441 | 48 | 720 |
| 49 | Credit for the elderly or the disabled. Attach Schedule R | 49 | |
| 50 | Education credits. Attach Form 8863 | 50 | |
| 51 | Retirement savings contributions credit. Attach Form 8880 | 51 | 117 |
| 52 | Child tax credit (see page 41). Attach Form 8901 if required | 52 | 864 |
| 53 | Adoption credit. Attach Form 8839 | 53 | |
| 54 | Credits from: a ☐ Form 8396 b ☐ Form 8859 | 54 | |
| 55 | Other credits. Check applicable box(es): a ☐ Form 3800 b ☐ Form 8801 c ☐ Form ___ | 55 | |
| 56 | Add lines 47 through 55. These are your total credits | 56 | 1,701 |
| 57 | Subtract line 56 from line 46. If line 56 is more than line 46, enter -0- ▶ | 57 | 0 |

| **Other Taxes** | | | | |
|---|---|---|---|---|
| | 58 | Self-employment tax. Attach Schedule SE | 58 | |
| | 59 | Social security and Medicare tax on tip income not reported to employer. Attach Form 4137 | 59 | |
| | 60 | Additional tax on IRAs, other qualified retirement plans, etc. Attach Form 5329 if required | 60 | |
| | 61 | Advance earned income credit payments from Form(s) W-2 | 61 | |
| | 62 | Household employment taxes. Attach Schedule H | 62 | |
| | 63 | Add lines 57 through 62. This is your total tax ▶ | 63 | 0 |

| **Payments** | | | | |
|---|---|---|---|---|
| If you have a qualifying child, attach Schedule EIC. | 64 | Federal income tax withheld from Forms W-2 and 1099 | 64 | 2,306 |
| | 65 | 2005 estimated tax payments and amount applied from 2004 return | 65 | |
| | 66a | Earned income credit (EIC) | 66a | |
| | b | Nontaxable combat pay election ▶ 66b | | |
| | 67 | Excess social security and tier 1 RRTA tax withheld (see page 59) | 67 | |
| | 68 | Additional child tax credit. Attach Form 8812 | 68 | 1,136 |
| | 69 | Amount paid with request for extension to file (see page 59) | 69 | |
| | 70 | Payments from: a ☐ Form 2439 b ☐ Form 4136 c ☐ Form 8885 | 70 | |
| | 71 | Add lines 64, 65, 66a, and 67 through 70. These are your total payments ▶ | 71 | 3,442 |

| **Refund** | | | | |
|---|---|---|---|---|
| Direct deposit? See page 59 and fill in 73b, 73c, and 73d. | 72 | If line 71 is more than line 63, subtract line 63 from line 71. This is the amount you overpaid | 72 | 3,442 |
| | 73a | Amount of line 72 you want refunded to you ▶ | 73a | 3,442 |
| | b | Routing number 0 4 4 0 0 0 3 7 ▶ c Type: ☒ Checking ☐ Savings | | |
| | d | Account number R A L 0 4 X X X 0 5 9 7 4 7 2 7 4 | | |
| | 74 | Amount of line 72 you want applied to your 2006 estimated tax ▶ 74 | | |

| **Amount You Owe** | | | | |
|---|---|---|---|---|
| | 75 | Amount you owe. Subtract line 71 from line 63. For details on how to pay, see page 60 ▶ | 75 | |
| | 76 | Estimated tax penalty (see page 60) 76 | | |

| **Third Party Designee** | Do you want to allow another person to discuss this return with the IRS (see page 61)? ☐ Yes. Complete the following. ☒ No | | |
|---|---|---|---|
| | Designee's name ▶ | Phone no. ▶ | Personal identification number (PIN) ▶ |

**Sign Here**

Joint return? See page 17.

Keep a copy for your records.

Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

| Your signature | Date | Your occupation | Daytime phone number |
|---|---|---|---|
| 3343 | 04-07-2006 | SECRETARY | |
| Spouse's signature. If a joint return, both must sign. | Date | Spouse's occupation | 347-275-2119 |

**Paid Preparer's Use Only**

| Preparer's signature ▶ | Date | Check if self-employed ☐ | Preparer's SSN or PTIN |
|---|---|---|---|
| william minier | 04-12-2006 | | 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 |
| Firm's name (or yours if self-employed), address, and ZIP code ▶ | willkayra multiservice | EIN | 01-0771179 |
| | 1/732 amsterdam avenue New York NY 10031 | Phone no. | 212-234-4850 |

EEA

**SCHEDULES A&B**
**(Form 1040)**

Department of the Treasury
Internal Revenue Service (99)

**Schedule A - Itemized Deductions**

OMB No. 1545-0074

**2005**

Attachment
Sequence No. 07

▶ Attach to Form 1040. ▶ See Instructions for Schedules A & B (Form 1040).

Name(s) shown on Form 1040

**GLORIA RODRIGUEZ**

Your social security number

**059 - 74 - 7274**

| | | | | |
|---|---|---|---|---|
| **Medical and Dental Expenses** | Caution. Do not include expenses reimbursed or paid by others. | | | |
| | 1 Medical and dental expenses (see page A-2) | 1 | 1,823 | |
| | 2 Enter amount from Form 1040, line 38 | 2 | 35,671 | |
| | 3 Multiply line 2 by 7.5% (.075) | 3 | 2,675 | |
| | 4 Subtract line 3 from line 1. If line 3 is more than line 1, enter -0- | | **4** | 0 |
| **Taxes You Paid**<br><br>(See page A-2.) | 5 State and local (check only one box):<br> a [X] Income taxes, or<br> b [ ] General sales taxes (see page A-3) | 5 | 4,476 | |
| | 6 Real estate taxes (see page A-5) | 6 | | |
| | 7 Personal property taxes | 7 | | |
| | 8 Other taxes. List type and amount ▶ | 8 | | |
| | 9 Add lines 5 through 8 | | **9** | 4,476 |
| **Interest You Paid**<br><br>(See page A-5.)<br><br>Note. Personal interest is not deductible. | 10 Home mortgage interest and points reported to you on Form 1098 | 10 | | |
| | 11 Home mortgage interest not reported to you on Form 1098. If paid to the person from whom you bought the home, see page A-6 and show that person's name, identifying no., and address ▶ | 11 | | |
| | 12 Points not reported to you on Form 1098. See page A-6 for special rules | 12 | | |
| | 13 Investment interest. Attach Form 4952 if required. (See page A-6.) | 13 | | |
| | 14 Add lines 10 through 13 | | **14** | |
| **Gifts to Charity**<br><br>If you made a gift and got a benefit for it, see page A-7. | 15a Total gifts by cash or check. If you made any gift of $250 or more, see page A-7 | 15a | 200 | |
| | b Gifts by cash or check after August 27, 2005, that you elect to treat as qualified contributions (see page A-7) | 15b | | |
| | 16 Other than by cash or check. If any gift of $250 or more, see page A-7. You must attach Form 8283 if over $500 | 16 | | |
| | 17 Carryover from prior year | 17 | | |
| | 18 Add lines 15a, 16, and 17 | | **18** | 200 |
| **Casualty and Theft Losses** | 19 Casualty or theft loss(es). Attach Form 4684. (See page A-8.) | | **19** | |
| **Job Expenses and Certain Miscellaneous Deductions**<br><br>(See page A-8.) | 20 Unreimbursed employee expenses - job travel, union dues, job education, etc. Attach Form 2106 or 2106-EZ if required. (See page A-8.) ▶<br>JOB EXPENSES 3,900 | 20 | 3,900 | |
| | 21 Tax preparation fees | 21 | 100 | |
| | 22 Other expenses - investment, safe deposit box, etc. List type and amount ▶<br>TRANSPORTATION 100 | 22 | 100 | |
| | 23 Add lines 20 through 22 | 23 | 4,100 | |
| | 24 Enter amount from Form 1040, line 38 | 24 | 35,671 | |
| | 25 Multiply line 24 by 2% (.02) | 25 | 713 | |
| | 26 Subtract line 25 from line 23. If line 25 is more than line 23, enter -0- | | **26** | 3,387 |
| **Other Miscellaneous Deductions** | 27 Other - from list on page A-9. List type and amount ▶ | | **27** | |
| **Total Itemized Deductions** | 28 Is Form 1040, line 38, over $145,950 (over $72,975 if married filing separately)?<br>[X] No. Your deduction is not limited. Add the amounts in the far right column for lines 4 through 27. Also, enter this amount on Form 1040, line 40.<br>[ ] Yes. Your deduction may be limited. See page A-9 for the amount to enter. | | **28** | 8,063 |
| | 29 If you elect to itemize deductions even though they are less than your standard deduction, check here ▶ [ ] | | | |

For Paperwork Reduction Act Notice, see Form 1040 Instructions.

3

| Form **2441** | **Child and Dependent Care Expenses** | OMB No. 1545-0074 |
|---|---|---|

Department of the Treasury
Internal Revenue Service (99)

▶ Attach to Form 1040.
▶ See separate instructions.

**2005**

Attachment
Sequence No. **21**

Name(s) shown on Form 1040

GLORIA RODRIGUEZ

Your social security number

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

Before you begin: You need to understand the following terms. See **Definitions** on page 1 of the instructions.

- Dependent Care Benefits
- Qualifying Person(s)
- Qualified Expenses

**Part I** — **Persons or Organizations Who Provided the Care -** You must complete this part.
(If you need more space, use the bottom of page 2.)

| 1 | (a) Care provider's name | (b) Address (number, street, apt. no., city, state, and ZIP code) | (c) Identifying number (SSN or EIN) | (d) Amount paid (see instructions) |
|---|---|---|---|---|
| | OFEDIA N REYES | 550 WEST 125 ST APT 181 NEW YORK, NY | 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 | 4,300 |

Did you receive dependent care benefits?

No ▶ Complete only Part II below.

Yes ▶ Complete Part III on page 2 next.

**Caution.** If the care was provided in your home, you may owe employment taxes. See the instructions for Form 1040, line 62.

**Part II** — **Credit for Child and Dependent Care Expenses**

2 Information about your qualifying person(s). If you have more than two qualifying persons, see the instructions.

| (a) Qualifying person's name | | (b) Qualifying person's social security number | (c) Qualified expenses you incurred and paid in 2005 for the person listed in column (a) |
|---|---|---|---|
| First | Last | | |
| ROBERT | RIOS | 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 | 4,300 |

| | | | |
|---|---|---|---|
| 3 | Add the amounts in column (c) of line 2. Do not enter more than $3,000 for one qualifying person or $6,000 for two or more persons. If you completed Part III, enter the amount from line 32 | 3 | 3,000 |
| 4 | Enter your earned income. See instructions | 4 | 35,671 |
| 5 | If married filing jointly, enter your spouse's earned income (if your spouse was a student or was disabled, see the instructions); **all others**, enter the amount from line 4 | 5 | 35,671 |
| 6 | Enter the **smallest** of line 3, 4, or 5 | 6 | 3,000 |
| 7 | Enter the amount from Form 1040, line 38 • • • • • • • 7 | 35,671 | |

8 Enter on line 8 the decimal amount shown below that applies to the amount on line 7

| If line 7 is: | | | If line 7 is: | | |
|---|---|---|---|---|---|
| Over | But not over | Decimal amount is | Over | But not over | Decimal amount is |
| $0 - | 15,000 | .35 | $29,000 - | 31,000 | .27 |
| 15,000 - | 17,000 | .34 | 31,000 - | 33,000 | .26 |
| 17,000 - | 19,000 | .33 | 33,000 - | 35,000 | .25 |
| 19,000 - | 21,000 | .32 | 35,000 - | 37,000 | .24 |
| 21,000 - | 23,000 | .31 | 37,000 - | 39,000 | .23 |
| 23,000 - | 25,000 | .30 | 39,000 - | 41,000 | .22 |
| 25,000 - | 27,000 | .29 | 41,000 - | 43,000 | .21 |
| 27,000 - | 29,000 | .28 | 43,000 - | No limit | .20 |

| | | | |
|---|---|---|---|
| 8 | | 8 | X. 24 |
| 9 | Multiply line 6 by the decimal amount on line 8. If you paid 2004 expenses in 2005, see the instructions | 9 | 720 |
| 10 | Enter the amount from Form 1040, line 46, minus any amount on Form 1040, line 47 | 10 | 1,701 |
| 11 | **Credit for child and dependent care expenses.** Enter the **smaller** of line 9 or line 10 here and on Form 1040, line 48 | 11 | 720 |

For Paperwork Reduction Act Notice, see page 4 of the instructions.

EEA

Form **2441** (2005)

Form **8812**

Department of the Treasury
Internal Revenue Service (99)

# Additional Child Tax Credit

Complete and attach to Form 1040 or Form 1040A.

OMB No. 1545-0074

**2005**

Attachment
Sequence No. **47**

Name(s) shown on return

GLORIA RODRIGUEZ

Your social security number

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

## Part I    All Filers

| | | | |
|---|---|---|---|
| 1 | Enter the amount from line 1 of your Child Tax Credit Worksheet on page 42 of the Form 1040 instructions or page 39 of the Form 1040A instructions. If you used Pub. 972, enter the amount from line 8 of the worksheet on page 4 of the publication · · · · · · · · · · · · · · · · | **1** | 2,000 |
| 2 | Enter the amount from Form 1040, line 52, or Form 1040A, line 33 · · · · · · · · · · · | **2** | 864 |
| 3 | Subtract line 2 from line 1. If zero, **stop**; you cannot take this credit · · · · · · · | **3** | 1,136 |

4 a   Earned income (see the instructions). If your main home was in the
Hurricane Katrina disaster area on August 25, 2005, and you are electing to
use your 2004 earned income, check here ▶ ☐

| | | | |
|---|---|---|---|
| | **4a** | 35,671 | |

  b   Nontaxable combat pay (see the instructions) · · ☐ | **4b** |

5   Is the amount on line 4a more than $11,000?

☐ **No.**   Leave line 5 blank and enter -0- on line 6.

☒ **Yes.**   Subtract $11,000 from the amount on line 4a. Enter the result · · · · | **5** | 24,671 |

| | | | |
|---|---|---|---|
| 6 | Multiply the amount on line 5 by 15% (.15) and enter the result · · · · · · · · · · | **6** | 3,701 |

**Next.** Do you have three or more qualifying children?

☒ **No.**   If line 6 is zero, **stop**; you cannot take this credit. Otherwise, skip Part II and enter the
**smaller** of line 3 or line 6 on line 13.

☐ **Yes.**   If line 6 is equal to or more than line 3, skip Part II and enter the amount from line 3 on
line 13. Otherwise, go to line 7.

## Part II    Certain Filers Who Have Three or More Qualifying Children

| | | | |
|---|---|---|---|
| 7 | Withheld social security and Medicare taxes from Form(s) W-2, boxes 4 and 6. If married filing jointly, include your spouse's amounts with yours. If you worked for a railroad, see the instructions · · · · · · · · · · | **7** | |
| 8 | 1040 filers:    Enter the total of the amounts from Form 1040, lines 27 and 59, plus any uncollected social security and Medicare or tier 1 RRTA taxes included on line 63. ▶     1040A filers:    Enter -0-. | **8** | |
| 9 | Add lines 7 and 8 · · · · · · · · · · | **9** | |
| 10 | 1040 filers:    Enter the total of the amounts from Form 1040, lines 66a and 67.     1040A filers:    Enter the total of the amount from Form 1040A, line 41a, plus any excess social security and tier 1 RRTA taxes withheld that you entered to the left of line 43 (see the instructions). ▶ | **10** | |
| 11 | Subtract line 10 from line 9. If zero or less, enter -0- · · · · · · · · · · · | **11** | |
| 12 | Enter the larger of line 6 or line 11 · · · · · · · · · · · | **12** | |

**Next,** enter the **smaller** of line 3 or line 12 on line 13.

## Part III    Additional Child Tax Credit

| | | | |
|---|---|---|---|
| 13 | **This is your additional child tax credit** · · · · · · · · · · · · · · · · · | **13** | 1,136 |

Enter this amount on
Form 1040, line 68, or
Form 1040A, line 42.

For Paperwork Reduction Act Notice, see instructions.

EEA

Form **8812** (2005)

5

# EXHIBIT K

# PS 111 SETON FALLS

JULIA RIVERS-JONES, PRINCIPAL
3740 BAYCHESTER AVENUE BRONX, NY, 10466
PHONE: 718-881-2418

DOE Home Page > Our Schools > Region 2 > X111 > Statistics

## X111

**About Us**

Overview

Photo Album

Policies & Regulations

Schedules

Statistics

Maps & Directions

**News & Information**

Events

Links

News and Announcements

**Academics & Activities**

Admissions and Graduation
Requirements

Athletics & Fitness

**Parents**

Parent Support

**Students**

Student Support

**Departments**

Faculty

**Find a School**

Zip Code

OR

School Name or Number

aspire            GO

Advanced Search

## Expenditures

| This School | |
|---|---|
| Total Dollars Spent at this School | $13,463,557 |
| Total Per Student Cost in this School | $15,971 |
| Total Per Student Spending for General Ed Students | $12,626 |
| Total Per Student Spending for Special Ed Students | $36,524 |
| Per Student Spending on Classroom Teacher Salaries | $7,044 |
| Per Student Spending on Summer and After School Programs | $274 |
| Per Student Spending on Professional Development | $493 |

| Entire System | |
|---|---|
| Total Per Student Cost For Entire System | $12,459 |
| Total Per Student Spending for General Ed Students | $10,586 |
| Total Per Student Spending for Special Ed Students | $34,816 |
| Per Student Spending on Classroom Teacher Salaries | $5,140 |
| Per Student Spending on Summer and After School Programs | $386 |
| Per Student Spending on Professional Development | $358 |

Last refreshed on: May 2005
Data refresh: Yearly
Data For: 2003-2004
Data provided by:Office of Financial and Management Reporting.
Why do per pupil costs vary?
More Information.

# EXHIBIT L

**NOTICE WITH PETITION**

IN THE MATTER OF THE APPEAL OF,

The Board of Education of the
City School District of the City
of New York

Petitioner,

-against-

From a Hearing Officer's
Finding Fact and Decision in the
matter of Robert Rios, by
his parent, Gloria Rodriguez

Respondent

**NOTICE:**

You are hereby required to appear in this review and to answer the allegations contained
in this petition. Your answer must conform with the provisions of the Regulations of the
Commissioner of Education relating to reviews of this nature, copies of which are
available from the Office of State Review, 80 Wolf Road, Suite 203, Albany, NY 12205-
2643.

If an answer is not served and filed in accordance with the provisions of such regulations,
the statements contained in the petition will be deemed to be true statements, and a
decision will be rendered thereon by the State Review Officer of the State Education
Department.

Please take notice that such regulations require that an answer to the petition must be
served upon the petitioner, or if petitioner is represented by counsel, upon such counsel,
within ten days after the service of the petition for review, and that a copy of such answer
must, within two days after such service, be filed with the Office of State Review, 80
Wolf Road, Suite 203, Albany, NY 12205-2643.

Dated: November 27, 2006

STATE REVIEW OFFICER
NEW YORK STATE EDUCATION DEPARTMENT
-----------------------------------------------------------------------X
In the Matter of the Appeal of

THE BOARD OF EDUCATION OF THE CITY
SCHOOL DISTRICT OF THE CITY OF NEW YORK

                            Petitioner,

                                                **VERIFIED PETITION**

From a Hearing Officer's Finding of Fact
And Decision in the matter of

ROBERT RIOS, by his parent, Gloria Rodriguez

                            Respondents,
-----------------------------------------------------------------------X

Petitioner, by its attorney, Michael Cardozo, Corporation Counsel, and Michael Best, Special Assistant Corporation Counsel, (Vida M. Alvy, of Counsel), hereby appeals the Hearing Officer's Finding of Fact and Decision in the above-referenced matter for the reasons stated below.

## AS AND FOR A STATEMENT OF PERTINENT AND MATERIAL FACTS, PETITIONER RESPECTFULLY ALLEGES:

1.      Petitioner, the Board of Education of the City School District of the City of New York, is a municipal corporation, created pursuant to the Article 52–A of the New York State Education Law.  N.Y. Educ. Law §§ 2590 et. seq. (McKinney 2006).

2.      Petitioner, in accordance with the Individuals with Disabilities Act ("IDEA") and Article 89 of the New York State Education Law ("Article 89"), is responsible for providing a free and appropriate public education to New York City resident students, between the ages of 3 and 21, who have been classified as children with

disabilities in need of special education services.  20 U.S.C. §§ 4401 et. seq. (McKinney 1995).

## The Initial Impartial Hearing Request

3.      This Proceeding commenced pursuant to an impartial hearing request filed August 18, 2006, by Warren Sinsheimer, Attorney for Legal Services for Children, on behalf of Robert Rios, claiming that the New York City Department of Education ("DOE"), failed to offer Robert a Free and Appropriate Public Education.

4.      As a remedy, counsel requested the prospective funding of tuition for Winston Preparatory ("Winston") school for the 2006- 2007 school year, claiming that Winston offers an appropriate setting for Robert.

## The Impartial Hearing

5.      Robert R. is an 11 year old boy classified as speech and language impaired since kindergarten and most recently pursuant to an October 7, 2005 IEP.  T. 8, 9, 18; Exhibit 1, 3[1].

6.      A September 2005 Psycho-educational evaluation revealed that he spoke in a very low volume but made significant progress in all aspects of reading, including comprehension and decoding. His oral language and auditory comprehension was found to be below expected levels. Exhibit 3.

7.      His most recent IEP mandated that he receive speech and language therapy two times a week for 30 minutes in a group of two and counseling one time a week for 30 minutes in a group of three. Exhibit 1.

---

[1] All references to the Transcript and Exhibits are to the record of the Impartial Hearing dated 10/4/06. Citations preceded by the letter "T" refer to the page of the hearing transcript.

8.     The New York City Department of Education (DOE) did not offer Robert a free and appropriate education for the 2006-2007 school year. T. 4.

9.     Robert completed the fifth grade at P.S. 96, in June 2006 where he attended a 12:1 class. T. 11-13.

10.    Prior to the end of the 2005-2006 school year Robert's mother expressed concerns to his public school teacher, Mr. Velez, about his transition to sixth grade. T. 13, 14.

11.    According to Ms. Rodriguez, Mr. Velez suggested to her that Robert may be recommended to a general education class for the following year and that she should apply to a charter school on Robert's behalf at P.S. 175. T. 11

12.    Ms. Rodriguez did not pursue the charter school, but instead sought a private school placement. T. 11.

13.    Robert interviewed at Winston, a private school for special education students in June 2006, was accepted and is currently enrolled since the beginning of the 2006-2007 School Year. T. 12, 14, 20, 24, 35

14.    According to Ms. Rodriguez, Robert is much happier at Winston because Robert reports, "the classes are easy." T. 14.

15.    Ms. Rodriguez testified that Robert no longer has "problems with homework," and is no longer frustrated by school. T. 15, 19.

16.    Ms. Rodriguez testified that Robert reports that at Winston, the teachers take time to explain things and there are only seven or eight students in the class. T. 20.

17.    With respect to Robert's program, Ms. Rodriguez claimed that he receives speech and language therapy during first period in his "Focus" class. T. 21.

18.    Parent's witness Beth Sugarman, a Speech and Language Pathologist and Winston's Director of Operations and Educational Research, testified to the contrary that Robert does not receive speech and language therapy at Winston. T. 33, 47

19.    Ms. Rodriguez testified that his teachers always keep in touch, although she reported that by the date of the hearing, October 4, 2006, she only had two conversations with his Focus teacher, and no tests had been administered. T. 21, 22.

20.    Ms. Rodriguez stated that Robert's Focus teacher reported that he is adjusting to school and is "comfortable" in the classroom. T. 22.

21.    Ms. Rodriguez cannot afford the $38,750 tuition at Winston Prep on her salary of $35, 000. Exhibit 4; T. 15, 27.

22.    Ms. Rodriguez submitted an unexecuted "enrollment agreement" purporting to be the contract between her and Winston. Exhibit 4; T. 28.

23.    Ms. Rodriguez testified that although she cannot afford the tuition at Winston she has not applied for a loan, but that the first tuition installment was paid by a "bridge loan," that she could not explain. T. 29, 31.

24.    Although Ms. Rodriguez testified that she could not afford to pay the second tuition installment, she testified that school officials told her "just don't worry about it." T. 31.

25.    Ms. Sugarman, testified that Winston is a school exclusively for learning disabled students, although not state approved, where all the teachers are certified in special education. T. 33, 36, 39.

26.     As part of her duties, Ms. Sugarman groups the students homogeneously and tests incoming students, although she never tested Robert as he came to Winston with recent DOE testing from 2005. T. 33, 42.

27.     According to Ms. Sugarman, Winston's admissions director gave Robert the Test of Written Language, obtaining a writing sample, which he had difficulty with. T. 42.

28.     Ms. Sugarman testified that Robert's admission to Winston was based upon his non-verbal learning disorder and difficulty with comprehension and vocabulary. T. 34, 42.

29.     She was not aware that Robert had been mandated previously to receive speech and language therapy. T. 47-48.

30.     Generally speaking, in order to address student's delays each student at Winston receives one-to-one remediation based upon their specific learning profile in a skill based program known as the "Focus Program." T. 37.

31.     To address language delays, teachers break information down into visual presentations as well as auditory presentations with a tremendous amount of repetition. T. 40.

32.     With respect to Robert, his Focus instructor is a reading specialist who meets with him every day for 45 minutes and targets vocabulary skills, comprehension skills, based upon his strengths and weaknesses. T. 38

33.     According to Ms. Sugarman, Robert's Focus teacher reported that Robert is in a class with twelve students and requires a lot of repetition and information to be presented slowly and broken down for him on a consistent basis. T. 38-39.

34.    Robert has deficits in his decoding skills that impact his comprehension, written language and word problems in mathematics. T. 40.

35.    In order to address his deficits his teacher uses the Wilson Program and the Preventing to Academic Failure Program.  T. 41.

36.    Robert's teacher for three periods a day reports that he is getting comfortable in his class and needs a lot of repetition in order to understand information and that they are working on vocabulary and comprehension. T. 36.

37.    Ms. Sugarman testified that she observed Robert once in his "Focus" class, but did not testify to what her observation revealed. T. 44.

38.    Although Robert had been previously mandated to receive speech and language therapy, and although Winston has "about a dozen" speech and language therapists, Ms. Sugarman testified that because Winston is not a state school it is not required to provide that service. T. 46, 47-49.

39.    Rather, Robert sees a reading specialist based upon Winston's understanding of his needs. T. 47-48.

40.    Ms. Sugarman suggested that Robert could receive speech and language therapy through an independent provider. T. 48.

41.    Ms. Sugarman concluded that Winston is an appropriate school for Robert. T. 35.

42.    Ms. Sugarman was not aware of the financial arrangements between the school and Ms. Rodriguez. T. 45.

## The Decision and Order Below

43.    In its factual findings, the hearing officer found that in 2005 Robert was evaluated as part of a DOE triennial evaluation and had made significant progress in reading comprehension and decoding, but spoke in low volume and was classified as speech and language impaired. Decision at 3.

44.    The hearing officer noted that Robert was mandated to receive speech and language therapy and counseling on his most recent IEP. Id.

45.    The hearing officer found that no IEP meeting was held for Robert in the spring and summer of 2006 to determine a proper placement for him, and the parent unilaterally placed Robert in a non-approved private school for which she seeks prospective funding. Decision at 4.

46.    The hearing officer observed that the parent had only two conversations with Robert's teachers since his placement there in September and that the teachers have not advised her of his academic achievements. Id.

47.    Further, the hearing officer noted that Ms. Sugarman testified that Winston is an appropriate place for Robert, but based that determination on one observation of the child, and conversations with two teachers, one of whom stated that Robert "needs a lot of repetition and information to be presented slowly and broken down on a consistent basis." Decision at 5

48.    The hearing officer noted that although Robert's IEP mandates speech and language therapy, and although Winston has twelve speech and language therapists on staff, he is not currently receiving any such therapy as part of his program. Id.

49.    In its conclusions of law, the hearing officer held that the parent bore the burden of establishing that they are entitled to the remedy they seek pursuant to Schaffer v. West, 546 U.S. _____ (2005). Id.

50.    The IHO noted that the DOE conceded that it did not offer the child FAPE for the 2006-2007 school year. However, the DOE contended that the parent's placement was inappropriate. Decision at 6.

51.    The hearing officer found the parent bore the burden to establish that Winston was an appropriate placement. Id.

52.    In that respect, the IHO held, citing School Committee of the Town of Burlington v. Department of Education, 471 U.S. 359, 370 (1985), that the parent must show that Winston is a place that meets the child's special education needs. Id.

53.    The IHO held that although the parent need not show that the placement furnishes every service necessary to maximize the child's potential, they must demonstrate that the placement is designed to meet the needs of the handicapped child. Id.

54.    Only if the Burlington prerequisites are found can the parent receive prospective relief, citing Connors v. Mills, 34 F.Supp. 2d 795 (NDNY 1998). Decision at 7.

55.    The hearing officer concluded that the parent failed to show, on the evidence presented, that the placement she has chosen is appropriate. Id.

56.    In that regard, the hearing officer found that the parent was unable to demonstrate that the child made any tangible progress at Winston during the first month

9

of school, noting that she had not receive any reports of academic progress from his teachers. Id.

57.     Critically, the hearing officer noted that the parent offered no documentary evidence and testimony from his teachers about the child's progress. This is "undoubtedly due to the fact that he has not been in the placement long enough to make such an assessment." Id.

58.     Moreover, the hearing officer found that Ms. Sugarman did not provide any meaningful testimony regarding Robert's academic progress at Winston and that her "conclusory" statement that she was convinced that "Winston is appropriate is not persuasive at this time." Id.

59.     The IHO held that the child had received speech and language therapy since pre-school and that it was "abundantly clear that a primary educational need of the child as [sic] been and continues to be speech and language therapy." Decision at 8.

60.     Thus, the failure to provide such therapy, while not controlling, was significant in the determination that the program at Winston is not appropriate.    Id.

61.     Finally, the hearing officer denied Connors relief, but held that:

> Such denial is, of course, without prejudice and may be renewed after the child has been at Winston for a longer period of time when the parent may be in a better position to present evidence that Winston is providing the child with the educational benefits and is thus, appropriate for the child.

Decision at 8-9.

## The Second Impartial Hearing Request

62.     Four days after the decision below was rendered, Parent's attorney, Mr. Sinsheimer filed a second request for the 2006-2007 school year ("SY") and refiled the

parent's claim. Referencing the IHO decision, the new request stated that the parent is now "prepared to sustain the burden of showing that [Winston] has been providing educational benefit to Robert." Appendix I.[2]

## PETITIONER RESPECTFULLY ALLEGES:

### Where Parent, Represented by Counsel, had an Opportunity for a Full and Fair Hearing and Failed to Sustain its Burden of Proof, the Hearing Officer Erred by Rendering a Decision on the Merits and Dismissing the Matter Without Prejudice for the Parent to Refile the Petition

63.    Petitioner DOE, aggrieved by the decision below which dismissed, without prejudice, the parent's claim on the merits because the parent failed to sustain its burden, respectfully appeals and requests that the State Review Officer vacate that part of the order below which permitted the parent to refile its claim and caused the DOE to defend the parent's claim for the 2006-2007 SY a second time.

64.    A dismissal without prejudice generally signifies there has been no decision on the merits.

> In the context of voluntary dismissals, the phrase "without prejudice" means that the dismissal has been taken with no decision on the merits of the case and, therefore, without prejudice to refiling. Such a dismissal permits the complainant to sue again on the same cause of action....

24 Am Jur 2d Dismissal, Discontinuance and Nonsuit § 2.

65.    Conversely, a dismissal with prejudice indicates an adjudication on the merits. For instance, in Wakefield v. Northern Telecom, Inc., 769 F.2d 109 (2d Cir. 1985), the Second Circuit held that plaintiff's motion to withdraw one of its claims without prejudice made on the sixth day of an eight day trial, should have been granted

---

[2] Appended as an exhibit is the October 27, 2006, Impartial Hearing Request, which was not available prior to the decision in this matter. Accordingly, Petitioner respectfully requests that this exhibit be included in the record on appeal.

with prejudice because the plaintiff should only be granted one opportunity to prove his case. See Grass v. Citibank, N.A., 90 F.R.D. 79, 80 (S.D.N.Y. 1981) (motion to dismiss without prejudice granted with prejudice where claim had been fully litigated). See also Heelan, Jr. v. Goord, Commissioner of the NYS Dept of Correctional Services, 2006 U.S. Dist. Lexis 55846 (N.D.N.Y. 2006) (in dicta, court noted that plaintiff's prior civil rights action dismissed "without prejudice" signified that Court had not issued a decision on the merits.).

## The Hearing Officer Correctly Found that the Parent did not Sustain its Burden

66.    The hearing officer below however, issued a decision on the merits and held that the Parent failed to meet its evidentiary burden and denied prospective funding, yet contrary to settled jurisprudence, dismissed the matter *without prejudice* to permit the parent to refile the claim.

67.    Thus, Mr. Sinsheimer, an experienced counsel who brought this petition at the time of his choosing, was permitted to return several days after the decision was rendered to relitigate the claim.[3]

68.    The decision below prejudices the DOE and renders it an aggrieved party because the decision runs afoul of: 1) the well settled significance of the term "without prejudice;" 2) the finality provisions of the IDEA; 3) res judicata principles and; 4) crucial policy considerations caused by litigation of the same claim in two separate forums. Finally, the decision forces the DOE to relitigate the correctly decided tuition claim for the 2006-2007 SY and be exposed to considerable monetary risk.

---

[3] No novice, Counsel Warren Sinsheimer has been a member of the bar since 1950. See http://www.courts.state.ny.us/attorneys/

69.     Significantly, the hearing officer correctly recognized that the Parent bore the burden of proof on the issue of the appropriateness of the unilateral placement. <u>Application of a Child with a Disability</u>, Appeal No. 94-29; <u>Application of the Board of Ed. Of the Monroe-Woodbury CSD</u>, Appeal No. 93-43; <u>Application of a Child with a Disability</u>, Appeal No. 95-57.

70.     The hearing officer recognized that in establishing the appropriateness the parent must show that Winston offered a program that met Robert's special education needs. <u>School Committee of the Town of Burlington v. Department of Education, Massachusetts</u>, 471 U.S. 359 (1985); <u>Schaffer v. Weast</u>, 126 S. Ct. 528 (2005).

71.     The hearing officer correctly found after a full and fair hearing that the Parent failed to meet its evidentiary burden and failed to demonstrate that Winston was appropriate.

## Parent's Counsel Made Strategic Choices in Litigating the Claim

72.     Experienced counsel chose when and how to prosecute its claim, which witnesses to call and what documents to introduce. The evidence presented failed to demonstrate Robert's progress or academic achievements at Winston, failed to demonstrate that Robert received mandated speech and language therapy, failed to demonstrate how Robert's unique needs were being met and failed to demonstrate substantial evidence of staff observations or Robert's progress. T. 21, 22, 33, 42, 44, 47-49.

73.     Rather, the testimony disclosed only very generic descriptions of

13

how Robert's needs were being met at Winston.  T. 14, 15, 19, 21, 22, 37, 40, 41. Indeed, the parent reported that Robert is happier at Winston because "the classes are easy," certainly not a demonstration that Winston is providing educational benefit for Robert. T. 14.

74.     Accordingly, the record amply supported the hearing officer's factual findings and legal conclusions that the parent had not met its burden and failed to establish that Winston was appropriate.

75.     When a litigant fails to sustain its burden, the usual result is that the litigant loses the lawsuit. Thus, it is remarkable that parent's counsel should be rewarded for the paucity of evidence in support of its tuition claim and the DOE should be prejudiced for its efforts. Indeed, Parent's attorney chose to make the strategic decisions of when to file the claim for funding, who to present as witnesses and what to gather and present as evidence after investigation. If the claim failed, in the opinion of the hearing officer because the record was inadequate, that was a result of the strategic choices counsel made. In fact, it is well – settled that the strategic choices made by counsel are virtually unchallengeable and that such choices should not be subject to "second guessing." Strickland v. Washington, 466 U.S. 668, 689-690 (1984). Thus, it ill behooves the hearing officer below to give counsel another opportunity to litigate the parent's claim because its strategic choices were flawed. Moreover, the fact that now counsel claims: the parent is now **prepared** to sustain its burden (Exhibit I), suggests simply that counsel was unprepared previously and should not be given a windfall for his lack of preparation. The parent's remedy may very well be a malpractice action against counsel, but surely should not be another opportunity to make its claim.

14

76.     The hearing officer below found that as of the date of the hearing that the parent was unable to prove its case because Robert was not at Winston for a long enough period of time. Decision at 7. Four days later, counsel re-filed its claim. It cannot be seriously argued that in four days facts developed to such an extent that the parent would be able to suddenly sustain its burden. Moreover, this circumstance raises the issue of how many opportunities and how many times may a parent bring the same claim for relief. Could the same claim be brought in November and then again in December, ad infinitum?

## The Decision Below Violates Principles of Finality

77.     In addition to the renewed and duplicative litigation that the decision below generates, the decision violates the principle of finality that the parties are entitled to expect.

78.          Pursuant to the IDEA:

> Decision made in hearing. A decision made in a hearing conducted pursuant to subsection (f) or (k) shall be final, except that any party involved in such hearing may appeal such decision under the provisions of subsection (g) and paragraph (2).

20 U.S.C. § 1415 [I][1][A]. State regulations similarly provide that the decision of the impartial hearing officer shall be binding upon both parties unless appealed to the State review officer. 8 NYCRR § 200.5 (j) (5) (v).

79.          In Application of the Board of Education, Appeal No. 02-043, Petitioner Board challenged a hearing officer's decision to reopen a proceeding following the receipt of new information provided by the parents to extend the time limit for providing compensatory services previously awarded. The SRO reversed the hearing

officer and determined that to reopen a decision violates the finality provisions of federal and state law.

80.    Similarly here, the hearing officer's decision that the parent failed to sustain its burden should not be subject to reconsideration. Unless an appeal is taken, the parties should be able to rely upon the decision rendered as being the last word on the subject. "The finality provision is intended to assure that having gone through the hearing process, the parties receive a final decision, subject only to an appeal." Id. at 3. See Application of a Child With a Disability, 05-056  (where hearing for denial of FAPE for 2004-05 SY went forward without petitioner and was dismissed, with no allowance to refile, SRO held that hearing officer's decision was final and binding. )

81.    Certainly, in this matter, had the IHO determined that the proceeding was brought prematurely; she could have dismissed the proceeding without reaching the merits and permitted refiling at a later date. See  Application of a Child With a Disability, Appeal No. 05-072. However, the IHO chose to rule on the merits and render its decision.  Accordingly, such decision denying prospective funding based upon lack of evidence should have been a final determination in the matter.

82.    Moreover, a hearing officer is duty bound to ensure that there is an adequate record upon which to permit a meaningful review of the issues. 8 NYCRR § 200.5 (j) (5) (v) provides that:  "[t]he decision of the impartial hearing officer shall be based solely upon the record of the proceeding before the impartial hearing officer and shall set for the reasons and the factual basis for the determination.  Had the record been insufficient, that determination could have been rendered and the proceedings dismissed without a determination of the merits. However, the record at bar was sufficient to render

16

meaningful review. The fact that the parent could not sustain its burden is but a reflection of the lack of evidence presented by counsel because Winston is clearly inappropriate for Robert. The regulations do not contemplate a second bite at the apple.

## The Decision Below Violates Principles of Res Judicata

83.    The decision below does an end-run around the principles of res judicata.

84.    It is well settled, the doctrine of res judicata, or claim preclusion, holds that a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were, or could have been raised in a prior proceeding. Allen v. McCurry, 449 U.S. 90, 94 (1980); Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994); Application of a Child with a Disability, Appeal No. 04-061. The decision below ignores legal precedent and permits the parent to relitigate a claim for the 2006-2007 SY, which was decided on the merits and where the parent was given an opportunity to fully litigate the claim, represented by experienced counsel.

85.    The decision below is particularly prejudicial to the DOE because it permits the simultaneous consideration of the same claim in two separate forums. First, consideration of the appeal of the decision below and second, the consideration of the parent's second claim for funding of tuition at Winston brought by the refiling of the petition. Such a predicament permits a scenario in which the same claim, among the same parties for the same relief can result in two different decisions.

86.    Permitting numerous requests where the same issues are being litigated by the same parties is a circumstance which the State Review office has condemned in Application of a Child with a Disability, Appeal No. 04-061. Accordingly,

17

the decision below must be vacated because legal precedent and policy considerations render the decision flawed.

### There is No Evidence in this Record that Parent Owes a Debt to Winston

87.    Finally, to permit the refiling of the parent's claim is particularly egregious in this matter, where it was not even established at the initial hearing that the parent actually owed a debt to Winston.

88.    The testimony revealed that the parent was told "not to worry" about payment of the tuition. Accordingly, it may be presumed that Winston was prepared to fund a scholarship for Robert. Certainly, the evidence did not disclose that the parent was required to fund the tuition.

89.    A parent who receives a scholarship from a school offering a scholarship to a child is not entitled to reimbursement or prospective funding for the scholarship, because the parent is not obligated to reimburse the school for the amount of the scholarship. Applications of a Child with a Disability and of the Board of Education, Appeal Nos. 96-21 and 96-23; Application of the Board of Education, Appeal No. 97-12.

90.    Accordingly, the decision below should be vacated and an order issued dismissing the matter.

18

WHEREFORE, Petitioner DOE respectfully requests that the Office of State Review issue an order vacating the Decision dated October 23, 2006, insofar as it ordered the dismissal without prejudice and issue a decision dismissing the matter with prejudice.

Dated:     November 27, 2006
           New York, NY

Respectfully Submitted,

Michael Best
Special Assistant Corporation Counsel
Vida M. Alvy, of Counsel
New York City Department of
Education
Office of Legal Services
52 Chambers Street
Room 308
New York, NY 10007
917-339-1674

Warren J. Sinsheimer, Esq.
Attorney For Parent
Legal Services for Children
271 Madison Avenue
New York, NY 10016

19

# EXHIBIT I

# LEGAL
# SERVICES FOR
# CHILDREN, INC.

107 814

**VIA FACSIMILE**

October 27, 2006

Impartial Hearing Office
NYC Dept. of Education
131 Livingston Street
Brooklyn, New York 11201

     Re:    Robert Rios
             679 Waring Avenue Apt. 4H
             Bronx, NY 10467

             NYC ID# 268-366-903
             Region 2, District 11

## NOTICE OF APPEARANCE AND REQUEST FOR IMPARTIAL HEARING

Ladies and Gentlemen:

    Please be advised that Gloria Rodriguez has retained Legal Services for Children on behalf of her son, Robert Rios, to represent them at an impartial hearing. Please address all future correspondence to my attention.

### Impartial Hearing

    Robert Rios, has not been offered a FAPE for the 2006-2007 school year. The DOE's last IEP was issued on October 27, 2005. This IEP was defective in that legally required participants were not present at the CSE conference where the IEP was created. The October 27, 2005 IEP has classified Robert as Speech/Language Impaired. This is a change from his previous classification of Emotionally Disturbed, but there is no record of an evaluation being made as the basis for this change. The most recent IEP also incorrectly lists Robert as being in the fourth grade. Most important, Robert's minimal progress in his special education class demonstrates that his public school placement was inappropriate.

    Robert has been accepted at and now attends Winston Preparatory School, a private, special education school in Manhattan. Winston Preparatory School offers a structured program in a supportive setting that is appropriate for a student with Robert's disability.

On Wednesday October 4, 2006 an Impartial Hearing was held before Judith Kramer, Esq. which asked for a prepayment of tuition at Winston for the 2006-07 school year. The Region conceded that they failed to offer Robert a Free Appropriate Public Education but contested the fact that Winston Preparatory School was an appropriate placement for Robert.    On October 23, 2006 Hearing Officer Kramer issued Findings of Fact and Decision which denied "parents request for <u>Conners</u> tuition at this time". She continued: "... such denial is, of course, without prejudice and may be renewed after the child has been has been at Winston for a longer period of time when the parent may be in a better position to present evidence that Winston is providing the child with educational benefits".  Now that Robert has bee at Winston Preparatory School for two months Ms. Rodriguez is prepared to sustain the burden of showing that the school has been providing educational benefits to Robert.

Ms. Rodriguez requests the Hearing Officer to determine:

1. That the Department of Education has failed to offer Robert a Free Appropriate Public Education.
2. That Winston Preparatory School is an appropriate placement for Robert and that
3. Equitable considerations favor the parent.

As Ms. Rodriguez cannot afford to prepay the tuition at Winston, she requests the Hearing Officer to order the Department of Education to prepay the tuition for Robert.

As the tuition at Winston is overdue, Ms. Rodriguez requests an expedited hearing.

## Resolution Meeting

As this is a request for private school tuition payment and the Department will not have anyone present at the meeting who can bind the Comptroller of the City of New York who must agree to such payment, the Parent waives the Resolution Meeting and requests an immediate Impartial Hearing within the time limits established by the Regulations. In the event that a Resolution Meeting is required despite the Parent's wavier and failure of the Department to have a person present who can agree to the prepayment of tuition, please contact me.

I can be reached at (212) 683-7999, extension 222 to schedule the hearing.

Yours truly,

Warren J. Sinsheimer

cc:    CSE  Region 2

22

STATE OF NEW YORK)

                          :SS.:
COUNTY OF NEW YORK )

Vida M. Alvy, being duly sworn, deposes and says that she is an Attorney in the Office of
Legal Services of the Department of Education of the City of New York, and as such that
she is an agent of the same.  That the statements in the foregoing Petition are true to her
knowledge and belief, and as to that matter she believes it to be true. Deponent further
says that the reason why this verification is not made by Petitioner is that it is a
corporation; that the grounds of her belief as to all matters not therein stated upon her
knowledge are as follows: information obtained from the books and records of the Board
of Education or from statements made to her by certain officers or agents of the Board
and/or the City of New York.

                                                    Vida M. Alvy

Sworn to before me, this 27th

Day of November, 2006

Notary Public


CHRISTINE J. KICINSKI
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN NEW YORK COUNTY
NO. 31-4861334
COMMISSION EXPIRES MAY 12, 2_0_1_0

23

# EXHIBIT M

THE NEW YORK STATE EDUCATION DEPARTMENT
STATE REVIEW OFFICE
------------------------------------------------------------------------X
IN THE MATTER OF THE APPEAL OF
THE BOARD OF EDUCATION OF THE CITY
SCHOOL DISTRICT OF THE CITY OF NEW YORK

                    Petitioner,                  **VERIFIED ANSWER AND**
                                                  **CROSS APPEAL**

From a Hearing Officer's Finding of Fact
And Decision in the Matter of

ROBERT RIOS, by his parent, Gloria Rodriguez

                    Respondent.
------------------------------------------------------------------------X

       Respondent, by her attorneys, Legal Services for Children, Inc., for her Answer to the
Petition herein, respectfully alleges:

       1.  Respondent admits the allegations contained in paragraphs 1–62 of the Petition, but
alleges that the IEP referred to in paragraphs 5 and 7 of the Petition has expired and has no
further force or effect.[1]

       2.      Respondent respectfully denies each and every allegation contained in paragraphs
63–90 of the Petition to the extent that said paragraphs contain factual material as opposed to
issues of law.

### AS AND FOR AN AFFIRMATIVE ANSWER AND CROSS-APPEAL FROM THE DECISION OF THE HEARING OFFICER

### POINT I

---

[1] Respondent has no abjection to the admission of Petitioner's Exhibit 1, if the State Review Officer accepts Respondent's Exhibit A which also was not available at the time of the hearing.

3.     The Hearing Officer erred in failing to order that the tuition for Robert at Winston Preparatory School be paid by the Department of Education for the 2006-2007 school year. Decision. 9.

4.     The Department has conceded that it failed to offer Robert a FAPE. T. 4.

5.     The uncontroverted evidence is that Winston is an appropriate placement for Robert. The testimony of Ms. Sugarman is clear and unambiguous. She was asked if "…based on your knowledge of his record and your interviewing of him and his performance there in the past five or six weeks…are you convinced that Winston is an appropriate placement for him". To which she answered: "Yes, very much so. Very much so. I met with Robert's teacher yesterday to kind of update his gains since he's been attending Winston, and Peter Hill who has him for three periods throughout the day, mentioned that he is just beginning to come out of his shell and seems to be comfortable now with raising his hand and participating in class." T. 35, 36.

6.     The Hearing Officer affirmatively determined that "the equities favor the parent." Decision 8.

7.     Under the standard set forth by the United States Supreme Court in <u>School Committee of Burlington v. Department of Education</u>, 471 U.S. 359 (1985), a board of education may be required to pay for educational services obtained by a parent for his or her child if:  (1) the services offered by the board were inadequate or inappropriate; (2) the services obtained by the parent were appropriate; and (3) equitable considerations support the parent's claim.  <u>Id.</u> at 370, 374.  When the three <u>Burlington</u> prongs are satisfied, parents who have unilaterally placed their child in a private school may obtain reimbursement for the cost of the private school tuition.  <u>See</u> <u>Florence County Sch. Dist. Four v. Carter</u>, 510 U.S. 7, 12 (1993); <u>Burlington</u>, 471 U.S. at 369.  The fact that a parent has chosen an     educational program not approved by the

2.

state, rather than one known to be state-approved, is not itself a bar to reimbursement. Carter, 510 U.S. at 14. The private school need not employ certified special education teachers and need not prepare its own IEP for the student. Application of a Child with a Disability, Appeal No. 03-066.

8.    The facts of this case satisfy all three Burlington prongs, entitling Ms. Rodriguez to payment for the cost of her son's attendance at Winston Preparatory School for the 2006–2007 school year. The State Review Officer should reverse the Hearing Officer's decision and order the Department of Education to pay Robert's tuition for the 2006-2007 school year.

## POINT II

9.    The Hearing Officer, denying tuition to the parent, stated that the denial "is of course without prejudice and may be reviewed after the child has been at Winston for a longer period of time when the parent may be in a better position to present evidence that Winston is providing the child with educational benefits." Decision 8, 9.

10.    "The policy underlying the doctrine of res judicata is one of repose. The judgment in an action must resolve the doubt between the parties as to the validity of the cause of action. In order to have preclusive effect, the administrative decision must be final." Charles H. Koch, Jr., Administrative Law and Practice § 5.72[1] (2d ed. 1997).

Here, the dismissal without prejudice expressly left open the resolution of the Prong 2 issue and did not resolve the doubt between the parties as to the validity of the claim; and the dismissal was expressly made non-final – therefore there was no res judicata effect from the "without prejudice" decision of the first hearing officer.

The U.S. Supreme Court announced a two-part test for final agency action in Bennett v. Spear, 520 U.S. 154, 177-78 (1997): First, the action must mark the consummation of the

agency's decision-making process. Second, "the action must be one by which rights or obligations have been determined or from which legal consequences will flow.

These principles have been applied by the federal courts in IDEA cases: In Patricia P. v. Board of Education of Oak Park, 8 F.Supp.2d 801, 807-08 (N.D. Ill., Eastern Div. 1998), aff'd on other grounds, 203 F.3d 462 (7th Cir. 2000), it was held that collateral estoppel bars a parent from filing a second Impartial Hearing request when the same issue was decided on the merits adversely to the parent in a previous Impartial Hearing, and no appeal was taken from that previous decision. See also Drinker v. Colonial Sch. Dist., 888 F.Supp. 674, 680 (E.D. Pa. 1995) (principles of res judicata apply to IDEA administrative proceedings). However, in Thomas v. District of Columbia, 407 F.Supp.2d 102, 114-15 (D.D.C. 2005) it was held that there was no res judicata effect when the first hearing officer expressly reserved the parent's IDEA issue for a future proceeding, even when the issue was raised and evidence taken in the earlier hearing.

The State Review Officer in several cases has made the same distinction in determining whether a parent was precluded from re-litigating an issue under the IDEA. See Application of a Child with a Disability, Appeal No. 05-100; Application of a Child with a Disability, Appeal No. 05-059; Application of a Child with a Disability, Appeal No. 04-08; Application of a Child with a Disability, Appeal No. 04-061; Application of a Child with a Disability, Appeal No. 98-46.

10.    The Hearing Officer had ample authority to dismiss a claim without prejudice where she found that it was premature.

The impartial hearing is the cornerstone of the IDEA's guarantee of procedural due process to parents who disagree with a school district's program for their child 20 U.S.C. §§ 1401(a)(18-20), 1412(4), 1414(a)(5), 1415(e).    Here, especially, where the district openly

Ч

confessed that it had no appropriate program for the student, it was incumbent on the IHO to insure that the parent had a full and fair opportunity to prove her claim for a private placement at district expense.

The question whether proof of educational progress in a private school for which a parent is seeking tuition is necessary or even admissible is an open issue in the Second Circuit, after D.F. v. Ramapo 430 F3 595 (2 Cir 1995).[2]  The Hearing Officer believed that such proof is required, and since the hearing was held at a point in time when meaningful proof of progress could not yet be obtained, it was clearly within her discretion to dismiss without prejudice to a later filing. "It is a hearing officer's responsibility to obtain an adequate record to support his or her decision." Application iof a Child with a Disability, Appeal No. 01-100 (citing  Application of a Child with a Disability, Appeal No. 01-039).

In Application of a Child with a Disability, Appeal 05-072, the SRO sustained the Impartial Hearing Officer's authority to limit his review to issues not previously decided in an earlier hearing.  The corollary of this authority is that a hearing officer has the authority, in a proper case, to reserve issues for a subsequent hearing, and the hearing officer in that subsequent case has the authority to hear and decide those issues.[3]  There is no res judicata effect to the Hearing Officer's decision because it is expressly without prejudice to the parent re-filing. The test for both res judicata and collateral estoppel is the same. The Hearing Officer had ample

---

[2] In Rairdan M. v. Solanco School District, Nos. 97 Civ. 97-5864, 98 Civ. 1672, 1998 WL 401637 (E.D. Pa. 1998), the court held that proof of educational progress in the private school setting in which the parent unilaterally placed the child and then sought tuition reimbursement, is not required or admissible.  The court reasoned that the issue was no different from a case in which the appropriateness of an IEP is at issue – in other words, the test is whether the placement at issue is "reasonably calculated to enable the child to receive educational benefits."  1998 WL 401637, at *6-7.

[3] The Department's petition attempts to deflect the SRO from the true issues in this case by launching an ad ominem argument against the parent's attorney, even going so far as to suggest that he committed malpractice – an assertion that is irresponsible, irrelevant, and possibly libelous.  These statements should be struck from the record of the appeal, and ignored by the SRO.

authority to deny the prong 2 claim, without prejudice, and in fact, given the uncertain state of the law regarding the need to show progress in the private school setting, it was an appropriate and even necessary exercise of her discretion.

The decision of the Hearing Officer is unappealable to the State Review Officer and must be dismissed because (a) the prong 1 ruling was by consent of the Department and therefore unappealable, and (b) the prong 2 ruling was non-final and therefore unappealable. Non-final orders of an Impartial Hearing Officer, other than pendency orders, are not appealable to the State Review Officer. 8 N.Y.C.R.R. § 279.10; Application of the Board of Education of the Carmel Central School District, Appeal 91-31; Application of a Child with a Disability, Appeal No. 98-60; see also Application of a Child with a Disability, Appeal 98-60 (holding that Hearing Officer's dismissal without prejudice was not final determination and that appeal had to be dismissed, reasoning that "Petitioner's obvious remedy [was]s to request a new hearing"). Here the Department's "obvious remedy" is to defend the parent's prong 2 claim in a new hearing.

## POINT III

11.    It is disingenuous of the Department to argue that four days after the decision, when the new hearing was requested, "facts developed to such an extent that the parent would suddenly sustain its burden." Petition, 14. Counsel for the Department knows full well that the Hearing in this matter occurred on October 4, 2006 and the Request for a Hearing was dated October 27, 2006 (a total 13 days, not 4). Counsel for the Department also knows full well that unless the parent and the Department agree to waive the resolution period a minimum of 30 days elapses between asking for a hearing and the commencement of such a hearing. In fact, in New York City much more than thirty days normally elapses between the request for a hearing and the actual hearing. It was more than likely that Robert would have been at Winston for three or

four months by the time the second hearing would have occurred.[4]  As can be seen by Parents

Exhibit A, Robert has made significant progress at Winston. Clearly, the Hearing Officer

anticipated that more information about Robert's progress would be available after Robert had

been at Winston for a longer period of time. The State Review Officer should remand this matter

to Hearing Officer Judith T. Kramer for further fact-finding on the issue of the appropriateness

of Winston Preparatory School for Robert.

## POINT IV

12.     Parent repeats and re-alleges each and every allegation contained in paragraph 10

hereof. The State Review Officer should remand this matter to Hearing Officer Mary Noe (the

designated Hearing Officer in case #107814) to determine whether Winston Preparatory School

is an appropriate placement for Robert.

The State Review Officer should rule that in such a hearing, the Department of Education

is collaterally estopped from relitigating prongs one and three of Burlington, as those issues were

fully and finally decided in the prior hearing, and the Department of Education is collaterally

estopped from relitigating these issues.

## POINT V

13.     The Hearing Officer decided this case. Her decision is final. She found that

prongs one and three of Burlington were satisfied. As to prong two she dismissed it "without

prejudice" and stated that the matter "may be reviewed after the child has been at Winston for a

longer period of time when the parent may be in a better position to present evidence that

---

[4] It is interesting to note that in all the time that has passed since the Impartial Hearing, the Department has made no effort to convene a CSE meeting for the purpose of providing Robert with a valid IEP. Nor has any attempt been made by the Department to find an appropriate school for him to attend if he is not permitted to remain at Winston.

Winston is providing the child with educational benefits." Decision 8, 9. Her decision is final and binding on both parties unless appealed.

The State Review Officer is requested to uphold the Hearing Officer's decision; to dismiss this appeal by the Department and to remand this matter to Hearing Officer Judith T. Kramer for further evidence on the issue of the appropriateness of Winston Preparatory School for Robert.

## POINT VI

14.    Parent repeats and re-alleges each and every allegation contained in paragraph 12 hereof. The State Review Officer should remand this matter to Hearing Officer Mary Noe (the designated Hearing Officer in case #107814) to determine whether Winston Preparatory School is an appropriate placement for Robert.

## POINT VII

15.    It is "axiomatic that a party seeking to assert *res judicata* or claim preclusion must show the existence of a prior judgment on the merits." Miller Mfg. Co. v. Zeiler, 383 N.E.2d 1152, 1152 (N.Y. 1978). "It is well established that a dismissal without prejudice has no res judicata effect on a subsequent claim." Camarano v. Irvin, 98 F.3d 44, 47 (2d Cir. 1996)); see also City of New York v. Caristo Constr. Corp., 463 N.Y.S.2d 17, 17 (N.Y. App. Div., 1st Dep't 1983) ("[T]he phrase 'without prejudice' literally and precisely means that the judgment in the first action shall not prejudice, i.e., bar, the later action."). "Indeed, that a court explicitly dismisses an action 'without prejudice' . . . 'surely indicates a refusal to rule upon the merits of those causes of action . . . .'" Raine v. Paramount Pictures Corp., 1998 WL 655545, at *8 (S.D.N.Y. Sept. 24, 1998) (quoting Zeiler, 383 N.E.2d at 1152); see also In re Fischer, 252 B.R. 603, 609 (Bankr. E.D.N.Y. 2000) ("'A dismissal of an action *without prejudice* is an indication

that the judgment is not on the merits and will therefore have no preclusive effect.'" (quoting 18 James Wm. Moore, et al., Moore's Federal Practice § 131.54(1) (3d ed. 1997)).

Under the New York Civil Practice Law and Rules, "[a] judgment dismissing a cause of action after the close of the proponent's evidence is a dismissal on the merits *unless it specifies otherwise*." N.Y. C.P.L.R. 5013 (McKinney 2006) (emphasis added). As such, a "court has discretion to specify whether its order dismissing a claim is to have res judicata effect." Stacy "O" v. Donald "P", 525 N.Y.S.2d 385, 386 (citing N.Y. C.P.L.R. 5013); see also Susan A. v. John K., 759 N.Y.S.2d 417, 417 (N.Y. App. Div., 4th Dep't 2003) (holding that, under C.P.L.R. 5013, "Family Court is vested with discretion to dismiss a petition without prejudice, even after the close of petitioner's proof").

A court properly offsets the presumption in C.P.L.R. 5013 and "invokes its 'power to dismiss without prejudice' in situations where 'there has been a failure of proof' and the court 'believes that the plaintiff's claim is meritorious and that the plaintiff should be given another opportunity to establish the cause of action.'" Raine, 1998 WL 655545, at *7 (quoting 10 Jack B. Weinstein et al., New York Civil Practice: CPLR ¶ 5013.03 (Matthew Bender rel. no. 71, 1994 & Supp. 1998)). "The courts do not favor the preclusion of a second action where the dismissal of the first was for a failure of proof." Watkins v. Pac. Fin. Corp., 20 N.Y.S.2d 599, 601 (N.Y. App. Div., 2d Dep't 1940); see also Champion Int'l Corp. v. Dependable Indus. Corp., 367 N.Y.S.2d 273, 275 (N.Y. App. Div., 1st Dep't 1975) (same (quoting Watkins)), appeal dismissed, 337 N.E.2d 119 (N.Y. 1975).

Thus, "where a plaintiff has failed to establish a prima facie case, but it appears that proof which would support a prima facie case is available, the complaint should be dismissed 'without prejudice.'" Kilduff v. Donna Oil Corp., 424 N.Y.S.2d 282, 284 (N.Y. App. Div. 2d Dep't

9

1980) (quoting <u>Giglio v. Haber</u>, 243 N.Y.S.2d 539 (N.Y. App. Div., 2d Dep't 1963)); <u>see also</u> <u>Raine v. Viacom Int'l Inc.</u>, 638 N.Y.S.2d 81, 81 (N.Y. App. Div., 1st Dep't 1996) (holding that dismissal at close of plaintiff's case was "correctly . . . [made] without prejudice, because the disposition was based on lack of evidence which might become available at some point in the future"); <u>Lewis v. Barsuk</u>, 389 N.Y.2d 952, 953 (N.Y. App. Div., 4th Dep't 1976) (holding that, where there was failure of proof on part of plaintiff, plaintiff should be granted new trial "[i]nasmuch as the proof necessary to sustain each cause of action is available to plaintiff"); <u>Champion Int'l Corp.</u>, 367 N.Y.S.2d at 275 (holding that dismissal of plaintiff's action for failure of proof should have been made without prejudice because it "clearly appear[ed]" that plaintiff's proof against defendant was available); <u>Roland v. Hubbard</u>, 318 N.Y.S.2d 644, 644 (N.Y. App. Div., 1st Dep't 1971) (holding that dismissal at close of plaintiff's case for failure of proof should have been made without prejudice, as "plaintiff should have been afforded the opportunity by means of a simple nonsuit to endeavor to procure and present the necessary evidence if available"); <u>Giglio</u>, 243 N.Y.S.2d at 539 (holding that dismissal of complaint at close of plaintiff's case should have been made without prejudice, since proof was "available to plaintiff which w[ould] readily enable him to establish a prima facie case"); <u>Watkins</u>, 20 N.Y.S.2d at 601 (holding that where there was failure of proof on part of plaintiff, "dismissal was properly rendered without prejudice"). "It would be inequitable to preclude a party from asserting a claim under the principle of res judicata, where . . . '[t]he court in the first action has expressly reserved the plaintiff's right to maintain the second action.'" <u>Parker v. Blauvelt Volunteer Fire Co.</u>, 712 N.E.2d 647, 650 (N.Y. 1999) (quoting <u>Restatement (Second) of Judgments</u> § 26(1)(b) (alteration in original)).

If the State Review Officer determines that the Hearing Officer did not have the authority to make her Prong 2 ruling without prejudice, or if he determines that her decision to do so was an abuse of discretion, the remedy is not to grant the appeal and hold that the parent is barred from relitigating the Prong 2 issue, but to remand to the first IHO with directions to take additional proofs on the progress issue – because, if she was in error in dismissing without prejudice, she should have ordered that the parent be given a reasonable time to produce evidence of progress in the private school setting, and have granted a reasonable adjournment for that purpose. Here, the dismissal without prejudice expressly left open the resolution of the Prong 2 issue and did not resolve the doubt between the parties as to the validity of the claim; and the dismissal was expressly made nonfinal – therefore there was no res judicata effect from the "without prejudice" decision of the first hearing officer.

## POINT VIII

16.    The allegation that there is no evidence that the parent owes a debt to Winston is without basis in fact or law.

It is difficult to understand how the Department makes the leap necessary to allege that Winston was prepared to grant a scholarship to Robert.  From the evidence adduced at the Impartial Hearing just the opposite conclusion should have been reached.  In sum, the evidence shows that Robert's mother was granted a bridge loan of $3875 to pay the Winston deposit from an organization called "The Fairness Fund." T. 29. This payment was necessary to hold the place at Winston for Robert. T. 30.  Winston forwarded an enrollment agreement to the parent setting forth the terms under which Robert would be accepted at Winston.  It required a deposit of $3875 and a commitment to pay two further payments of $17,437.50.  This agreement constituted an offer by Winston to Robert's mother.  By having The Fairness Fund make the

11

deposit payment on her behalf and enrolling Robert in the school she accepted the Winston offer and is now contractually bound to make the additional payments. Parent Exhibit 4. The fact that the parent did not sign the enrollment contract is irrelevant. The contract is to be performed within a period that is less than one year. Hence the contract does not fall within the Statute of Frauds and is enforceable against the parent. See N.Y. Gen. Oblig Law § 5-701).

The State Review Officer is requested to uphold the Hearing Officer's decision, to dismiss this appeal by the Department, and to remand this matter to Hearing Officer Judith T. Kramer for further fact finding on the issue of the appropriateness of Winston Preparatory School for Robert.

## POINT IX

17.      Parent repeats and re-alleges each and every allegation contained in paragraph 16 hereof. The State Review Officer should remand this matter to Hearing Officer Mary Noe to determine only whether Winston Preparatory School is an appropriate placement for Robert.

WHEREFORE, Respondent respectfully requests that the Office of State Review (1) Issue an order vacating the Decision dated October 23, 2006 and issue a decision awarding tuition for the 2006-2007 school year at Winston Preparatory School to the parent; (2) in the alternative, that the Office of State Review order Impartial Hearing Officer Judith Kramer to reconvene the Impartial Hearing and receive evidence and make a decision concerning the appropriateness of Winston Preparatory School for Robert for the 2006-2007 school year; and (3) in the alternative, that the Office of State Review order Impartial Hearing Officer Mary Noe to convene an Impartial Hearing to determine if Winston Preparatory School is an appropriate placement for Robert for the 2006-2007 school year.

12

Dated:  December 27, 2006
          New York. NY

Respectfully submitted,

Legal Services for Children
Warren J. Sinsheimer, Of Counsel
271 Madison Avenue 17th Floor
New York, NY 10016
(212) 683-7999 x 222

Michael Best
Special Assistant Corporation Counsel
Vida M. Alvy, Of Counsel
New York City Department of Education
Office of Legal Services
52 Chambers Street   Room308
Nee York, NY 10007

13

# EXHIBIT A

14

 **Winston Preparatory School**
*education for the individual*

## Progress Update

**Student: Robert Rios**

|                         | *PROG* | *PART* | *COMM* | *TOTAL* | *GRADE* |
|-------------------------|--------|--------|--------|---------|---------|
| Language & Literature   | 26     | 26     | 26     | 78      | C+      |
| Math                    | 25     | 26     | 26     | 77      | C+      |
| Science                 | 28     | 23     | 24     | 75      | C       |
| History                 | 26     | 26     | 26     | 78      | C+      |
| Focus                   | 28     | 27     | 25     | 80      | B-      |
| Art                     | 25     | 25     | 25     | 75      | C       |
| Physical Education      | 28     | 28     | 27     | 83      | B-      |
| RAPS                    | 26     | 26     | 26     | 78      | C+      |
| ABSENCES                | 4      |        |        |         |         |
| LATENESS                | 1      |        |        |         |         |

Please note, this is for your information and is considered a "grade to date" - this is not a formally registered grade.

The criteria for the Progress and Performance (PROG) grade (33 points) can include attentiveness to class work, skill improvement, thorough completion of homework assignments, projects, labs, performance on tests and informal assessments.

The criteria for the Participation (PART) grade (33 points) can include organization, preparedness for class, participation in class, collaboration with peers, punctuality and attendance.

The criteria for the Commitment (COMM) grade (34 points) can include openness to instruction, consistency in effort, willingness to take risks, implementation of feedback and self reflection.
EX: Medical exemption from Physical Education

### Numerical Equivalents

| A+ | 99-100 | B+ | 87-89 | C+ | 77-79 | D+ | 67-69 |
|----|--------|----|-------|----|-------|----|-------|
| A  | 94-98  | B  | 84-86 | C  | 74-76 | D  | 64-66 |
| A- | 90-93  | B- | 80-83 | C- | 70-73 | D- | 60-63 |

126 West 17th Street, New York, NY 10011    (646) 638 2705 phone    (646) 638-2706 fax    info@winstonprep.edu    www.winstonprep.edu

15

THE NEW YORK STATE EDUCATION DEPARTMENT
STATE REVIEW OFFICE
-------------------------------------------------------------------X
IN THE MATTER OF THE APPEAL OF
THE BOARD OF EDUCATION OF THE CITY
SCHOOL DISTRICT OF THE CITY OF NEW YORK

                                                          **AFFIDAVIT OF**
                                                          **VERIFICATION**

                                        Petitioner,

From a Hearing Officer's Finding of Fact
And Decision in the Matter of

ROBERT RIOS, by his parent, Gloria Rodriguez

                                        Respondent.
-------------------------------------------------------------------X

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF NEW YORK         )

Gloria Rodriguez, being duly sworn, deposes and says that she is the mother of Robert Rios, the

petitioner in this proceeding; that she has read the annexed petition and knows the contents

thereof; that the same is true to the knowledge of deponent except as to the matters therein stated

to be alleged upon information and belief, and as to those matters she believes it to be true.

                                             _Gloria Rodriguez_
                                        _____
                                             GLORIA RODRIGUEZ

Subscribed and sworn to before me this
27th day of December 2006

_____
              Notary Public

WARREN J. SINSHEIMER
Notary Public, State of New York
No. 02SI6039060
Qualified in Westchester County
Commission Expires March 20, 20__ °

16

# EXHIBIT N

STATE REVIEW OFFICER
NEW YORK STATE EDUCATION DEPARTMENT
-----------------------------------------------------------------------X
In the Matter of the Appeal of

THE BOARD OF EDUCATION OF THE CITY
SCHOOL DISTRICT OF THE CITY OF NEW YORK

                        Petitioner – Cross- Respondent,

                                        **VERIFIED ANSWER**
                                        **TO CROSS-APPEAL**

From a Hearing Officer's Finding of Fact
And Decision in the matter of

ROBERT RIOS, by his parent, Gloria Rodriguez

                        Respondent-Cross- Petitioner,
-----------------------------------------------------------------------X


        Petitioner-Cross-Respondent, by its attorney, Michael Cardozo,

Corporation Counsel, and Michael Best, Special Assistant Corporation Counsel, (Vida M.

Alvy, of Counsel), as for its Answer to the Cross-Appeal, dated December 7, 2006,

respectfully alleges as follows:

        1.      Makes no response to the statements contained in paragraphs  "1" and "2"

of the Cross-Appeal, as it contains the Parent's Verified Answer to the Petition, except

affirmatively states that the IEP referred to in paragraphs "5" and "7" of the Petition

reflects the most recent classification assigned to Robert R. and the level of services

mandated. T. 8, 9, 18; Exhibit 1, 3[1].

---

[1] All references to the Transcript and Exhibits are to the record of the Impartial Hearing dated 10/4/06.
Citations preceded by the letter "T" refer to the page of the hearing transcript.

## AS AND FOR AN ANSWER TO THE CROSS-APPEAL

2.     Makes no response to the legal conclusion asserted in paragraph "3" of the Cross-Appeal, denies any factual statement therein and respectfully refers the State Review Officer ("SRO") to the Impartial Hearing Officer Decision of October 23, 2006 ("Decision below") for a complete and accurate statement of its contents.

3.     Admits the allegation contained in paragraph "4," insofar as it refers to the 2006-2007 School Year, and respectfully refers the SRO to the transcript of the proceedings. T. 4.

4.     Denies the allegations contained in paragraph "5," and affirmatively asserts that the parent and Ms. Sugarman were unable to demonstrate that the child made any tangible progress at Winston, offered neither documentary evidence nor testimony from his teachers. Moreover, Ms. Sugarman's statement that Winston is an appropriate place for Robert was made despite her admitted lack of knowledge regarding his mandated services and based upon one observation of the child, and conversations with two teachers. T. 21, 22, 33, 35, 36, 42, 44, 47-49.

5.     Admits the allegation contained in paragraph "6" and respectfully refers the SRO to the Decision below for a complete and accurate statement of its contents.

6.     Makes no response to the allegations set forth in paragraphs "7" and "8" of the Cross-Appeal as they call for a legal conclusion and respectfully refers the SRO to the cases cited therein for a complete and accurate statement of its contents.

7.     Makes no response to the allegations contained in paragraphs "9," "10," "10," [2] and "11" as they contain legal conclusions and are not germane to the Cross-Appeal, but, rather constitute the Parent's Answer. However, with respect to the request

2

contained in paragraph "11" asking the SRO to remand the matter to hearing officer Kramer for further review, this calls for a legal conclusion which requires no response.

8.     Makes no response to the statements contained in paragraphs "12" and "13" as they call for legal conclusions and denies the allegations to the extent that they contain factual allegations.

9.     Makes no response to the statements contained in paragraph "14" as they constitute an Answer to the Petition and call for legal conclusions.

10.     Makes no response to the allegations contained in paragraph "15," as they call for legal conclusions and constitute the Parent's Answer to the Petition and respectfully refers the SRO to the cases cited therein for a complete and accurate statement of its contents.

11.     To the extent that the Parent makes factual allegations in paragraph "16," denies the allegations contained in paragraph "16" of the Answer and Cross-Appeal and refers the SRO to the transcript of the proceeding. As to those matters that call for a legal conclusion, no response is necessary. Insofar as paragraph "16" contains a request to remand the matter to Hearing Officer Kramer on the issue of the appropriateness of Winston Preparatory School, such allegation calls for a legal conclusion and requires no response.

12.     Insofar as paragraph "17" contains a request to remand the matter to Hearing Officer Noe on the issue of the appropriateness of Winston Preparatory School, such allegation calls for a legal conclusion and requires no response.

---

[2] There are two paragraphs numbered "10" contained in the Parent's Answer and Cross-Appeal.

## AS AND FOR A FIRST AFFIRMATIVE
## ANSWER TO THE CROSS APPEAL

13.     The Parent asks the SRO to vacate the decision below and issue a decision awarding tuition for the 2006-2007 SY for Winston Preparatory School. The Parent's request for relief should be denied.[3]

14.     The hearing officer rendered an appropriate decision denying the Parent's tuition funding claim, as the evidence failed to demonstrate how Robert's unique needs were being met at Winston, failed to demonstrate his progress or academic achievements at Winston, failed to demonstrate that Robert received mandated speech and language therapy, and failed to demonstrate substantial evidence of staff observations or Robert's progress. T. 21, 22, 33, 42, 44, 47- 49.

15.     Rather, the testimony disclosed only very generic descriptions of how Robert's needs were being met at Winston.  T. 14, 15, 19, 21, 22, 37, 40, 41. Indeed, the parent reported that Robert is happier at Winston because "the classes are easy." This does not constitute evidence that Winston is providing educational benefit for Robert.  T. 14.

16.     Significantly, the hearing officer found that in 2005 Robert was evaluated as part of a DOE triennial evaluation and had made significant progress in reading comprehension and decoding, but spoke in low volume and was classified as speech and language impaired. Exhibit 3;  Decision at 3.

---

[3] The DOE objects to the admission of Parent's Exhibit A as the student's grades do not address the core issue of whether Winston offered an educational program that met the student's special needs, and as such Exhibit A is unnecessary to render a decision in this matter.

4

17.    The hearing officer correctly noted that Robert was mandated to receive speech and language therapy and counseling on his most recent IEP. Exhibit 1; Decision at 3.

18.    The hearing officer found that although Robert's IEP mandates speech and language therapy, and although Winston has twelve speech and language therapists on staff, he is not currently receiving any such therapy as part of his program. T. 46-47; Decision at 5.

19.    The hearing officer observed that the parent had only two conversations with Robert's teachers since his placement there in September and that the teachers have not advised her of his academic achievements. T. 21; Decision at 4.

20.    Further, the hearing officer noted that Ms. Sugarman testified that Winston is an appropriate place for Robert, but based that determination on one observation of the child, and conversations with two teachers, one of whom stated that Robert "needs a lot of repetition and information to be presented slowly and broken down on a consistent basis." T. 38; Decision at 5. Moreover, Ms. Sugarman did not even know the mandated services that Robert previously received. T. 48.

21.    The hearing officer correctly found that Robert had received speech and language therapy since pre-school and that it was "abundantly clear that a primary educational need of the child as [sic] been and continues to be speech and language therapy." Decision at 8.

22.    Thus, the hearing officer appropriately held that the parent failed to sustain its burden of establishing that they are entitled to the remedy they seek pursuant to Schaffer v. West, 546 U.S. _____ ; 126 S.Ct. 528 (2005). Id.

23.    In that respect, the IHO correctly held, citing <u>School Committee of the Town of Burlington v. Department of Education</u>, 471 U.S. 359, 370 (1985), that the parent must show that Winston is a place that meets the child's special education needs. <u>Id</u>.

24.    The IHO held that although the parent need not show that the placement furnishes every service necessary to maximize the child's potential, they must demonstrate that the placement is designed to meet the needs of the handicapped child. <u>Id</u>. Only if the Burlington prerequisites are found can the parent receive prospective relief, citing <u>Connors v. Mills</u>, 34 F.Supp. 2d 795 (N.D.N.Y. 1998). Decision at 7.

25.    Thus, the failure to provide such therapy, while not controlling, was significant in the determination that the program at Winston is not appropriate.    <u>Id</u>. Decision at 8-9. Accordingly, the Cross-Appeal must be denied as the Decision below properly determined, based upon the evidence, that the parent did not sustain her burden of proof.

### AS AND FOR A SECOND AFFIRMATIVE ANSWER TO THE CROSS APPEAL

26.    Next, parent as Cross-Petitioner alleges that the SRO should remand this matter to Hearing Officer Kramer to receive further evidence on the issue of the appropriateness of Winston Preparatory School for Robert.

27.    Such a determination would be wholly improper as the Parent had a full and fair opportunity to litigate this issue previously and the hearing officer made a final determination based upon the evidence.

28.    Petitioners may not re-litigate issues, which have been decided in a prior

proceeding. <u>Application of a Child With a Disability</u>, Appeal No. 04-061. Principles of finality dictate that once an issue is decided on the merits, as it was here, those issues should not be the subject of another proceeding.

       29.     Pursuant to 20 USC 1415 [i] [1] [A] and Section 4404 [1] of the New York State Education Law, a hearing decision is final and a party challenging such a decision must do so in an appeal.

       30.     Remanding the matter for new evidence is completely inappropriate where the Parent was represented by counsel who chose the witnesses to call and the evidence to submit. Counsel never asked the hearing officer to adjourn or delay the proceedings in order to give him additional time to compile further evidence to demonstrate that Winston was appropriate. Thus, to remand the matter to permit counsel to open this record to new evidence is wholly improper and creates the danger of permitting litigants to use the impartial hearing system to test out litigation strategies and return on another occasion with additional evidence. Such a result subjects the DOE to multiple hearings facing liability and prevents the DOE from relying upon principles of finality.

       31.     Moreover, the hearing officer below, did not dismiss the proceeding below as premature. Rather the hearing officer took testimony, allowed the submission of evidence and rendered a full and final decision on the merits with a substantial discussion of the evidence. Where the IHO erred, as the DOE pointed out in its Appeal, is in its invitation to the parent to refile its petition. But, the IHO did not err in the legal conclusion reached in the well considered decision on the merits.

## AS AND FOR A THIRD AFFIRMATIVE
## ANSWER TO THE CROSS APPEAL

32.     In its final request for relief in the SRO, the Parent suggests that in the alternative this matter should be remanded to Hearing Officer Noe, who is presently presiding over the Parent's impartial request {IHO Number 107814] filed several days after the dismissal by the hearing officer below.

33.     The Parent requests that the SRO order such a remand to include a finding that prongs one and three are now res judicata.

34.     First, the alternative relief amounts to forum shopping, a practice widely condemned. Application of a Child With a Disability, Appeal No. 04-061. The SRO has noted that allowing parties to file multiple due process requests on the same school year in an attempt to obtain a particular hearing officer undermines the rotation selection process.

35.     Second, the filing of multiple requests "could create the untenable situation of having two hearings concurrently on the exact same issues, with the possible result of two decisions on the case with contradictory conclusions." Id. at p. 10. The Hearing Officer below heard the evidence and rendered its findings on the merits. That decision, following a full and fair hearing and based upon the facts as presented by counsel and a correct interpretation of the law must stand. To allow another hearing officer to review the same evidence and render a decision presents the risk which Application of a Child With a Disability, Appeal No. 04-061, seeks to avoid.

36.     Finally, although the DOE conceded prong one at the hearing below, it did not concede that the equities favored the parent. If this matter is to be remanded, the DOE objects to a predetermination on the issue of the equities.

**WHEREFORE,** Petitioner-Cross-Respondent DOE respectfully requests that the Cross-Appeal be dismissed in its entirety, and respectfully requests that the Office of State Review issue an order vacating the Decision below dated October 23, 2006, insofar as it ordered the dismissal without prejudice and issue a decision dismissing the matter with prejudice.

Dated:    January 12, 2007
          New York, NY

Respectfully Submitted,

Michael Best
Special Assistant Corporation Counsel
Vida M. Alvy, of Counsel
New York City Department of
Education
Office of Legal Services
52 Chambers Street
Room 308
New York, NY 10007
917-339-1674

Warren J. Sinsheimer, Esq.
Attorney For Parent
Partnership for Children's Rights
271 Madison Avenue
New York, NY 10016

STATE OF NEW YORK)

                                 :SS.:

COUNTY OF NEW YORK )

Vida M. Alvy, being duly sworn, deposes and says that she is an Attorney in the Office of Legal Services of the Department of Education of the City of New York, and as such that she is an agent of the same. That the statements in the foregoing Answer are true to her knowledge and belief, and as to that matter she believes it to be true. Deponent further says that the reason why this verification is not made by Petitioner Cross-Respondent is that it is a corporation; that the grounds of her belief as to all matters not therein stated upon her knowledge are as follows: information obtained from the books and records of the Board of Education or from statements made to her by certain officers or agents of the Board and/or the City of New York.

                                                             Vida M. Alvy

Sworn to before me, this 12th

Day of January, 2007

Notary Public

STATE REVIEW OFFICER
NEW YORK STATE EDUCATION DEPARTMENT
------------------------------------------------------------------------X
In the Matter of the Appeal of

THE BOARD OF EDUCATION OF THE CITY
SCHOOL DISTRICT OF THE CITY OF NEW YORK

                          Petitioner – Cross- Respondent,

                                                    **AFFIRMATION OF**
                                                    **SERVICE**
From a Hearing Officer's Finding of Fact
And Decision in the matter of

ROBERT RIOS, by his parent, Gloria Rodriguez

                          Respondent-Cross- Petitioner,
------------------------------------------------------------------------X

I, Vida M. Alvy, Esq., an attorney admitted to practice in the courts of the State of New York, affirm the following under the penalties of perjury:

1. I am employed by the Department of Education, as an attorney in the Department of Education's Office of Legal Services.

2. I am not a party to this action and am over the age of eighteen years.

3. On January 12, 2007 I sent by overnight UPS mail, to Respondent-Cross-Petitioner 's attorney Warren Sinsheimer, Esq. at the address designated by him, 271 Madison Ave., 17th Floor, New York, NY 10016, a true copy of the Verified Answer to the Cross – Appeal.

4. I am attaching proof of such mailing to this Affirmation of Service

Dated: January 12, 2007
        New York, New York.

# EXHIBIT O



# The University of the State of New York

### The State Education Department
#### State Review Officer

No. 06-133

**Application of the NEW YORK CITY DEPARTMENT OF
EDUCATION, for review of a determination of a hearing officer
relating to the provision of educational services to a child with a
disability**

**Appearances:**
Michael Best, Special Assistant Corporation Counsel, attorney for petitioner, Vida M. Alvy,
Esq., of counsel

Legal Services for Children, attorney for respondent, Warren J. Sinsheimer, Esq., of counsel

## DECISION

Petitioner, the New York City Department of Education, appeals from the decision of an
impartial hearing officer insofar as it denied "without prejudice" respondent's request for funding
of her son's tuition costs at Winston Preparatory School (Winston) for the 2006-07 school year.
Respondent cross-appeals from the impartial hearing officer's determination that respondent
failed to demonstrate that Winston is an appropriate placement for the student. The appeal must
be sustained. The cross-appeal must be dismissed.

When the impartial hearing was held on October 4, 2006, the student was 11 years old
and in the sixth grade at Winston (Tr. pp. 1, 7, 13-14), where he was unilaterally placed by
respondent in September 2006 (Tr. p. 14; Parent Ex. 5). Winston is described in the record as a
special education school for children with learning disabilities (Tr. pp. 35, 36). The
Commissioner of Education has not approved Winston as a school with which school districts
may contract to instruct students with disabilities (Tr. p. 39; see 8 NYCRR 200.7, 200.1[d]).

The student exhibits difficulties with oral language and auditory comprehension (Parent
Ex. 3 at p. 4). A September 2005 psychoeducational evaluation report described the student as a
friendly, shy youngster with problematic work habits whose lack of confidence and feelings of

inadequacy affect his academic functioning (id.). Administration of the Wechsler Abbreviated Scale of Intelligence in September 2005 when the student was 10 years old yielded a verbal IQ score of 82 (12th percentile), a performance IQ score of 86 (18th percentile), and a full scale IQ score of 83, which placed the student's overall intellectual functioning in the low average range (id. at pp. 1, 2). The student's classification and eligibility for special education programs and services as a student with a speech-language impairment are not in dispute in this appeal (Parent Ex. 1 at p. 1; see 8 NYCRR 200.1[zz][11]).

For the 2005-06 school year, the student completed fifth grade at petitioner's public schools pursuant to his individualized education program (IEP) dated October 7, 2005 (Tr. pp. 10-11; Parent Ex. 1). He attended a special class with a 12:1+1 staffing ratio and received speech-language therapy, counseling and adaptive physical education (Parent Ex. 1 at pp. 1, 5, 13).

In June 2006, the student interviewed at Winston (Tr. p. 24). By letter dated August 17, 2006, respondent notified petitioner through her attorney that she would be unilaterally placing her son at Winston for the 2006-07 school year and requested that petitioner fund the student's tuition costs and provide transportation to and from Winston (Parent Ex. 5). Respondent filed a due process complaint notice on or about August 18, 2006 (see Pet. ¶ 3; Answer ¶ 1).[1]   In September 2006, respondent enrolled the student at Winston for the 2006-07 school year (Tr. pp. 14, 34; Parent Ex. 4).

At the impartial hearing on October 4, 2006, petitioner conceded that it did not offer respondent's son a free appropriate public education (FAPE) for the 2006-07 school year (Tr. p. 4).[2]   Petitioner also asserted that Winston is not an appropriate placement for the student (Tr. p. 54). Respondent argued that Winston is an appropriate placement and requested that petitioner fund her son's tuition costs at Winston for the 2006-07 school year. Respondent testified that her son is doing "great" at Winston, that he no longer cries before going to school, and that he no longer has trouble with homework (Tr. pp. 14-15). The Director of Operations and Educational Research for Winston testified that the student attends class with twelve other students and receives one-to-one instruction in reading for forty minutes each day as part of the school's Focus program (Tr. pp. 37-39). She also testified that one of the student's teachers told her that the student recently had begun participating in class but still requires a lot of repetition to understand the information presented to him (Tr. pp. 35-36, 38).

By decision dated October 23, 2006, the impartial hearing officer found that petitioner conceded that it did not offer respondent's son a FAPE for the 2006-07 school year, that respondent did not sustain her burden of proving that Winston is appropriate for the student, and that respondent cooperated with petitioner (IHO Decision at pp. 6, 8). The impartial hearing officer noted that respondent did not present evidence showing the student's progress at Winston and found it significant that the student did not receive speech-language therapy at Winston when other evidence presented at the impartial hearing indicated that the student needs speech-language therapy (id. at pp. 7-8). The impartial hearing officer denied respondent's request for tuition payments to Winston "without prejudice" (id. at pp. 8-9).

2.

On appeal, petitioner asserts that the impartial hearing officer adjudicated respondent's claim for tuition funding "on the merits" and thereby erred by ordering the dismissal "without prejudice."  Petitioner asserts that the dismissal without prejudice contravenes the finality provisions set forth in the Individuals with Disabilities Education Act (IDEA) and impermissibly permits respondent to refile her claim and relitigate issues that have already been decided on the merits.[3]  Petitioner requests that the impartial hearing officer's decision be vacated insofar as it ordered the dismissal without prejudice and requests that a State Review Officer issue a decision ordering the dismissal with prejudice.

Answering petitioner's assertions, respondent contends that the impartial hearing officer's decision by its own terms is a non-final order that cannot be appealed to the State Review Officer and the impartial hearing officer's decision should not be given res judicata effect.  Respondent also cross-appeals from that portion of the impartial hearing officer's decision that denied respondent's claim for tuition payments to Winston for the 2006-07 school year and argues on appeal that she presented sufficient evidence at the impartial hearing to demonstrate that Winston is an appropriate placement for the student.  Respondent requests an order directing petitioner to pay the student's tuition at Winston for the 2006-07 school year, or an order remanding the issue of the appropriateness of Winston to either the same impartial hearing officer who rendered the decision below or the impartial hearing officer to whom respondent's second due process complaint notice dated October 27, 2006 has been assigned.

In its answer to respondent's cross-appeal, petitioner argues that the impartial hearing officer properly denied respondent's request for tuition funding because she did not meet her burden of showing that Winston is an appropriate placement for the student.  Petitioner also objects to respondent's request that the case be remanded, arguing, among other things, that remanding the matter to the same impartial hearing officer would impermissibly allow respondent to relitigate issues.  According to petitioner, remanding the matter to a different impartial hearing officer would amount to forum shopping and would create the possibility of having two decisions on the same case with contradictory conclusions.

Turning first to petitioner's appeal, an impartial hearing officer must base her decision "solely upon the record of the proceeding before the impartial hearing officer" (8 NYCRR 200.5[j][5][v]).  There is no authority for an impartial hearing officer to reopen a hearing, reconsider a prior decision, or retain jurisdiction to resolve future disputes between the parties (see Application of a Child with a Disability, Appeal No. 06-021; Application of a Child with a Disability, Appeal No. 05-056; Application of the Bd. of Educ., Appeal No. 02-043; Application of the Bd. of Educ., Appeal No. 98-16).  There is no authority for the filing of multiple due process complaint notices on the same issue.  To allow parties to file multiple due process complaint notices on the same issues would undermine the interests of judicial economy, create unnecessary duplication of time, expense, witnesses, exhibits and other resources, and place an unwarranted burden on families and school districts (see Application of a Child with a Disability, Appeal No. 04-061; see also Grenon v. Taconic Hills Cent. Sch. Dist., 2006 WL 3751450 at *6 [N.D.N.Y. Dec. 19, 2006] [quoting Perez v. Danbury Hosp., 347 F.3d 419, 426 [2d Cir. 2003]] [internal quotations omitted] ["The doctrine of res judicata precludes parties from litigating issues that were or could have been decided in a prior proceeding."]).  Permitting multiple due

process complaint notices on the same issue would also frustrate the extensive due process provisions of IDEA that are intended to provide the parties with an inexpensive and expeditious method for resolving disputes (see Does v. Mills, 2005 WL 900620, at *8 [S.D.N.Y. April 18, 2005]; Application of a Child with a Disability, Appeal No. 03-018; Application of a Child with a Disability, Appeal No. 97-11).

Moreover, allowing a party to file a duplicative due process complaint notice after the issues have been decided in an impartial hearing would run afoul of the finality provisions set forth in IDEA and its implementing regulations. Both federal and state regulations provide that an impartial hearing officer's decision is final unless appealed to a State Review Officer (20 U.S.C. § 1415[i][1][A]; 34 C.F.R. § 300.514[a];[4] 8 NYCRR 200.5[j][5][v]). If there is an appeal to a State Review Officer, the independent decision on review is final; however, either party may seek judicial review of a State Review Officer's decision (34 C.F.R. § 300.514[d]; 8 NYCRR 200.5[k][3]).

I find that the impartial hearing officer rendered a decision adjudicating respondent's claim on the merits. At the impartial hearing, respondent was represented by counsel. Respondent presented testimonial and documentary evidence (see Tr. pp. 7-49; Parent Exs. 1-7). There is no indication in the record, and respondent does not argue on appeal, that respondent was prevented from offering any evidence at the impartial hearing. The impartial hearing officer issued a decision that evaluated the evidence presented at the impartial hearing and made factual determinations and conclusions of law. Principles of finality dictate that the decision received after going through an impartial hearing is a final decision, subject only to an appeal (20 U.S.C. § 1415[i][1][A]; 34 C.F.R. § 300.514[a]; 8 NYCRR 200.5[j][5][v]). Under the circumstances presented in this case, where the impartial hearing officer adjudicated respondent's claim on the merits based on the record before her, I find that the impartial hearing officer erred by qualifying the dismissal of respondent's claim as "without prejudice."

Regarding respondent's cross-appeal, I concur with the impartial hearing officer that respondent has not met her burden of demonstrating that the services provided by Winston were appropriate to meet the student's special education needs. In order to meet that burden, the parent must show that the services provided were "proper under the Act" (Florence Co. Sch. Dist. Four v. Carter, 510 U.S. 7, 12, 15 [1993]; Sch. Comm. of Burlington v. Dep't of Educ., 471 U.S. 359, 370 [1985]), i.e., that "the private education services obtained by the parents were appropriate to the child's needs" (Walczak v. Fla. Union Free Sch. Dist., 142 F.3d 119, 129 [2d Cir. 1998]; see Frank G. v. Bd. of Educ., 459 F.3d 356, 363-64 [2d Cir. 2006]; Cerra v. Pawling Cent. Sch. Dist., 427 F.3d 186, 192 [2d Cir. 2005]). "The parents satisfy their Burlington burden by showing that their unilateral placement offered an educational program that met their child's special needs" (Matrejek v. Brewster Cent. School Dist., 2007 WL 210093, at *3 [S.D.N.Y. Jan. 9, 2007]). I concur with the impartial hearing officer that the conclusory statement by Winston's Director of Operations and Educational Research that Winston is appropriate for the student (Tr. p. 35) and respondent's testimony that classes are "easy" for the student and that he is "happy" (Tr. p. 14) does not provide sufficient proof that Winston is appropriate for the student. Accordingly, respondent's request that petitioner pay the student's tuition costs at Winston for the 2006-07 school year is denied.

In view of the foregoing, I will annul the impartial hearing officer's decision dated October 23, 2006 insofar as it ordered dismissal "without prejudice." As a final note, the record indicates that respondent's son can be appropriately educated in a public school setting and there is no evidence suggesting that petitioner cannot meet the student's special education needs. Accordingly, a CSE should reconvene as soon as possible and offer the student an appropriate program and placement for the 2006-07 school year consistent with the requirements of the IDEA.

Based upon my above determinations, it is not necessary to address the parties' remaining assertions contained in the appeal and cross-appeal.

**THE APPEAL IS SUSTAINED.**
**THE CROSS-APPEAL IS DISMISSED.**

**IT IS ORDERED** that the impartial hearing officer's decision dated October 23, 2006 is hereby annulled to the extent that dismissal was ordered "without prejudice."

Dated:  Albany, New York
        February  9 , 2007

PAUL F. KELLY
STATE REVIEW OFFICER

---

[1] The August 18, 2006 due process complaint notice is not part of the record.

[2] The term "free appropriate public education" means special education and related services that-
(A) have been provided at public expense, under public supervision and direction, and without charge;
(B) meet the standards of the State educational agency;
(C) include an appropriate preschool, elementary, or secondary school education in the State involved; and
(D) are provided in conformity with the individualized education program required under section 1414(d) of this title.
(20 U.S.C. § 1401[9]).

[3] Petitioner attaches to its petition a copy of respondent's due process complaint notice dated October 27, 2006 requesting a second impartial hearing for the purpose of demonstrating the appropriateness of Winston (Pet. Ex. I). Respondent attaches to its answer an undated "Progress Report" from Winston (Answer Ex. A). Generally, documentary evidence not presented at a hearing may be considered in an appeal from an impartial hearing officer's decision only if such additional evidence could not have been offered at the time of the hearing and the evidence is necessary in order to render a decision (see, e.g., Application of a Child with a Disability, Appeal No. 06-121; Application of a Child with a Disability, Appeal No. 06-060; Application of a Child with a Disability, Appeal No. 05-080; Application of a Child with a Disability, Appeal No. 05-068; Application of the Bd. of Educ., Appeal No. 04-068). Here, in the exercise of my discretion, I decline to accept these documents as additional evidence because they are not

necessary for me to render my decision and the pleadings indicate that both petitioner and respondent object to the opposing party's submission.

[4]    The Code of Federal Regulations (34 C.F.R. Parts 300 and 301) has been amended to implement changes made to the Individuals with Disabilities Education Act, as amended by the Individuals with Disabilities Education Improvement Act of 2004. The amended regulations became effective October 13, 2006. In this case, none of the new provisions contained in the amended regulations are applicable because all relevant events occurred prior to the effective date of the new regulations. However, for convenience, citations herein refer to the regulations as amended because the regulations have been reorganized and renumbered.

# EXHIBIT P

# LEGAL
# SERVICES FOR
# CHILDREN, INC.

**VIA FACSIMILE**

October 27, 2006

Impartial Hearing Office
NYC Dept. of Education
131 Livingston Street
Brooklyn, New York 11201

      Re:   Robert Rios
              679 Waring Avenue Apt. 4H
              Bronx, NY 10467

              NYC ID# 268-366-903
              Region 2, District 11

## NOTICE OF APPEARANCE AND REQUEST FOR IMPARTIAL HEARING

Ladies and Gentlemen:

      Please be advised that Gloria Rodriguez has retained Legal Services for Children on behalf of her son, Robert Rios, to represent them at an impartial hearing. Please address all future correspondence to my attention.

**Impartial Hearing**

      Robert Rios, has not been offered a FAPE for the 2006-2007 school year. The DOE's last IEP was issued on October 27, 2005. This IEP was defective in that legally required participants were not present at the CSE conference where the IEP was created. The October 27, 2005 IEP has classified Robert as Speech/Language Impaired. This is a change from his previous classification of Emotionally Disturbed, but there is no record of an evaluation being made as the basis for this change. The most recent IEP also incorrectly lists Robert as being in the fourth grade. Most important, Robert's minimal progress in his special education class demonstrates that his public school placement was inappropriate.

      Robert has been accepted at and now attends Winston Preparatory School, a private, special education school in Manhattan. Winston Preparatory School offers a structured program in a supportive setting that is appropriate for a student with Robert's disability.

On Wednesday October 4, 2006 an Impartial Hearing was held before Judith Kramer, Esq. which asked for a prepayment of tuition at Winston for the 2006-07 school year. The Region conceded that they failed to offer Robert a Free Appropriate Public Education but contested the fact that Winston Preparatory School was an appropriate placement for Robert.    On October 23, 2006 Hearing Officer Kramer issued Findings of Fact and Decision which denied "parents request for Conners tuition at this time". She continued: "…such denial is, of course, without prejudice and may be renewed after the child has been has been at Winston for a longer period of time when the parent may be in a better position to present evidence that Winston is providing the child with educational benefits".  Now that Robert has bee at Winston Preparatory School for two months Ms. Rodriguez is prepared to sustain the burden of showing that the school has been providing educational benefits to Robert.

Ms. Rodriguez requests the Hearing Officer to determine:

1. That the Department of Education has failed to offer Robert a Free Appropriate Public Education.
2. That Winston Preparatory School is an appropriate placement for Robert and that
3. Equitable considerations favor the parent.

As Ms. Rodriguez cannot afford to prepay the tuition at Winston, she requests the Hearing Officer to order the Department of Education to prepay the tuition for Robert.

As the tuition at Winston is overdue, Ms. Rodriguez requests an expedited hearing.

**Resolution Meeting**

As this is a request for private school tuition payment and the Department will not have anyone present at the meeting who can bind the Comptroller of the City of New York who must agree to such payment, the Parent waives the Resolution Meeting and requests an immediate Impartial Hearing within the time limits established by the Regulations. In the event that a Resolution Meeting is required despite the Parent's wavier and failure of the Department to have a person present who can agree to the prepayment of tuition, please contact me.

I can be reached at (212) 683-7999, extension 222 to schedule the hearing.

Yours truly,

Warren J. Sinsheimer

cc:    CSE  Region 2

2

# EXHIBIT Q

NEW YORK CITY DEPARTMENT OF EDUCATION
IMPARTIAL HEARING OFFICE
-------------------------------------------------------------------
In the Matter of

Robert Rios,

IHO Case No. 107814
-------------------------------------------------------------------

## NEW YORK CITY DEPARTMENT OF EDUCATION MOTION TO DISMISS

### I.  PRELIMINARY STATEMENT

The New York City Department of Education ("DOE") respectfully submits this Motion to Dismiss and requests that the parent's claim on behalf of student Robert Rios, for prospective tuition payment for Winston Preparatory School, be dismissed with prejudice on the grounds of res judicata.  On or about October 27, 2006, the parent of Robert Rios, Ms. Gloria Rodriguez, filed a claim against the DOE for prospective tuition at Winston Preparatory School alleging denial of FAPE for the 2006-2007 school year.  That same request was already filed, tried, and denied on October 23, 2006. The principle of res judicata bars Ms. Rodriguez from bringing this second claim for the 2006-2007 school year.

### II.  STATEMENT OF FACTS

Ms. Gloria Rodriguez requested an impartial hearing, through her attorney Warren Sinsheimer, pursuant to the Individuals with Disabilities Education Act ("IDEA") on October 27, 2006. Ms. Rodriguez' request seeks prospective payment for tuition at Winston Preparatory School ("Winston") for the alleged denial of a free appropriate public education ("FAPE") to her son Robert Rios for the 2006 – 2007 school year.  This request for an impartial hearing is brought under case number 107814. (Exhibit A).

Previously, on August 18, 2006, Ms. Rodriguez, through her attorney Warren Sinsheimer, requested an impartial hearing pursuant to the IDEA for prospective payment for tuition at Winston.  This is the same request as case number 107814, alleging a denial of FAPE

to her son Robert for the 2006 – 2007 school year.  That request for an impartial hearing was brought under case number 106010.  (Exhibit B).  Thus, not only were the same allegations raised, but the same relief was sought in that request as is being sought in the current request for impartial hearing.

The impartial hearing for case number 106010 was held on October 4, 2006.  After a full and fair hearing on the merits, a decision in that case was issued by Impartial Hearing Officer ("IHO") Judith Kramer on October 23, 2006.  She denied the parent's requested relief, tuition for Winston for the 2006 – 2007 school year because, "the parent has failed to show on the evidence presented that the placement she has unilaterally chosen is appropriate failing to satisfy one of the <u>Burlington</u> prerequisites." (Exhibit C, p.7).  After deciding the case on the merits, the IHO then dismissed the case without prejudice.  The parent was represented by an attorney, chose which witnesses she wanted to testify on her behalf, and what evidence to submit.  A full and fair hearing was held on October 4, 2006.  The parent did not sustain her burden of proving that Winston was an appropriate placement for Robert.  Thus, there was no basis for dismissing the case without prejudice.  The case was decided on the merits, and should have been dismissed with prejudice.  The DOE has the case under consideration for appeal.

After having received all the documentary evidence, and having heard all the testimonial evidence, on October 23, 2006, IHO Kramer decided this case on the merits.  She held, "the parent has failed to establish that the child's placement at Winston is appropriate." (Exhibit C, p. 8).  The parent, in conjunction with her attorney, Warren Sinsheimer, decided what evidence they would present at the hearing, and which witnesses would testify on behalf of the parent.

Although her request for Tuition at Winston for the 2006 – 2007 school year was denied on October 23, 2006, four days later, on October 27, 2006, the parent filed the current request (case number 107814), seeking the same relief as in her original request (case number 106010).  The parent was unable to prove her case on October 23, 2006, because Robert was not at Winston for a long enough time period.  Yet, four days later, Robert was at Winston long enough in order to prove her case?  This defies logic.  Since this issue has been decided, and the parent's

claim for tuition was already denied by IHO Kramer, and no appeal has been taken by the parent, this claim cannot now be re-litigated.

Thus, the parent's current request for an impartial hearing, seeking tuition at Winston for the 2006 – 2007 school year, for an alleged deprivation of FAPE, has already been decided, and should be denied.

## THE PARENT'S CLAIM SHOULD BE DISMISSED WITH PREJUDICE PURSUANT TO THE PRINCIPLE OF RES JUDICATA

The previous action involved an adjudication on the merits. A hearing was held where the parent had a full and fair opportunity to present her case. Ms. Rodriguez testified on her own behalf at the hearing. She also chose to have Ms. Sugarman, Director of Operations at Winston testify. She chose not to submit any evidence of Robert's progress at Winston. Ms. Rodriguez' claim for tuition at Winston for the 2006 – 2007 school year, based upon an alleged denial of FAPE, was litigated. Ms. Rodriguez' request for tuition was denied by IHO Kramer, after having heard the case, and deciding on the merits of Ms. Rodriguez' claim. Although IHO Kramer dismissed the case without prejudice, the case was still heard, and decided, on the merits. Since the case was heard on the merits, there was no basis for dismissing it without prejudice. Thus, the parent should not be entitled to an entirely new hearing, so she may try to prove her case a second time.

## A) THE PARENTS CLAIM SHOULD BE DISMISSED UNDER THE DOCTRINE OF RES JUDICATA AS THERE HAS BEEN A FULL AND FAIR HEARING ON THE MERITS OF THIS CASE

It is well settled, the doctrine of res judicata, or claim preclusion, holds that a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were, or could have been, raised in a prior proceeding. Allen v. McCurry, 449 U.S. 90, 94; 66 L.E.2d 308, 101 S.Ct. 411 (1980); Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994); Marvel Characters, Inc. v. H. Simon, 310 F.3d 280, 286-287 (2d Cir. 2002); Application of a Child with a Disability, Appeal No. 04-099, *citing* Application of a Child with a Disability, Appeal No. 04-061, *quoting* Perez v. Danbury Hosp., 347 F.3d 419 (2d Cir. 2003). Here, a prior proceeding, an impartial hearing, was held under case number 106010. In her prior request, and

at the prior hearing, the parent raised the issue that Robert did not receive a FAPE for the 2006 – 2007 school year and that, as a result, she should be entitled to prospective tuition payments for the 2006 – 2007 school year for her unilateral placement of Robert at Winston. The parent was represented by attorney Warren Sinsheimer. A final decision, on the merits, was issued by IHO Kramer on October 23, 2006. Thus, the parent may not now raise these same issues again, and make the same claim for prospective tuition which was already denied. The case was adjudicated on the merits and she may not relitigate it. In this, her second request (case number 107814) for prospective tuition for the 2006 – 2007 school year at Winston, Ms. Rodriguez is again making the same claim which was already denied by IHO Kramer on October 23, 2006. She is again alleging Robert did not receive a FAPE for the 2006 – 2007 school year. She is again claiming that she is entitled to prospective tuition at Winston, a school placement she made unilaterally, for the 2006 – 2007 school year. Warren Sinsheimer once again, represents her. This second request was brought on October 27, 2006, four days after her first request was denied. If a parent were able to relitigate a case every time they were dissatisfied with the outcome, it would defeat the purpose of holding a hearing, or issuing a final order. This would obviate the finality of any decision, and fly in the face of judicial economy. "The primary purposes of res judicata are grounded in public policy concerns and are intended to ensure finality, prevent vexatious litigation and promote judicial economy." Chen v. Fischer, 6 N.Y.3d 94 (2005). The principle that an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions, and facts in issue, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction. Ballentine's Law Dictionary (3d ed., Lexis Law Publishing 1969).

### i)       Res Judicata applies to Adiminstrative proceedings

The principles of res judicata most certainly apply to administrative proceedings brought under the Individuals with Disabilities Education Act ("IDEA"). See, Application of a Child Suspected of Having a Disability, Appeal No. 03-071 and D.R. v. East Brunswick Board of Ed., 838 F. Supp. 184 (D. New Jersey 1993). The State Review Officer ("SRO") has held that a party to an administrative proceeding may be precluded from relitigating a claim if the issue was previously determined in a prior administrative proceeding. Application of a Child with a

<u>Disability</u>, Appeal No. 93-40, and <u>Bernstein v. Birch Wathen School</u>, 51 N.Y.2d 932 (1980). Here, Ms. Rodriguez is attempting to relitigate a claim for tuition at Winston for the 2006 2007 school year, which was denied at a prior hearing.  "A decision made in an impartial due process hearing under the IDEA and Article 89 of the Education Law is final unless a party to the hearing appeals the decision." <u>Application of a Child with a Disability</u>, Appeal No. 98-16. "The principles of res judicata precludes petitioner's attempt here to relitigate identical claims or issues that have already been brought to a final conclusion." <u>Application of a Child with a Disability</u>, Appeal No. 05-059.  SEE ALSO: <u>Murphy v.</u> Gallagher, 761 F.2d 878 (2d Cir. 1985). <u>State v. Wear</u>, 145 Mo 162, 192, 46 SW 1099; <u>O'Brien v. City of Syracuse</u>, 54 N.Y.2d 353 1981) *("Once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy.")*

     **ii)**    **The Parent in the case was represented by counsel in both cases.**

Additionally, the litigation decision of when to file for an impartial hearing was made by Ms. Rodriguez in conjunction with her attorney, Warren Sinsheimer.  She had a choice as to when she would file her request for impartial hearing, and which witnesses she would call to testify on her behalf.  If Ms. Rodriguez' counsel filed her request (case number 106010) too soon, or did not call witnesses who were able to help her prove her case, and as a result, she was unable to prove her case, that was the choice she and her attorney made.  She is obviously not unhappy with her attorney as she is using the same counsel for the second hearing in the case before us. She should not be able to retry her case because of a tactical or strategic decision made by herself and her attorney, which did not work out favorably for them.  If the reason Ms. Rodriguez was unable to present enough evidence in order to prove her case, was because her impartial hearing request (case number 106010) was filed too soon, then that is an issue that should be addressed with her attorney, Mr. Sinsheimer.  She may wish to consider making a legal malpractice claim.  However, she should not be allowed to relitigate her case because of a bad, or unwise, strategic decision made by her, and her attorney.

### iii) The doctrine of privity bars the case from being re-heard.

The previous action involved the plaintiffs or those in privity with them. The first hearing was brought by Ms. Rodriguez on behalf of her son Robert Rios, against the New York City Department of Education. The same exact parties are again part of this the second request for the same relief, which has already been denied. In <u>Application of a Child with a Disability</u>, Appeal No. 04-061, the State Review Officer held, "I am troubled by the extremely close proximity of the two hearing requests, involving the same parties in privity, same child, same advocate, same school year, and very similar issues."

### iv) Both the new request for tuition at Winston for the 2006 – 2007 school year and the case that already denied that request, arise from the same transaction.

The new request (107814) arises from the same transaction as the original request (106010). The transaction is the October 27, 2005 individualized education plan ("IEP"). In the new request, the parent states the October 27, 2005 IEP was defective because the legally required participants were not present at the IEP review meeting (educational planning conference). The parent also claims that Robert made minimal progress in his special education class, and thus, his placement was inappropriate. The old request (106010) also states the October 27, 2005 IEP was defective because the legally required participants were not present at the IEP review meeting (educational planning conference). The parent is again claiming that Robert made minimal progress in his special education class, and thus, his placement was inappropriate. Whether or not the first judgment will have preclusive effect depends in part on whether the same transaction or series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first case <u>NLRB v. United Technologies, Corp.</u>, 706 F.2d 1254, 1260 (2d Cir. 1983).

**B.  THE TIME TO APPEAL IHO NO. 106010 HAS NOT EXPIRED AND THEREFORE THE FIRST DECISION IS NOT FINAL**

The parties have 35 days (Regulations of the Commissioner of Education §279.2(b)) from October 23, 2006, the date of IHO Kramer's decision, to appeal a decision, but thus far, the DOE has not received notice that the parent is choosing to do so.  On the same point the DOE is also considering whether it will appeal the case.  If this second case is allowed to go forward there could be litigation in dual forums.

**C. ALLOWING PARENTS TO FILE MULTIPLE REQUESTS FOR THE SAME RELIEF WOULD ALLOW PARENTS TO JUDGE SHOP**

If parents are allowed to request a new hearing, based upon the same exact set of facts and circumstances, seeking the exact same relief as was previously sought, and denied, in another hearing, it would, in essence, allow the parent to pick which hearing officer they want to hear their case.  If they are not happy with the final decision of one hearing officer, they can simply file a new impartial hearing request with the same allegations being made as were made in their original request, and seeking the same relief.  This would be akin to judge shopping, and as such, the case should be dismissed.  The State Review Officer has held, "the proper remedy for such judge shopping is an immediate dismissal of the claim(s) that were the subject of the prior proceeding."  Application of a Child with a Disability, Appeal No. 04-061.  Filing numerous requests for impartial hearing, where the same issues are raised and the same claim for relief is being made is not only a waste of time, but a waste of precious resources.  "Attempts at judge shopping are a misuse and manipulation of the administrative process, as well as a improper use of time, money, and resources more appropriately spent on providing proper services to students with disabilities."  Application of a Child with a Disability, Appeal No. 04-061, *citing* Application of a Child with a Disability, Appeal No. 01-037.  "To allow parties to file multiple due process requests on the same school year in an effort to obtain a hearing officer of their choice would not only defeat and undermine the carefully crafted rotation selection process set up by state regulations, but would also unnecessarily bog down school districts in numerous

duplicative requests for hearings as parents attempt to get the hearing officer of their choosing appointed." <u>Application of a Child with a Disability</u>, Appeal No. 04-061.

### III. CONCLUSION

In order to prove the affirmative defense of res judicata, a party must show that 1) the previous action involved an adjudication on the merits; 2) the previous action involved the plaintiffs or those in privity with them; and 3) the claims asserted in the subsequent action were, or could have been raised in the prior action. <u>Allen</u>, supra; <u>Burgos</u>, supra; <u>Chase Manhattan Bank, N.A. v. Celtox Corp.</u>, 56 F.3d. 343, 345-346 (2d Cir. 1995). Here, the previous action (106010) was adjudicated on the merits. A decision was rendered denying Ms. Rodriguez' request for the tuition at Winston for the 2006 – 2007 school year. The previous action (106010) involved the same parties, Ms. Rodriguez who brought the request through her attorney, Warren Sinsheimer, on behalf of her son Robert Rios, and the DOE. The tuition claim in this action (107814) was not only raised, but was decided (by final order) in the prior action (106010). Since the Department of Education has met its burden of this three prong test, Ms. Rodriguez' request must be denied in its entirety. "Principles of res judicata and collateral estoppel support the concept that once an issue or claim is dismissed in one proceeding, principles of finality dictate that it may not then be the subject of another proceeding." <u>Application of a Child with a Disability</u>, Appeal No. 04-061.

Based upon the foregoing, the DOE respectfully requests that parent's request for prospective tuition, under case number 107814, must be denied, and the claim dismissed with prejudice in its entirety.

Dated: November 17, 2006

<div style="margin-left:3em">

*Mary Beth Macina*
Mary Beth Macina, Esq.
Regional Counsel for Special Education
3450 E. Tremont Ave., 2nd Fl.
Bronx, NY 10465
(718) 794-7468

</div>

# EXHIBIT R

**NEW YORK CITY DEPARTMENT OF EDUCATION**
**IMPARTIAL HEARING OFFICE**

--------------------------------------------------------------------

**In the Matter of**

Robert Rios

**IHO Case no. 107814**

--------------------------------------------------------------------

## PARENT'S ANSWER TO MOTION TO DISMISS

1. The parent admits of the facts set forth in The New York City Department of Education's (hereafter "the Department") motion except:

      Parent alleges that the Hearing Officer had good cause to dismiss the case without prejudice. The Hearing Officer was the trier of the facts, heard the witnesses and made a decision to dismiss the case "without prejudice". A new Hearing Officer who has no first hand knowledge of the case should not overturn a decision of another Hearing Officer. That is the purpose of the appellate provisions of the New York State Education Law and the regulations promulgated pursuant to it. The question of the authority of the Hearing Officer in the first case to dismiss the case "without prejudice" now has been appealed to the State Review Officer (herafter SRO) by the Department and will be decided there in due course. At the present time the law of the case is "…relief may not be granted because the parent failed to establish that the child's placement at Winston is appropriate. *Such denial is, of course, without prejudice* and may be renewed after the child has been at Winston for a longer period of time when the parent may be in a better position to prevent evidence that Winston is providing the child with educational benefits." (Emphasis supplied)[1]

-----------------------------

[1] Finding of Fact and Decision of Hearing Officer Judith T. Kramer, Esq. dated October 23, 2006

2. Parent denies the allegation contained in the Motion to dismiss which indicates that not enough time passed between the date of the decision in the first hearing and the filing of the request for the current hearing.

Counsel for the Department either purposely or inadvertently is misleading the Hearing Officer. On October 4, the Hearing Officer in the first hearing (#106010) heard the testimony concerning the appropriateness of the placement of this child. The time that elapsed until the filing of the request for an Impartial hearing in the current was 13 days, not 4 as stated in the Department's motion. In addition, this matter could not have been heard until the expiration of 30 days from the day it was filed. As of the date of this memorandum 62 days have passed since the first hearing. In the normal course of events, the hearing in this matter would not have taken place for several weeks thereafter. This has been more than sufficient time for the Winston Preparatory School personnel to have assessed Robert's progress. Parent attaches hereto the most recent report for Winston Preparatory School, which indeed does show significant progress since Robert started to attend Winston.

3. It is clear from the decision of IHO Kramer that she anticipated that evidence would be available after Robert had attended Winston for a longer period of time and she, having heard all of the evidence, determined to allow the parent present evidence concerning prong two of Burlington at a later date. She could not have intended the doctrine of *res judicata* to prevent the parent from proceeding to prove that Winston was an appropriate placement for Robert.

It is "axiomatic that a party seeking to assert *res judicata* or claim preclusion must show the existence of a prior judgment on the merits." Miller Mfg. Co. v. Zeiler, 383 N.E.2d 1152, 1152 (N.Y. 1978). "It is well established that a dismissal without prejudice has no *res judicata* effect on a subsequent claim." Camarano v. Irvin, 98 F.3d 44, 47 (2d Cir. 1996)); see also City of New York v. Caristo Constr. Corp., 463 N.Y.S.2d 17, 17

(N.Y. App. Div., 1st Dep't 1983) ("[T]he phrase 'without prejudice' literally and precisely means that the judgment in the first action shall not prejudice, i.e., bar, the later action."). "Indeed, that a court explicitly dismisses an action 'without prejudice' . . . 'surely indicates a refusal to rule upon the merits of those causes of action . . . .'" Raine v. Paramount Pictures Corp., 1998 WL 655545, at *8 (S.D.N.Y. Sept. 24, 1998) (quoting Zeiler, 383 N.E.2d at 1152); see also In re Fischer, 252 B.R. 603, 609 (Bankr. E.D.N.Y. 2000) ("'A dismissal of an action *without prejudice* is an indication that the judgment is not on the merits and will therefore have no preclusive effect.'" (quoting 18 James Wm. Moore, et al., Moore's Federal Practice § 131.54(1) (3d ed. 1997)).

Under the New York Civil Practice Law and Rules, "[a] judgment dismissing a cause of action after the close of the proponent's evidence is a dismissal on the merits *unless it specifies otherwise.*" N.Y. C.P.L.R. 5013 (McKinney 2006) (emphasis added). As such, a "court has discretion to specify whether its order dismissing a claim is to have *res judicata* effect." Stacy "O" v. Donald "P", 525 N.Y.S.2d 385, 386 (citing N.Y. C.P.L.R. 5013); see also Susan A. v. John K., 759 N.Y.S.2d 417, 417 (N.Y. App. Div., 4th Dep't 2003) (holding that, under C.P.L.R. 5013, "Family Court is vested with discretion to dismiss a petition without prejudice, even after the close of petitioner's proof").

A court properly offsets the presumption in C.P.L.R. 5013 and "invokes its 'power to dismiss without prejudice' in situations where 'there has been a failure of proof' and the court 'believes that the plaintiff's claim is meritorious and that the plaintiff should be given another opportunity to establish the cause of action.'" Raine, 1998 WL 655545, at *7 (quoting 10 Jack B. Weinstein et al., New York Civil Practice: CPLR ¶ 5013.03 (Matthew Bender rel. no. 71, 1994 & Supp. 1998)). "The courts do not favor the

3

preclusion of a second action where the dismissal of the first was for a failure of proof." Watkins v. Pac. Fin. Corp., 20 N.Y.S.2d 599, 601 (N.Y. App. Div., 2d Dep't 1940); see also Champion Int'l Corp. v. Dependable Indus. Corp., 367 N.Y.S.2d 273, 275 (N.Y. App. Div., 1st Dep't 1975) (same (quoting Watkins)), appeal dismissed, 337 N.E.2d 119 (N.Y. 1975).

Thus, "where a plaintiff has failed to establish a prima facie case, but it appears that proof which would support a prima facie case is available, the complaint should be dismissed 'without prejudice.'" Kilduff v. Donna Oil Corp., 424 N.Y.S.2d 282, 284 (N.Y. App. Div. 2d Dep't 1980) (quoting Giglio v. Haber, 243 N.Y.S.2d 539 (N.Y. App. Div., 2d Dep't 1963)); see also Raine v. Viacom Int'l Inc., 638 N.Y.S.2d 81, 81 (N.Y. App. Div., 1st Dep't 1996) (holding that dismissal at close of plaintiff's case was "correctly . . . [made] without prejudice, because the disposition was based on lack of evidence which might become available at some point in the future"); Lewis v. Barsuk, 389 N.Y.2d 952, 953 (N.Y. App. Div., 4th Dep't 1976) (holding that, where there was failure of proof on part of plaintiff, plaintiff should be granted new trial "[i]nasmuch as the proof necessary to sustain each cause of action is available to plaintiff"); Champion Int'l Corp., 367 N.Y.S.2d at 275 (holding that dismissal of plaintiff's action for failure of proof should have been made without prejudice because it "clearly appear[ed]" that plaintiff's proof against defendant was available); Roland v. Hubbard, 318 N.Y.S.2d 644, 644 (N.Y. App. Div., 1st Dep't 1971) (holding that dismissal at close of plaintiff's case for failure of proof should have been made without prejudice, as "plaintiff should have been afforded the opportunity by means of a simple nonsuit to endeavor to procure and present the necessary evidence if available"); Giglio, 243 N.Y.S.2d at 539 (holding that

dismissal of complaint at close of plaintiff's case should have been made without prejudice, since proof was "available to plaintiff which w[ould] readily enable him to establish a prima facie case"); Watkins, 20 N.Y.S.2d at 601 (holding that where there was failure of proof on part of plaintiff, "dismissal was properly rendered without prejudice").

"It would be inequitable to preclude a party from asserting a claim under the principle of *res judicata*, where . . . '[t]he court in the first action has expressly reserved the plaintiff's right to maintain the second action.'" Parker v. Blauvelt Volunteer Fire Co., 712 N.E.2d 647, 650 (N.Y. 1999) (quoting Restatement (Second) of Judgments § 26(1)(b) (alteration in original)).

A number of SRO decisions are also relevant:

**Application of the Bd. Of Educ. Of the Springville-Griffith Inst. Cent. Sch. Dist., Appeal No. 04-085:**

> **Facts:** The student's father requested Hearing 1. On the first day of Hearing 1, the school district presented one witness, but that witness's testimony was not completed. The impartial hearing officer (IHO) scheduled additional hearing dates, but the hearing did not go forward on those dates. The IHO advised the parties in writing that if hearing dates were not scheduled or the matter was not otherwise concluded by a particular date, he would dismiss the hearing request without prejudice. After the specified date passed, the IHO granted the school district's request to dismiss the father's hearing request. The order of dismissal did not state that the dismissal was without prejudice, but it included language from the IHO's prior correspondence to the parties regarding dismissal without

prejudice. The father appealed from the order of dismissal but later withdrew his appeal. The day after the father filed his appeal, the student's mother filed a hearing request based on virtually the same issues as those presented in the father's hearing request. The school district moved to dismiss the mother's hearing request. The IHO for Hearing 2 denied the school district's motion.

**Holding**: "Absent any evidence to the contrary, and consistent with the impartial hearing officer's prior representation to the parties, I find that the dismissal of Hearing 1 was without prejudice, thus providing an allowance to refile the appeal. Accordingly, I am constrained to find that the impartial hearing officer was correct in not dismissing the hearing request [in Hearing 2]." (citation omitted)

### Application of a Child with a Disability, Appeal No. 98-46:

**Facts**: Parent filed a request that a previous impartial hearing be reopened. The IHO set a hearing date, but neither party appeared on that date. The IHO dismissed the case without prejudice and indicated that she would not retain jurisdiction over the matter, but stated that the school district had to comply with the directives of her interim order regarding subpoenas, etc.

**Holding**: The SRO dismissed the appeal as premature, reasoning that: (1) the IHO's determinations regarding the scope of the hearing and witnesses were preliminary decisions that could not be reviewed; and (2) the IHO's dismissal without prejudice was not a final determination.

6

**Relevant language**: "*With regard to the hearing officer's dismissal without prejudice, I find that her decision is not a final determination.* (Emphasis supplied) Petitioner's obvious remedy is to request a new hearing."

In the case at bar it was clear to the Hearing Officer that the Parent would have proof available to establish the appropriateness of Winston for Robert after Robert had attended Winston for a longer time and she quite consciously invoked her right under CPLR 5013 to dismiss without prejudice. To hold otherwise would due violence to reason.

4. The suggestion of counsel for the Department that the parent "…may wish to consider making a legal malpractice claim" is gratuitous and malicious and is unworthy of counsel for the Department.

5. The claim of "judge shopping" is ludicrous. The parent will not comment further except to point out that Impartial Hearing Officer, not the parent dismissed the claim "without prejudice".

6. It is also unnecessary to respond to the allegation that Robert was on a scholarship at Winston. The testimony in the record is that the tuition was $38,500. There is not one word in the record that could lead to the conclusion that Robert had received a scholarship.

7. The parent requests that the Hearing Officer dismiss the motion of the Department and to set a hearing date for this matter at a time after the State Review Officer has decided the appeal in the prior Hearing (#106010).

The issue that the Department is asking the Hearing Officer to decide is precisely the issue that is now before the SRO. The Department, not the parent, brought both this motion to dismiss and the appeal to the SRO. It should not be permitted to litigate the same issue, at the same time, in two forums. If this motion were decided in favor of the Department and the parent prevailed in the SRO, the parent would have the right to have

a hearing on prong two of Burlington.[2] The parent would then have to bring commence still another hearing or would have to appeal the Hearing Officer's decision to the SRO. It the Department prevails in the SRO, the decision on its motion is irrelevant.

**The parent respectfully requests the Hearing Officer to dismiss this motion and to set a hearing date for this matter within a reasonable time after the SRO has published its decision in Case # 106010**

Dated: December 4, 2006          LEGAL SERVICES FOR CHILDREN
                                 Attorneys for Robert Rios

                                 By: Warren J. Sinsheimer
                                 271 Madison Avenue, 17th Floor
                                 New York, NY 10016
                                 (212) 683-7999 x 222

---

[2] Prongs one and thee of *Burlington* have been decided in the prior hearing and are not the subject of the appeal to the SRO. Consequently, neither of them can be the subject of a new hearing.