UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
G.R., as Parent and Natural Guardian
o/b/o R.R., an Infant,

      -against-

NEW YORK CITY DEPARTMENT OF      Docket No.
EDUCATION,      07 Civ. 4711 (TPG)

      Defendant.
------------------------------------------------------X


# STATEMENT OF MATERIAL FACTS
# PURSUANT TO LOCAL CIVIL RULES, RULE 56.1


WARREN J. SINSHEIMER (WS 9906)
Attorney for Plaintiff
PARTNERSHIP FOR CHILDREN'S RIGHTS
271 Madison Avenue, 17th Floor
New York, New York 10016
212-683-7999, ext. 222
(212) 683-7999 ext. 226

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
G.R., as Parent and Natural Guardian
o/b/o R.R., an Infant,

              -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION,
              Defendant.
------------------------------------------------------X

Docket No.
07 Civ. 4711 (TPG)

STATEMENT OF MATERIAL
FACTS PURSUANT TO LOCAL
CIVIL RULES, RULE 56.1

      Plaintiff submits this statement of material facts as to which she contends there is no genuine issue to be tried.

      1. Plaintiff is the mother of Robert Rios, born on September 6, 1995. Evidence: Complaint, paras. 8, 12; Gloria Rodriguez Affidavit, para. 1; Plaintiff's Exhibit B, p. 4.

      2. In the 2006-2007 school year, Robert was a sixth-grade student at Winston Preparatory School (WPS), a private special education school that specializes in the instruction of learning disabled and speech/language impaired students. Evidence: Complaint, para. 13; Gloria Rodriguez Affidavit, para. 3; Plaintiff's Exhibit B, pp. 7, 10.

      3. From kindergarten through fifth grade, Robert attended New York City public schools and was classified either as learning disabled or speech/language impaired. Evidence: Complaint, para. 14; Gloria Rodriguez Affidavit, para 4; Plaintiff's Exhibit B, pp. 4-5.

      4. In September 2002, when Robert was in a second-grade self-contained special education class in public school, his teacher reported that he was withdrawn, over-anxious, unfocused and shy, had panic attacks, and had difficulty in listening and attending. He rarely

spoke to adults, and remembered what he learned only short-term. Evidence: Complaint, para. 15; Gloria Rodriguez Affidavit, para. 5; Plaintiff's Exhibit B, p. 5.

5. During second-grade testing performed by the defendant, Robert was unable to read a passage at the first-grade level, and was unable to answer any comprehension questions after being read a pre-primer story. His math skills tested at two years below grade level. Evidence: Complaint, para. 16; Gloria Rodriguez Affidavit, para. 6; Plaintiff's Exhibit B, pp. 5-6.

6. Three years later, in September 2005, when Robert was in fifth grade, triennial testing showed that his academic skills had not progressed relative to his peers: In fact, his reading had fallen to between two and three years below grade level, and his math skills had fallen to between three and four years below grade level. Evidence: Complaint, para. 17; Gloria Rodriguez Affidavit, para. 7; Plaintiff's Exhibits E, F, G.

7. Robert remained in a self-contained special education class in public school through the end of fifth grade (the 2005-2006 school year). Evidence: Complaint, para. 18; Gloria Rodriguez Affidavit, para. 8; Plaintiff's Exhibit E.

8. During the 2005-2006 school year, the defendant's Committee on Special Education (CSE) held no meeting, issued no Individualized Education Program (IEP), and recommended no placement for Robert for his sixth grade, 2006-2007 school year. Evidence: Complaint, para. 19; Gloria Rodriguez Affidavit, para. 9; Plaintiff's Exhibit B, pp. 2, 9.

9. Through her attorney, plaintiff gave written notice on August 17, 2006 that she was withdrawing Robert from public school. Evidence: Complaint, para. 20; Gloria Rodriguez Affidavit, para. 10; Plaintiff's Exhibit I.

10. Plaintiff unilaterally enrolled Robert in WPS. Evidence: Complaint, para. 20; Gloria Rodriguez Affidavit, para. 10; Plaintiff's Exhibit B, pp. 7, 10.

11. Plaintiff requested an Impartial Hearing to obtain an order of tuition payment by the defendant. Evidence: Complaint, para. 20; Gloria Rodriguez Affidavit, para. 10; Plaintiff's Exhibit A.

12. WPS's tuition for the 2006-2007 school year was $38,750.00, including a required deposit at the time of enrollment of $3,875.00. Evidence: Complaint, para. 21; Gloria Rodriguez Affidavit, para. 11; Plaintiff's Exhibits B, p. 18; Plaintiff's Exhibit H.

13. To pay the deposit, plaintiff applied for and obtained a bridge loan from The Fairness Fund, a not-for-profit entity that provides loans for low-income parents to enable them to enroll their children in appropriate private special education schools. Evidence: Complaint, para. 22; Gloria Rodriguez Affidavit, para. 12; Plaintiff's Exhibit B, p. 15.

14. Pursuant to the loan agreement signed by WPS and the plaintiff, the Fairness Fund paid Robert's deposit of $3,875.00 to WPS on plaintiff's behalf; WPS agreed to refund to the Fund the $3,875.00 deposit when it receives the full tuition payment; and the plaintiff became obligated to repay the loan if she receives a tuition payment from the defendant. Evidence: Complaint, para. 23; Gloria Rodriguez Affidavit, para. 13; Plaintiff's Exhibit B, p. 15.

15. As a condition of enrolling Robert in WPS for the 2006-2007 school year, plaintiff signed an enrollment agreement obligating her to pay for the $38,750.00 tuition to WPS. Evidence: Complaint, para. 24; Gloria Rodriguez Affidavit, para. 14; Plaintiff's Exhibit H.

16. Plaintiff is not financially able to pay the WPS tuition in advance, and thereafter seek reimbursement from the defendant. Evidence: Complaint, para. 25; Gloria Rodriguez Affidavit, para. 15; Plaintiff's Exhibit B, pp. 8, 12, 13; Plaintiff's Exhibit J.

17. Through an Impartial Hearing, she sought a prospective order of direct tuition payment by the defendant to WPS. Evidence: Complaint, para. 25; Gloria Rodriguez Affidavit, para. 15; Plaintiff's Exhibit A.

18. At the Impartial Hearing, held on October 4, 2006 before Impartial Hearing Officer (IHO) Judith T. Kramer, Esq., the defendant conceded that it had not offered Robert a free appropriate public education (FAPE) for the 2006-2007 school year, as required by the Individuals With Disabilities Education Act (IDEA) and the New York State Education Law. Evidence: Complaint, para. 26; Warren J. Sinsheimer Declaration, para. 18; Plaintiff's Exhibit B, p. 2.

19. At the October 4, 2006 Impartial Hearing, testimony was given by the plaintiff and by Beth Sugarman, WPS's Director of Operations and Educational Research. Evidence: Complaint, para. 27; Warren J. Sinsheimer Declaration, para. 19; Plaintiff's Exhibit B.

20. On October 23, 2007, IHO Kramer issued her decision. She found that the defendant, as conceded, had failed to offer Robert a FAPE for the 2006-2007 school year, and that no equitable considerations precluded the parent from obtaining an order of tuition payment to WPS by the defendant. Evidence: Complaint, para. 28; Warren J. Sinsheimer Declaration, para. 20; Plaintiff's Exhibit D.

21. The IHO found, however, that because the hearing was held on October 4, 2006, at a time when the 2006-2007 school year had just begun, before evidence of educational progress at WPS could be obtained, the record contained insufficient evidence that WPS was an appropriate placement for Robert. She therefore denied plaintiff's request for an order of tuition payment "without prejudice." Evidence: Complaint, para. 29; Warren J. Sinsheimer Declaration, para. 21; Plaintiff's Exhibit D, pp. 8-9. .

22. In her decision, the IHO stated: "Such denial is, of course, without prejudice and may be renewed after the child has been at WPS for a longer period of time when the parent may be in a better position to present evidence that WPS is providing the child with educational benefits and is thus, appropriate for the child." Evidence: Complaint, para. 30; Warren J. Sinsheimer Declaration, para. 22; Plaintiff's Exhibit D, pp. 9-10.

23. The defendant appealed the IHO's decision to the State Review Office (SRO) of the New York State Education Department, only insofar as the IHO denied tuition payment "without prejudice." It did not appeal the IHO's findings that it failed to provide Robert with an appropriate educational program for 2006-2007, or that there were no equitable reasons to preclude plaintiff from receiving an award of tuition at WPS for that school year. Evidence: Complaint, para. 31; Warren J. Sinsheimer Declaration, para. 23; Plaintiff's Exhibit L.

24. The defendant maintained that the IHO lacked legal authority to deny a parent's tuition request without prejudice to a renewal of the request in a second Impartial Hearing later in the school year when evidence of the child's educational progress became available. Evidence: Complaint, para. 31; Warren J. Sinsheimer Declaration, para. 23; Plaintiff's Exhibit L, pp 14-16.

25. Plaintiff answered the defendant's petition, maintaining that the IHO's action of dismissal without prejudice was appropriate and permissible; and cross-appealed, maintaining that the evidence in the hearing record was sufficient for an order directing the tuition payment. Evidence: Complaint, para. 32; Warren J. Sinsheimer Declaration, para. 24; Plaintiff's Exhibit M.

26. On February 9, 2007, in Appeal No. 06-133, the SRO sustained the defendant's appeal and dismissed plaintiff's cross-appeal. Evidence: Complaint, para. 33; Warren J. Sinsheimer Declaration, para. 25; Plaintiff's Exhibit O.

27. Ruling that it was error for the IRO to dismiss plaintiff's tuition request without prejudice, the SRO stated: "I find that the impartial hearing officer rendered a decision adjudicating [the parent's] claim on the merits." Evidence: Complaint, para. 34; Warren J. Sinsheimer Declaration, para. 26; Plaintiff's Exhibit O, p. 4.

28. Regarding the plaintiff's cross-appeal, the SRO stated: "I concur with the impartial hearing officer that [the parent] has not met her burden of demonstrating that the services provided by WPS were appropriate to meet the student's education needs." Evidence: Complaint, para. 35; Warren J. Sinsheimer Declaration, para. 27; Plaintiff's Exhibit O, p. 4.

29. SRO in his decision stated: "As a final note, the record indicates that [the parent's] son can be appropriately educated in a public school setting and there is no evidence suggesting that [the defendant] cannot meet the student's special education needs. Accordingly, a CSE should reconvene as soon as possible and offer the student an appropriate program and placement for the 2006-07 school year consistent with the requirements of the [IDEA]." Evidence: Complaint, para. 36; Warren J. Sinsheimer Declaration, para. 28; Plaintiff's Exhibit O, p. 5.

30. While the defendant's appeal to the SRO was pending, plaintiff requested a second Impartial Hearing request, in accordance with IHO Kramer's October 23, 2006 decision in the first hearing dismissing the case without prejudice to re-filing when evidence of progress at WPS was available to demonstrate that it was an appropriate educational placement for Robert. Evidence: Complaint, para. 37; Warren J. Sinsheimer Declaration, para. 29; Plaintiff's Exhibit P.

31. In this second Impartial Hearing, Case No. 107814, IHO Mary Noe, Esq. held the record open until the conclusion of the parties' pending appeal and cross appeal before the SRO. After the SRO issued its ruling on February 9, 2007, IHO Noe on February 15, 2007 dismissed

the hearing request. Evidence: Complaint, para. 38; Warren J. Sinsheimer Declaration, para. 30; Plaintiff's Exhibit S.

32. Although the SRO's February 9, 2007 decision under review ordered the defendant to create an appropriate program for Robert for the 2006-2007 school year, it never did so. It issued no new IEP until after the 2006-2007 school year was over, and it never offered Robert a specific placement for the 2006-2007 or the 2007-2008 school years. Evidence: Gloria Rodriguez Affidavit, para. 18.

Dated: December 7, 2007

_____
WARREN J. SINSHEIMER (WS 9906)
Attorney for Plaintiff
PARTNERSHIP FOR CHILDREN'S RIGHTS
271 Madison Avenue, 17th Floor
New York, New York 10016
212-683-7999, ext. 222