UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

G.R., as Parent and Natural Guardian o/b/o R.R., an Infant,

                                               Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

                                               Defendant.

**DEFENDANT'S LOCAL RULE 56.1 STATEMENT OF UNDISPUTED FACTS**

07 CV 4711 (TPG) (RLE)

------------------------------------------------------------------------ X

       Pursuant to Rule 56.1 of the Local Rules of this Court, defendant submits that the following facts are undisputed:

       1.    At the start of the 2006-2007 school year, R.R. (the "Student") was an 11 year old boy who had been classified as a student with a disability.  *See* Exhibit ("Exh.") E at 1.[1]

       2.    The Student had attended public school through the fifth grade, most recently attending P.S. 96 as a fifth grader during the 2005-2006 school year.  Exh. B at 5.

       3.    The Student's most recent Individualized Education Program ("IEP"), dated October 7, 2005, classified him as speech and language impaired and recommended a special class with a 12:1:1 ratio.  The IEP also recommended the Student receive the related services of counseling and speech and language therapy.  Exh. E at 1, 13.

       4.    Plaintiff unilaterally placed the Student at the Winston Preparatory School ("WPS"), a non-approved, private school for special education students, for the 2006-2007 school year, the Student's sixth grade year.  Exh. B at 7, 18, 20.

---

[1] Citations refer to the exhibits submitted by plaintiff with her Motion for Summary Judgment, dated December 7, 2007, as numbered by plaintiff in that submission.

5. After the Student was accepted at WPS, plaintiff retained an attorney and filed a request for an impartial hearing, seeking prospective payments for the cost of the Student's tuition at WPS for the 2006-2007 school year. Exh. A at 1-2.

6. The annual tuition at WPS is $38,750. Exh. B at 18; Exh. H at 1.

7. Plaintiff's annual salary in 2006 was $35,000. Exh. B at 8.

8. In the 2006-2007 school year at WPS, the Student did not receive speech and language therapy. *Id*. at 24.

9. An impartial hearing was held on October 4, 2006, before impartial hearing officer Judith T. Kramer ("IHO Kramer"). Plaintiff presented two witnesses – herself, and Beth Sugarman, WPS' Director of Operations and Educational Research. *Id*. at 2, 4, 17.

10. Plaintiff testified that the Student's fifth grade teacher had told her that the Student might be recommended for a general education program, and that a guidance counselor recommended a charter school as an alternative. *Id*. at 6.

11. Plaintiff did not pursue the charter school, but because she did not want the Student to enter a general education program, she instead researched private schools, eventually settling on WPS. *Id*. at 6-7.

12. Plaintiff testified that the Student is happy at WPS, the classes are easy for him, and he has no problems with his homework. Plaintiff also testified that the Student likes his teacher at WPS better and that everyone is nice and kind. *Id*. at 7-8, 20.

13. Ms. Sugarman testified that, after observing the Student once and speaking with some of his teachers, she was convinced that WPS was providing an appropriate program for the Student. *Id*. at 18, 19, 22.

14. Ms. Sugarman reached this conclusion after being told that the Student was apparently feeling more comfortable in class and that he was receiving one on one instruction from a reading teacher, which allegedly addressed his educational needs. *Id*. at 17-19, 22.

15. Ms. Sugarman admitted that WPS' evaluation of the Student yielded results that were commensurate with DOE testing, but WPS did not provide speech and language therapy to the Student because, as she understood it, WPS does not "necessarily have to provide that service." Id. at 22, 24.

16. IHO Kramer issued her Findings of Fact and Decision, dated October 23, 2006, and denied plaintiff's claim for tuition reimbursement. Exh. D at 10.

17. IHO Kramer held that plaintiff had not met her burden of establishing that WPS was an appropriate placement for the Student, as the evidence presented was "too thin without more to grant an award of tuition payments." IHO Kramer noted that plaintiff presented no evidence regarding the Student's progress, or lack thereof, and that such evidence was crucial for her determination. She opined that because the Student had only been at WPS for a short time, it was possible such evidence did not yet exist. *Id*. at 8-9.

18. IHO Kramer stated that a factor in her determination was the absence of speech and language therapy in the Student's WPS program. IHO Kramer found that such therapy was a primary educational need of the Student's and the parent offered no evidence to show the Student no longer needed the service. *Id*. at 9.

19. Although IHO Kramer found plaintiff had failed to meet her burden, her decision was issued "without prejudice." IHO Kramer gave plaintiff leave to renew her claim

when she might be in a better position to prove that WPS was providing the Student with educational benefits. *Id*. at 9-10.

20. By notice dated November 27, 2006, DOE appealed IHO Kramer's decision to the State Review Officer ("SRO") to the extent IHO Kramer's decision denied plaintiff's claim without prejudice. Exh. L at 11.

21. Plaintiff filed for a second impartial hearing on October 27, 2006. Exh. P at 1-2.

22. DOE moved to dismiss the second claim on principles of res judicata. Exh. Q at 3-6.

23. A second hearing was convened on December 22, 2006 before IHO Mary Noe. Exh. S at 2.

24. IHO Noe did not hear evidence, but instead adjourned the case pending the decision of the State Review Officer (the "SRO") on DOE's appeal. Exh. L at 11; Exh. S at 7.

25. In its appeal, DOE argued that plaintiff, who was represented by counsel, had a full and fair opportunity to present her case and failed to sustain her burden, and that by granting her leave to renew, IHO Kramer was impermissibly allowing her to litigate her claim a second time. Exh. L at 11.

26. Plaintiff answered the DOE appeal, and cross-appealed, arguing that plaintiff presented sufficient evidence at the impartial hearing to establish the appropriateness of the WPS program for the Student. Exh. M at 2.

27. Plaintiff also argued that IHO Kramer was permitted to issue her decision without prejudice. *Id*. at 4-6.

-5-

28. In her cross-appeal, plaintiff attached one exhibit, allegedly demonstrating the progress the Student was making at WPS. This exhibit, a WPS progress update faxed from WPS on November 30, 2006, showed the Student's grades "to date" for the fall semester. *Id*. at 15.

29. The DOE answered the cross-appeal, arguing that IHO Kramer was correct to find plaintiff has not sustained her burden below, but that these findings were final. Exh. N at 4-9.

30. The SRO issued his Decision, dated February 9, 2007, holding that there had been a decision on the merits and that there is no authority for an IHO to deny a claim without prejudice. *Id*. at 3-5.

31. The SRO also agreed with IHO Kramer that plaintiff had not met her burden of establishing the appropriateness of WPS. *Id*. at 4.

32. Having so found, the SRO annulled the portion of IHO Kramer's decision that dismissed plaintiff's claim without prejudice. *Id*. at 5.

33. In light of the SRO's decision, IHO Noe dismissed plaintiff's second impartial hearing request. Exh. T at 3.

Dated:     January 16, 2008
               New York, New York

                        MICHAEL A. CARDOZO
                        Corporation Counsel of the
                         City of New York
                        Attorney for Defendant
                        100 Church Street, Room 2-179
                        New York, New York  10007
                        212-788-0889

                        By: _____/s_____
                            Andrew J. Rauchberg (AR 2179)
                            Assistant Corporation Counsel

To:    Warren J. Sinsheimer, Esq.
        Partnership for Children's Rights
        Attorney for Plaintiff
        271 Madison Avenue, 17th Floor
        New York, New York  10016
        212-683-7999
        (via ECF)