UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

G.R., as Parent and Natural Guardian o/b/o R.R., an Infant,

Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

Defendant.

---------------------------------------------------------------------- x

**DEFENDANT'S RESPONSE TO PLAINTIFF'S LOCAL RULE 56.1 STATEMENT OF UNDISPUTED FACTS**

07 CV 4711 (TPG) (RLE)

Pursuant to Rule 56.1 of the Local Civil Rules of this Court, defendant's response to Plaintiff's Statement of Uncontested Facts Pursuant to Local Rule 56.1 ("Plaintiff's Statement") is set forth below:

1. Upon information and belief, defendant admits the facts set forth in paragraph "1" of Plaintiff's Statement.

2. Defendant does not have sufficient information concerning the truth of the assertions set forth in paragraph "2" of Plaintiff's Statement, and respectfully refers the Court to the affidavit and transcript cited therein for a complete and accurate statement of their contents, and also the context in which this testimony was made.[1]

3. Defendant admits the facts set forth in paragraph "3" of Plaintiff's Statement.

4. Defendant does not have sufficient information concerning the truth of the assertions set forth in paragraph "4" of Plaintiff's Statement, but admits that the Student was in a second-grade self-contained special education public school class at the start of the 2002-2003

---

[1] Although plaintiff refers to her Complaint throughout her Statement, pleadings are not evidence that can be considered in support of a summary judgment motion. Fed. R. Civ. Pro 56(e); Local Civil Rule 56.1(d).

school year, and respectfully refers the Court to the affidavit and transcript cited therein for a complete and accurate statement of their contents, and also the context in which this testimony was made.  Exh. F at 1-2.

5.     Defendant does not have sufficient information concerning the truth of the assertions set forth in paragraph "5" of Plaintiff's Statement, and respectfully refers the Court to the affidavit and transcript cited therein for a complete and accurate statement of their contents, and also the context in which this testimony was made.

6.     Defendant does not have sufficient information concerning the truth of the assertions set forth in paragraph "6" of Plaintiff's Statement, except defendant admits that, while the Student was in the fifth grade, he received a grade score of 2.4 in reading fluency and calculation and 1.6 in applied problems, and defendant respectfully refers the Court to the affidavit and transcript cited therein for a complete and accurate statement of their contents, and also the context in which this testimony was made.  Exh. G at 2-3.

7.     Defendant admits the facts set forth in paragraph "7" of Plaintiff's Statement.

8.     In response to paragraph "8" of Plaintiff's Statement, defendant denies the facts as set forth therein, except defendant admits that the DOE did not offer a specific placement to the Student for the 2006-2007 school year, and respectfully refers the Court to the affidavit and transcript cited therein for a complete and accurate statement of their contents, and also the context in which this testimony was made.  Exh. B at 2;  Exh. E at 1.

9.     Defendant admits the facts set forth in paragraph "9" of Plaintiff's Statement.

10.    Defendant admits the facts set forth in paragraph "10" of Plaintiff's Statement.

11.    Defendant admits the facts set forth in paragraph "11" of Plaintiff's Statement.

12.    Upon information and belief, defendant admits the facts set forth in paragraph "12" of Plaintiff's Statement.

13.    Defendant does not have sufficient information concerning the truth of the assertions set forth in paragraph "13" of Plaintiff's Statement, and respectfully refers the Court to the affidavit and transcript cited therein for a complete and accurate statement of their contents, and also the context in which this testimony was made.

14.    Defendant does not have sufficient information concerning the truth of the assertions set forth in paragraph "14" of Plaintiff's Statement, and respectfully refers the Court to the affidavit and transcript cited therein for a complete and accurate statement of their contents, and also the context in which this testimony was made.

15.    Defendant does not have sufficient information concerning the truth of the assertions set forth in paragraph "15" of Plaintiff's Statement, and respectfully refers the Court to the affidavit and exhibit cited therein for a complete and accurate statement of their contents.

16.    Defendant does not have sufficient information concerning the truth of the assertions set forth in paragraph "16" of Plaintiff's Statement, and respectfully refers the Court to the affidavit, exhibit, and transcript cited therein for a complete and accurate statement of their contents, and also the context in which this testimony was made.

17.    Defendant admits the facts set forth in paragraph "17" of Plaintiff's Statement.

18.    Defendant admits the facts set forth in paragraph "18" of Plaintiff's Statement.

19.    Defendant admits the facts set forth in paragraph "19" of Plaintiff's Statement.

20.    Defendant admits the facts set forth in paragraph "20" of Plaintiff's Statement.

21.    In response to paragraph "21" of Plaintiff's Statement, defendant denies the facts as set forth therein, except defendant admits that IHO Kramer denied plaintiff's claim for tuition reimbursement without prejudice, and respectfully refers the Court to the declaration and exhibit cited therein for a complete and accurate statement of their contents.  Exh. D at 8.

22.    Defendant admits the facts set forth in paragraph "22" of Plaintiff's Statement.

23.    Defendant admits the facts set forth in paragraph "23" of Plaintiff's Statement.

24.    In response to paragraph "24" of Plaintiff's Statement, defendant denies the facts as set forth therein, and respectfully refers the Court to Exhibit L for a complete and accurate statement of its contents.

25.    Defendant admits the facts set forth in paragraph "25" of Plaintiff's Statement.

26.    Defendant admits the facts set forth in paragraph "26" of Plaintiff's Statement.

27.    Defendant admits the facts set forth in paragraph "27" of Plaintiff's Statement.

28.     Defendant admits the facts set forth in paragraph "28" of Plaintiff's Statement.

29.     Defendant admits the facts set forth in paragraph "29" of Plaintiff's Statement.

30.     Defendant does not have sufficient information concerning the truth of the assertions set forth in paragraph "30" of Plaintiff's Statement, except admits plaintiff requested a second impartial hearing on October 27, 2006, and respectfully refers the Court to the declaration and exhibit cited therein for a complete and accurate statement of their contents.  Exh. P at 1-2.

31.     Defendant admits the facts set forth in paragraph "31" of Plaintiff's Statement.

32.     Defendant admits the facts set forth in paragraph "32" of Plaintiff's Statement that pertain to the 2006-2007 school year, but defendant respectfully avers that allegations regarding the 2007-2008 school year are beyond the scope of this action and irrelevant.

Dated:          January 16, 2008
                New York, New York

                                        MICHAEL A. CARDOZO
                                        Corporation Counsel of the
                                         City of New York
                                        Attorney for Defendant
                                        100 Church Street, Room 2-179
                                        New York, New York  10007
                                        212-788-0889


                                        By:     _____/s_____
                                                Andrew J. Rauchberg (AR 2179)
                                                Assistant Corporation Counsel




To:     Warren J. Sinsheimer, Esq.
        Partnership for Children's Rights
        Attorney for Plaintiff
        271 Madison Avenue, 17th Floor
        New York, New York  10016
        212-683-7999
        (via ECF)