UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

G.R., as Parent and Natural Guardian o/b/o R.R., an Infant,

                                        Plaintiff,

                                                    07 CV 4711 (TPG) (RLE)

            -against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

                                        Defendant.

------------------------------------------------------------------------ x


**NEW YORK CITY DEPARTMENT OF
EDUCATION'S MEMORANDUM OF LAW IN
OPPOSITION TO PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT AND IN
SUPPORT OF ITS CROSS-MOTION FOR
SUMMARY JUDGMENT**

<u>**PRELIMINARY STATEMENT**</u>

        Plaintiff brings this action on behalf of R.R. (the "Student"), a child with a

disability, to appeal an administrative decision by the New York State Department of Education

Office of State Review.  In that decision, the State Review Officer ("SRO") largely upheld the

decision of an Impartial Hearing Officer ("IHO") which denied plaintiff reimbursement for the

cost of the Student's tuition at the Winston Preparatory School ("WPS"), a private school at

which plaintiff unilaterally placed the Student for the 2006-2007 school year.  Defendant New

York City Department of Education ("DOE") submits this memorandum of law in opposition to

plaintiff's motion for summary judgment and in support of its cross-motion for summary

judgment.

        The IHO who presided over the underlying hearing found that plaintiff had not

met her burden under *Sch. Comm. of Burlington v. Dep't of Educ.*, 471 U.S. 359 (1985),

*Florence County Sch. Dist. Four v. Carter*, 510 U.S. 7 (1993) and their progeny, and denied plaintiff's claim for tuition reimbursement. However, the IHO stated that her order was "without prejudice," thereby granting plaintiff leave to file her claim a second time. The DOE appealed that portion of the IHO's decision to the SRO, and the SRO agreed with the DOE, finding the IHO had rendered a final decision on the merits. The SRO also agreed with the IHO's findings that plaintiff had not sustained her burden of demonstrating the appropriateness of WPS, and affirmed the denial of plaintiff's claim for tuition reimbursement.

As discussed more fully below, this Court should affirm the SRO's decision and award summary judgment to DOE. The SRO properly held that the IHO had no authority to issue a decision without prejudice. The SRO also correctly affirmed the substantive finding that plaintiff had failed to satisfy her burden of establishing the appropriateness of the WPS program. Even if the Court were to consider the additional evidence now submitted by plaintiff with her motion for summary judgment, plaintiff still has not demonstrated that WPS was an appropriate placement for the Student. As plaintiff cannot satisfy the elements of an award of tuition reimbursement, defendant is entitled to judgment as a matter of law, and its motion should be granted.

## STATEMENT OF FACTS

The Court is respectfully referred to defendant's Rule 56.1 Statement of Material Facts, dated January 16, 2008 ("Defendant's 56.1 Statement"), for a statement of those material facts which are not in dispute, and on which this cross-motion is based.

## ARGUMENT

### Standard of Review

Congress enacted the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, to promote the education of students with disabilities.  Congress provides federal funding to the states, which have the primary responsibility for developing educational programs for handicapped students, in accordance with federal requirements as to how this must be done.  *Schaffer v. Weast*, 546 U.S. 49, 51-52 (2005);  *Walczak v. Florida Union Free Sch. Dist.*, 142 F.3d 119, 122 (2d Cir. 1998). The IDEA provides that a child with a disability must receive a "free appropriate public education" ("FAPE"), 20 U.S.C. § 1400 [d][1][A], comprising special education and related services provided at public expense, which meet the standards of the State educational agency, and are provided in conformity with an Individualized Education Program ("IEP").  20 U.S.C. § 1401(9).

New York defines special education as "specially designed individualized or group instruction or special services or programs… to meet the unique needs of students with disabilities," 8 NYCRR § 200.1(ww), and "related services" as developmental, corrective, and other supportive services as are required to assist a student with a disability…"  8 NYCRR § 200.1(qq).  State boards of education are required to prepare an IEP for each student with a disabling condition, setting forth the goals and objectives for the student, and the recommended educational program and related services to attain those goals and objectives.  20 U.S.C. § 1414(d).  Both federal and State special education laws require that a child with a disability be educated in the least restrictive environment, that is, with nondisabled peers to the extent feasible and appropriate.  20 U.S.C. § 1412(a)(5); N.Y. Educ. Law § 4402.  Special education and related services should be "tailored to meet the unique needs of the child with a disability and be reasonably calculated to enable the child to receive educational benefits."  *Walczak*, 142 F.3d at

122; *see also Bd. of Educ. of Hendrick Hudson Central Sch. Dist. v. Rowley*, 458 U.S. 176, 207 (1982). The amount, or level, of educational benefits that must be provided is not specified in the IDEA. *Walczak*, 142 F.3d at 130. The Supreme Court has held that programs need not maximize the potential of a child with a disability to provide the child with FAPE, but must only provide a program that is reasonably calculated to confer educational benefits, or to produce progress and not regression. *Rowley*, 458 U.S. at 197, n.21; *Walczak*, 142 F.3d at 130 (internal citations omitted).

In New York, the responsibility for developing students' IEPs lies with the local Committee on Special Education ("CSE"). 20 U.S.C. §§ 1401(8), 1414(b)(2),(d); 8 NYCRR § 200.4(b). If the recommendations in the IEP prepared by a CSE do not provide the student with FAPE, a parent may unilaterally select a private school program for the student and seek to obtain tuition reimbursement from the local board of education. 20 U.S.C. § 1400(d)(1)(A). However, parents who unilaterally place their children in private schools do so at their own financial risk. *Burlington*, 471 U.S. at 373-74. A board of education may be required to pay for the educational program selected by the parent only if (1) the educational program recommended by the board of education was inadequate or inappropriate, (2) the program selected by the parent was appropriate, such that the private program meets the student's special education needs, and (3) the equities support the parent's claim; these three factors comprise the "Burlington/Carter" criteria. *Burlington*, 471 U.S. 359; *Carter*, 510 U.S. 7, 12-13; *Walczak*, 142 F.3d at 129.

A parent seeking tuition reimbursement may request an impartial due process hearing before an IHO. 20 U.S.C. § 1415(f)(1)(A); New York Education Law § 4404(1). A hearing officer is empowered to adjourn the hearing process upon request of a party, but when a hearing officer issues his or her decision, that decision is final. *See* 8 N.Y.C.R.R. § 200.5(j)(5);

20 U.S.C. § 1415(i)(1).  A parent can request another hearing on another issue, but the applicable statutes do not provide for, and principles of res judicata prohibit, plaintiffs raising issues at an impartial hearing that were or could have been litigated at a previous impartial hearing.  34 C.F.R. § 300.513;  *See Grenon v. Taconic Hills Cent. Sch. Dist.*, 2006 U.S. Dist. LEXIS 91450, at *16-17 (N.D.N.Y. December 19, 2006).  The IHO decision, however, may be appealed to the SRO, whose decision is final in the administrative review process.  20 U.S.C. § 1415(g)(1);  New York Education Law § 4404(2).  After the completion of this administrative review process, the aggrieved party may appeal the decision of the SRO in state or federal district court.  20 U.S.C. § 1415(i)(2)(A).  In the appeal, both parties may move for summary judgment, even if there are disputed issues of material fact.  *Viola v. Arlington Central Sch. Dist.*, 414 F. Supp. 2d 366, 377 (S.D.N.Y. 2006).  Federal courts are required to decide IDEA actions on the basis of the preponderance of evidence.  20 U.S.C. §1415(i)(2)(C)(iii);  *M.S. v Yonkers Bd. of Educ.*, 231 F.3d 96, 102 (2d Cir. 2000), *cert. denied,* 532 U.S. 942 (2001).

Beyond the administrative record, a reviewing court may also, in its discretion, consider additional evidence submitted by the parties.  *See* 20 U.S.C. § 1415(i)(2)(C)(ii);  *Burlington v. Dept. of Educ.*, 736 F.2d 773, 791 (1st Cir. 1984) *aff'd* 471 U.S. 359;  *T.P v. Mamaroneck Union Free Sch. Dist.*, 2007 U.S. Dist. LEXIS 35288, at *28 (S.D.N.Y. May 10, 2007).  What is meant by "additional evidence" is not defined in the IDEA, and courts have been inconsistent in their interpretations.  *Compare Burlington*, 736 F.2d at 790 (construing "additional" to mean "supplemental") *with Metropolitan Government of Nashville v. Cook*, 915 F.2d 232, 234 (6th Cir. 1990) (defining "additional" as "something that is added," while rejecting the "limitation inherent" in the term "supplement[al]").  However, a majority of circuits that have addressed the issue have followed the First Circuit's decision in *Burlington* and take a restrictive

approach on the admission of additional evidence, adopting a rebuttable presumption foreclosing additional evidence. *Burlington*, 736 F.2d at 790-91; *Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1472-73 (9th Cir. 1993), *Walker County Sch. Dist. v. Bennett*, 203 F.3d 1293, 1298-1299 (11th Cir. 2000); *see also Susan N. v. Wilson Sch. Dist.*, 70 F.3d 751, 760 (3rd Cir. 1995) (finding that a district court may in its discretion exclude additional evidence); *Springer v. Fairfax County Schoolboard*, 134 F.3d 659, 666-67 (4th Cir. 1998) (adopting the First Circuit's "strict" approach to additional evidence and finding that a more lenient approach would lead parties to "patch up" holes in their administrative cases); *Independent Sch. Dist. No. 283 v. S.D. by J.D.*, 88 F.3d 556, 560 (8th Cir. 1996) (internal citations omitted) (finding party seeking to introduce additional evidence must provide justification for doing so, as decision on the administrative record is the norm).

A parent seeking tuition reimbursement for a unilateral private school placement bears the burden of proof, as the burden falls on the party seeking the relief. *Schaffer v. Weast*, 546 U.S. 49, 62 (2005).[1] Federal court review of a parent's unilateral placement focuses on whether the private school's program was reasonably calculated to confer educational benefits on the student. *Frank G. v. Bd. of Educ.*, 459 F.3d 356, 364 (2d Cir. 2006) (citing *Rowley*, 457 U.S. at 207; *and Muller v. Comm. on Special Educ.*, 145 F. 3d 95, 105 (2d Cir. 1998)). As no one factor is dispositive in evaluating a unilateral placement, courts make the determination based on the totality of the circumstances. *Frank G.*, 459 F.3d at 364-65 (citing *Rowley*, 457 U.S. at 207; *and Knable v. Bexley City Sch. Dist.*, 238 F.3d 755, 768 (6th Cir. 2001)). Parents making unilateral placements must also conform to certain procedural requirements, but any failure to do

---

[1] Effective October 15, 2007, the New York Legislature amended N.Y. Educ. Law § 4404 and placed the burden of persuasion in impartial hearings on the school districts. However, these changes do not apply to cases brought prior to October 15, 2007. Further, under the new scheme, parents still have the burden of demonstrating the appropriateness of unilateral placements.

so is taken into account when weighing equitable considerations.  *See M.C. v. Voluntown Bd. of Educ.*, 226 F.3d 60, 68 (2d Cir. 2000).

The IDEA broadly authorizes courts to grant relief deemed appropriate.  20 U.S.C. § 1415 (e)(2);  *see Muller*, 145 F. 3d at 104.  While IDEA administrative determinations are subject to judicial review, the Supreme Court and the Second Circuit have emphasized that they "have interpreted the IDEA as strictly limiting judicial review of state administrative proceedings."  *See Viola*, 414 F. Supp. 2d at 377-78 (citing *Grim v. Rhinebeck Cent. Sch. Dist.*, 346 F.3d 377, 380-81 (2d Cir. 2003);  *Rowley*, 458 U.S. at 204-208;  *Walczak*, 42 F.3d at 129).  Federal courts "are expected to give 'due weight' to state administrative proceedings," *M.S.*, 231 F.3d at 102.  Thus, the federal courts should defer to the expertise of state and local educational agencies and to the final decision of the state authorities.  *Muller*, 145 F.3d at 101 (internal citations omitted).

As discussed more fully below, the SRO was correct in finding that the IHO issued her decision with prejudice.  Additionally, the SRO correctly held that plaintiff was not entitled to tuition reimbursement as plaintiff did not demonstrate that WPS provided the Student with an appropriate program.

## POINT I

### AN IMPARTIAL HEARING OFFICER HAS NO AUTHORITY TO RENDER A DECISION WITHOUT PREJUDICE

In her Findings of Fact and Decision dated October 23, 2006, Impartial Hearing Officer Judith T. Kramer ("IHO Kramer") denied plaintiff's claim for tuition reimbursement, but did so "without prejudice."  Defendant's Local Rule 56.1 Statement of Undisputed Facts ("Rule 56.1 Statement") at ¶¶ 17, 20.  This goes beyond the scope of IHO Kramer's powers, and the

SRO was correct when he reversed and modified that portion of IHO Kramer's decision. Having heard the substantive evidence presented by plaintiff, who had the assistance of counsel, IHO Kramer issued a decision on the merits of the case, and thus this decision was "with prejudice" as a matter of law. If plaintiff wished to challenge the decision, she could do so via appeal to the SRO. If more evidence to support her claim became available, such evidence could have been submitted to the SRO. However, no further proceedings could be had at the impartial hearing level on any issues that were, or could have been, raised at the impartial hearing held before IHO Kramer. Thus, the SRO properly held the decision to be issued "with prejudice," and this Court should affirm that aspect of the SRO's decision.

There is no express authority in either the state or federal statutes granting an IHO the power to issue a decision without prejudice, to retain jurisdiction over a claim, or to grant parties leave to refile their claims. No party can bring a claim at the hearing level based upon the same issues that were litigated previously. *See* 34 C.F.R. § 300.513. An IHO is empowered to extend a hearing for thirty days at the request of a party, but not to do more. *See* 8 N.Y.C.R.R. § 200.5(j)(5). An IHO must issue a decision no later than forty-five days after an impartial hearing is requested. 34 C.F.R. § 300.515; *see also Engwiller v. Pine Plains Cent. Sch. Dist.*, 2001 U.S. Dist. LEXIS 1530, at *4-5 (S.D.N.Y. February 22, 2001). Once that decision is issued, it is a final decision, though there remains the possibility of an appeal to the SRO. 20 U.S.C. 1415(i)(1)(A); 34 C.F.R. § 300.514(a); *Grenon*, 2006 U.S. Dist LEXIS 91450, at *13.

Except in certain specified circumstances where procedural grounds are sufficient to render a decision, IHOs must render decisions on "substantive grounds." 20 U.S.C. 1412(f)(E)(i); 34 C.F.R. § 300.513(a). The Second Circuit has defined an "adjudication on the merits" as "a decision finally resolving the parties' claims, with res judicata effect, that is based

on the substance of the claim advanced, rather than on a procedural, or other, ground." *Selan v. Kuhlman*, 261 F.3d 303, 311 (2d Cir. 2001) (citing *Semteck Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 502 (2001)). Thus, as IHOs are directed to issue their decisions on substantive grounds, such decisions are adjudications on the merits, and are "with prejudice." *See Semteck*, 531 U.S. at 505 (stating "with prejudice is an acceptable form of shorthand for an adjudication on the merits.") (internal citations omitted).

No court in this district has held to the contrary. Defendant is aware of no case - - and plaintiff has not cited any - - where a court condoned an IHO issuing a substantive decision in an IDEA case without prejudice. In cases where an IHO dismissed a due process complaint without prejudice, either the IHO did not issue a decision on substantive grounds (*see, e.g., Mr. L. v. Sloan*, 449 F.3d 405, 406 (2d Cir. 2006)) or that aspect of the administrative ruling went unchallenged and therefore was not considered by the court (*see, e.g., T.P.*, 2007 U.S. Dist. LEXIS 35288, at *10).

This is consistent with both the statutory framework, which grants parents the right to file a separate due process claim on issues separate from any claims already litigated, 34 C.F.R. §§ 300.513(c), and with a basic tenet of IDEA case law – that claims be processed as expeditiously as possible. *See, e.g.*, *Application of a Child with a Disability*, Appeal No. 07-057 (noting that the intent of the IDEA to provide "expeditious and inexpensive methods of dispute resolution"), annexed hereto as exhibit 1. Requiring IHOs to issue their decisions with prejudice and with finality is consistent with these principles – it ensures that decisions are rendered promptly. Given that parents may appeal IHO decisions to the SRO, parents are not without recourse and they are not prejudiced by this finality.

In the present case, IHO Kramer held that plaintiff had not met her burden of establishing the appropriateness of the WPS program.  Rule 56.1 Statement at ¶ 17.  After hearing the evidence, she found that the evidence presented by plaintiff "too thin" to conclude the unilateral placement was appropriate.  *Id*.  This lack of evidence, however, did not authorize her to dismiss plaintiff's case without prejudice and give plaintiff the opportunity to refile on the same claim.  That is beyond her powers.  This lack of evidence simply demonstrated that plaintiff had not met her burden and could not prove her claim.  *See Schaffer*, 546 U.S. at 62.  Having heard the evidence and judged the claim on substantive grounds, IHO Kramer issued a decision on the merits which was, by operation of law, with prejudice.  Such a decision is final, although plaintiff would have had the right to appeal to the SRO where plaintiff could have presented additional evidence to support her claim.  8 N.Y.C.R.R. § 279.4(a).  Thus, plaintiff would have been able to challenge the decision, as well as present further evidence, without a second impartial hearing being held on the very issues that were already litigated.  As the SRO held, such a duplicative hearing would have violated the finality provisions of the IDEA.  Exhibit O, submitted by plaintiff with her motion for summary judgment, dated December 7, 2007 ("Exh.") at 4.  For these reasons, the SRO properly found IHO Kramer's decision to be with prejudice.

In her memorandum of law dated December 7, 2007 ("plaintiff's memorandum"), plaintiff argues that because IHO Kramer stated that her decision "without prejudice," it was not a final adjudication on the merits and thus it has no res judicata effect.  Plaintiff's memorandum at 18.  Plaintiff also argues that IHOs have discretion and this discretion extends to the ability to dismiss a case without prejudice.  *Id*. at 20-21.  Plaintiff further argues that the ability to dismiss without prejudice is consistent with the remedial intent of the IDEA.  *Id*. at 23-24.  Finally,

plaintiff argues that if IHO indeed exceeded her authority by rendering her decision without prejudice, the SRO should have remanded the case so that IHO Kramer could have reached a decision on the merits. *Id.* at 25-26.

None of these arguments is availing. First, IHO Kramer found that, based on the evidence presented at the hearing, plaintiff did not prove her claim. Rule 56.1 Statement at ¶ 17. She did not base her decision on any procedural grounds. This decision was based on the substantive aspects of the case, and thus, as discussed above, was by operation of law a decision on the merits, regardless of IHO Kramer's beliefs to the contrary. *See* 34 C.F.R. § 300.513(a). As such, once the decision was issued, it has res judicata effect. *See Monahan v. New York City Dep't of Corrections*, 214 F.3d 275, 285 (2d Cir. 2000) (internal citations omitted) (holding that "to prove the affirmative defense [of res judicata] a party must show that 1) the previous action involved an adjudication on the merits; 2) the previous action involved the plaintiffs or those in privity with them; and 3) the claims asserted in the subsequent action were, or could have been, raised in the prior action."). Because IHO Kramer's decision was adjudicated on the merits, the first prong of res judicata is satisfied. The second and third prongs would also be satisfied if plaintiff were to bring another complaint based on the same claims. Thus, IHO Kramer's decision is a bar to plaintiff seeking payment of the 2006-2007 WPS tuition in a second impartial hearing.

Second, while the IHO has discretion in conducting impartial hearings, that discretion cannot exceed the statutory limits of her powers. These powers, when logically construed, do not include the power to issue decisions without prejudice. The portion of the Federal Register cited by plaintiff supports this view (*see* plaintiff's memorandum at 20-21). The U.S. Department of Education states in the cited provision that:

> There is nothing in the Act or these regulations that
> would prohibit a hearing officer from making
> determinations on procedural matters not addressed
> in the Act so long as such determinations are made
> in a manner that is consistent with a parent's or a
> public agency's right to a timely due process
> hearing.

71 Fed. Reg. 46,704. The issuance of decisions without prejudice is inconsistent with a timely

due process hearing. Granting plaintiff leave to refile her claim at some undetermined point in

the future extends the adjudication of these claims indefinitely. This would make a timely

determination of these claims impossible, and thus such action should not be sanctioned by this

Court. *See, e.g.*, *Application of a Child with a Disability*, Appeal No. 07-057 (holding that

dismissal of claims without prejudice is inconsistent with the intent of the IDEA to provide

"expeditious and inexpensive methods of dispute resolution").

Further, plaintiff's analogy to New York civil procedure and New York State case

law is inapposite and unpersuasive. Plaintiff cites to sections of the New York Civil Practice

Law and Rules and to cases which allowed judges to dismiss cases without prejudice. Plaintiff's

memorandum at 21-23. Plaintiff argues that IHO Kramer should have the same authority. *Id*. at

23. The situation here, however, is entirely different from than that presented in those cases.

An IHO does have the power to dismiss a due process complaint without prejudice in certain

circumstances, for example, when parents are not ready to proceed with a hearing. *Hope v.

Cortines*, 872 F. Supp. 14, 18 (E.D.N.Y. 1995). But when the IHO hears evidence, makes

factual determinations and conclusions of law and issues a decision on the merits, that decision is

final and is with prejudice. Thus, this is very unlike the situation in the cases cited by plaintiff

where the court made no substantive determination concerning any evidence presented to it. *See,

e.g., Raine v. Paramount Pictures Corp.*, 1998 U.S. Dist. LEXIS 14950, at *5-7, 21-22

(S.D.N.Y. September 24, 1998) (upholding dismissal without prejudice based on lack of

evidence where dismissal preceded defendant's presentation of its case and included no findings of fact or conclusions of law); *Stacy "O" v. Donald "P"*, 525 N.Y.S.2d 385, 386 (3rd Dep't 1988) (holding dismissal for failure to appear in court is not on the merits); *Kilduff v. Donna Oil Corp.*, 424 N.Y.S.2d 282, 284 (2d Dep't 1980) (holding arbitrator's denial of benefits pursuant to no fault statutes could be without prejudice and claim could be renewed before the same arbitrator).

Additionally, IHO Kramer did not find plaintiff had failed to meet her burden only because plaintiff did not present evidence of progress, as plaintiff contends. *See* plaintiff's memorandum at 23. IHO Kramer also held that WPS was inappropriate because it was not providing the recommended service of speech and language therapy. Exh. D at 8. That absence has still not been sufficiently explained. *See* Point II, *infra*. IHO Kramer made a decision on the merits and she does not have the discretion to do anything but issue that decision with prejudice.

Third, plaintiff is incorrect when she argues that requiring decisions on the merits and with prejudice is inconsistent with the remedial intent of the IDEA. The goal of remediation can still be met, where appropriate, as parents are not without recourse. Plaintiff here still had the opportunity of review by the SRO, and also had the opportunity to initiate the current complaint for review by this Court. Also, the goal of remediation must be considered consistently with the goal of having expeditious and inexpensive resolutions of IDEA claims.

Finally, plaintiff is also incorrect that the SRO should have remanded the case for a determination on the merits. As discussed above, regardless of what she may have believed, IHO Kramer already issued a decision on the merits, which was reviewed by the SRO. The SRO did not disturb the IHO Kramer's findings, but upon review, merely modified the decision to correctly reflect the fact that the decision was on the merits, as it should have been issued in the

first instance.  Rule 56.1 Statement at ¶¶ 30-32.  Upon the record that was before the SRO, this was the proper determination.

Accordingly, this Court should affirm the portion of the SRO's decision which reversed the "without prejudice" portion of the IHO's decision, and rendered the decision "with prejudice."


## POINT II

**PLAINTIFF HAS NOT ESTABLISHED THAT THE UNILATERAL PLACEMENT SHE CHOSE FOR THE STUDENT IS AN APPROPRIATE PLACEMENT UNDER THE IDEA**

At the impartial hearing, the DOE conceded that it did not offer a specific placement to the Student for the 2006-2007 school year.  Exh. D at 4.  Though this constitutes a denial of FAPE, plaintiff still must demonstrate that WPS was appropriate to meet the special education needs of the Student to be entitled to tuition reimbursement.  *Shaffer*, 546 U.S. at 62; *M.S.*, 231 F.3d at 104.  Both the IHO and the SRO found that plaintiff failed to meet that burden.  *Id*. at ¶¶ 17, 31.  Plaintiff still has not met her burden, even if this Court considers the new evidence presented in support of plaintiff's motion, and accordingly, DOE's motion should be granted.

**A.    Plaintiff failed to present sufficient evidence at the impartial hearing to meet her burden of establishing the appropriateness of WPS.**

In order to prevail on her claim for tuition reimbursement, plaintiff must show that WPS provided an educational program and the necessary support services that met the Student's special education needs.  *E.g., Frank G.*, 459 F.3d at 364-65 (citing *Rowley*, 458 U.S. at 188-89;  *M.S.*, 231 F.3d at 105).  New York defines special education as "specially designed

individualized or group instruction or special services or programs… to meet the unique needs of students with disabilities," 8 NYCRR § 200.1(ww), and "related services" as developmental, corrective, and other supportive services as are required to assist a student with a disability…" 8 NYCRR § 200.1(qq). Plaintiff did not make such a showing at the impartial hearing.

At the impartial hearing, plaintiff presented two witnesses: herself and Beth Sugarman, WPS' Director of Operations and Educational Research. Rule 56.1 Statement at ¶ 9. Plaintiff's testimony contained no information regarding how the WPS program allegedly met the Student's needs. Rather, the only testimony she offered about the Student's then-current program was that the Student found his classes easy, that he was now able to do his homework, that he liked his teachers, and everyone at WPS was "nice and kind." Rule 56.1 Statement at ¶ 12. This testimony says nothing to establish the appropriateness of the WPS program.

Ms. Sugarman offered little more. Ms. Sugarman conceded that she had virtually no personal knowledge of the Student. She observed him once in one class, and she spoke with some of his teachers prior to testifying. Rule 56.1 Statement at ¶ 13. She was told that the Student was apparently feeling more comfortable in class and that he was receiving one on one instruction from a reading specialist which allegedly addressed his educational needs. *Id*. at ¶ 14. Ms. Sugarman testified that the Student was not receiving speech and language therapy, though it was recommended on his most recent IEP. *Id*. at ¶ 15. Though the Student had received this service since pre-school and had most recently been classified as speech and language impaired, Ms. Sugarman's only explanation for this failure was that, as she understood it, WPS was not required to provide the service. *Id*. at 3, 15; *see also* Exh. D at 9; Exh. E at 13; Exh. F at 1-2. Despite this sparse information, Ms. Sugarman testified that she was "convinced" that WPS was providing an appropriate program to the Student. *Id*. at ¶ 13.

As both the IHO and SRO held, this evidence was insufficient to carry plaintiff's burden of establishing the appropriateness of the WPS program. The testimony was vague, irrelevant, and conclusory, and no satisfactory explanation was offered for why the Student was no longer receiving speech and language therapy, a primary educational need. *See* Rule 56.1 Statement at ¶ 18. Moreover, none of documentary evidence entered by plaintiff at the impartial hearing was directly related to appropriateness of the WPS program. Accordingly, plaintiff did not demonstrate that WPS had designed a program that met the Student's individual needs. On this record, the IHO and the SRO correctly denied plaintiff's claim for tuition reimbursement.

In plaintiff's memorandum, she argues that this testimonial evidence was sufficient to carry her burden. Plaintiff's memorandum at 6-10. Plaintiff primarily focuses on Ms. Sugarman's testimony and maintains that it, in conjunction with plaintiff's own testimony and the documentary evidence entered, "clearly" satisfied her burden of establishing the appropriateness of the private school program. *Id*. at 6. However, the only testimony cited by plaintiff that was specific to the Student was testimony regarding the nature of the Student's needs. *Id*. at 7. Plaintiff also cites to generalized testimony about the WPS program, *id*. at 6, 8-9, and generalized testimony regarding the needs of language impaired students, *id*. at 9.[2] The rest of the testimony relied upon by plaintiff is vague and conclusory testimony regarding how WPS allegedly met the Student's needs – which, according to plaintiff, was done through small classes and the WPS focus program, where the Student received one to one instruction. Plaintiff's memorandum at 8-9. At best, this testimony only shows what was done for the Student, but wholly fails to describe how these things addressed the Student's individual needs. Plaintiff offered no further evidence at the impartial hearing. Despite plaintiff's contentions to

---

[2] Ms. Sugarman had never evaluated the Student, and had only observed him on one occasion, so she was not in a position to testify with more specificity. Rule 56.1 Statement at ¶ 13; Exh. B at 21.

the contrary, this record is not sufficient to sustain plaintiff's burden, as this testimony does not demonstrate how the WPS program meets the Student's individual needs. Thus, the Court should defer to the final State administrative findings, and should not disturb the decision of the SRO, who found this evidence did not adequately demonstrate the appropriateness of the WPS program.

Plaintiff also argues that IHO Kramer erred by putting too much emphasis on progress. The SRO, however, gave no indication that progress factored into his decision. Rather, the SRO evaluated all the evidence presented and found it insufficient to prove the WPS program was appropriate to the Student's needs. Exh. O at 4. The SRO's decision is the final administrative decision, and it is that decision that is the subject of the present review. *See Karl v. Bd. of Educ. of Geneseo Cent. Sch. Dist.*, 736 F.2d 873, 877 (2d. Cir. 1984). This Court can affirm the SRO's decision without even considering the virtue of IHO Kramer's discussion about progress.

Accordingly, on the evidence presented below, the Court should affirm the SRO's decision which found plaintiff had not met her burden of establishing the appropriateness of the WPS program, and deny plaintiff's claim for tuition reimbursement.

**B.    The Court should not consider the additional evidence offered by plaintiff, but even if it does, plaintiff still has not met her burden of establishing the appropriateness of the WPS program.**

The IDEA allows the district courts in their discretion to consider additional evidence. *See* 20 U.S.C. § 1415(i)(2)(C)(ii). The IDEA, however, does not provide a definition of additional evidence. A majority of circuits that have addressed the issue have followed the First Circuit's seminal analysis in *Burlington* and have taken a restrictive approach towards additional evidence, adopting a rebuttable presumption against consideration of evidence that was not presented during the administrative proceedings below. *Burlington*, 736 F.2d at 790-91;

*see also* cases cited at pp.5-6, *supra*.  The First Circuit declined to draw a hard line rule, leaving the ultimate discretion to the district courts, but it cautioned district courts to be careful not to turn their review of state administrative proceedings into trials de novo.  *Id*. at 791.

Applying this standard, the Court should not consider the additional evidence offered by plaintiff.  Exhibit AA, regarding the cost of tuition, is duplicative of evidence already presented at the hearing.  Exh. AA at 1.  Significant portions of Exhibit V and Exhibit BB could have been made available at the time of the underlying hearing.  For example, Exhibit V, the WPS "Fall 2006 Report," is a prospective document which looks ahead to the Fall 2006 semester.  Exh. V at 1-6.  It describes goals for the Student for the fall semester and explains what "will" be done with the Student.  Exh. V at 1 ("Robert's reading skills *will* be targeted…") (emphasis supplied).  As such, it should have been available at the start of the semester and at the time of the impartial hearing.  If it was not yet available, plaintiff could have had some of the teachers who contributed to that report testify.  However, she and her counsel chose not to.  Similarly, Exhibit BB, is dated November 28, 2007, but it is not clear why this exhibit was prepared – indeed, it appears to have been specially prepared for this litigation.  This also is a prospective document, it could have been prepared at any time and should have been presented to IHO Kramer.

Consideration of evidence of this sort exceeds what the First Circuit envisioned.  If the Court were to accept this evidence, plaintiff would receive more than a review of the underlying state administrative proceedings; she would essentially receive a trial de novo.  This second bite of the apple would give plaintiff an improper opportunity to relitigate her claim, and should not be granted, especially considering that plaintiff has had the assistance of counsel at all the stages of this case.

Further, although plaintiff asks the Court to receive this evidence, plaintiff's memorandum at 16-17, plaintiff has offered no justification for her failure to present the evidence at the hearing or to the SRO for his review, and has made no argument to rebut the presumption against accepting it. *Burlington*, 736 F.2d at 791; *see also S.D. by J.D.*, 88 F.3d at 560 (holding decision on the administrative record is the norm, and party seeking to introduce additional evidence must provide justification for doing so); *Handleman v. Bd. of Educ.*, 2007 U.S. Dist. LEXIS 77814, at *12 (W.D.N.Y. October 19, 2007) (finding a district court should receive additional evidence only if the party seeking to introduce the evidence provides a "particularized and compelling justification" for doing so). The Court should reject plaintiff's bare and unsupported request.

Plaintiff also asks the Court to consider grade reports and standardized test results that were not available at the time of the proceedings below (Exhibits V-Z). Plaintiff's memorandum at 14-16. These, too, should not be considered here. As plaintiff herself concedes, any progress achieved after the unilateral placement of the Student at WPS does not, by itself, demonstrate the appropriateness of that school's program. Plaintiff's memorandum at 10; *see also, e.g., See Gagliardo v. Arlington Cent. Sch. Dist.*, 489 F.3d 105, 115 (2d. Cir. 2007) (holding that while a child's progress is relevant to the court's review, "such progress does not itself demonstrate that a private placement was appropriate"). Further, the Court should analyze whether WPS, "at the time the placement decision was made," was reasonably calculated to enable the student to receive educational benefits. *See, e.g., Viola*, 414 F. Supp. 2d at 382 (stating that any progress made after unilateral placement is made should not be considered); *C.B. and R.B. o/b/o W.B. v. New York City Dep't of Educ.*, 2005 U.S. Dist. LEXIS 15215, at *57-60 (E.D.N.Y. June 10, 2005) (holding private school program should be judged at the time

placement was made). As plaintiff argued in her post-impartial hearing brief, the analysis of a private school placement is "necessarily" prospective. Exh. C at 6. Thus, by plaintiff's own reasoning, the Court need not consider this evidence, and even if it does, evidence of progress alone cannot demonstrate the appropriateness of WPS.

Finally, even if the Court does consider all of the additional evidence offered by plaintiff, it should find she still has not met her burden. Significantly, plaintiff has not offered a sustainable explanation for why WPS discontinued the Student's speech and language therapy. Without any legal or factual support for this assertion, plaintiff argues that because the Student's most recent IEP, which recommended speech and language therapy, was almost one year old at the time of the hearing, it does not bind plaintiff nor WPS. Plaintiff's memorandum at 12; *cf. Gabel v. Bd. of Educ.*, 368 F. Supp. 2d 313, 324 (S.D.N.Y. 2005) (finding most recent IEP binding for purposes of determining pendency placement). This failure is particularly egregious given that plaintiff does not challenge the Student's most recent classification of "speech and language impaired," Rule 56.1 Statement at ¶ 3, nor suggest that there is a meaningful distinction between that classification and Ms. Sugarman's contention that the Student has a "non-verbal learning disorder." Plaintiff's memorandum at 7. Nor does plaintiff argue that the Student no longer needs speech and language therapy. Plaintiff cites to *Frank G.*, in which the Second Circuit held that unilateral placements need not provide *every* related service to maximize the child's potential. *Id.* at 12; *Frank G.*, 459 F.3d at 365. However, here, speech and language therapy is not merely one of many related services recommended for the Student, it is the primary related service intended to specifically address the Student's particular disability. *See* Rule 56.1 Statement at ¶ 18. It is not necessary to maximize the child's potential. It had been provided to the Student since pre-school, and is necessary for the child to receive educational

benefits, *see* Exh. D at 9;  Exh. E at 13;  Exh. F at 1-2.  Yet, it was abandoned by plaintiff without any valid explanation.

Further, plaintiff's efforts to explain the absence of this service have been inconsistent.  Plaintiff herself testified at the impartial hearing that she thought the Student was receiving the service, not that the Student no longer needed the service.  Exh. B at 11.  Ms. Sugarman did not testify that WPS' test results indicated the Student no longer needed speech and language therapy.  *See* Exh. B at 17-25.  Although Ms. Sugarman testified that WPS' test were consistent with DOE test results, she testified that WPS was not providing speech and language therapy because she thought WPS was not required to do so.  Rule 56.1 Statement at 15.  WPS may not be obligated to provide any particular service to students, but plaintiff, if she is to be reimbursed for this private school's tuition, is obligated to show the program is appropriate.  If the program is not providing a necessary special education service, it cannot be appropriate.  *See Gagliardo*, 489 F.3d at 113-14 (finding unilateral placement was not appropriate because it did not provide a special education service that was necessary for the student).

Additionally, the grades achieved by the Student are underwhelming.  Though plaintiff earned a "B" in Math, his next highest grade in an academic subject for the 2006-2007 school year was a "C-."  Exh. Z at 1.  These grades do not support the contention that the Student made progress at WPS during the 2006-2007 school year. *See Matrejek v. Brewster Cent. Sch. Dist.*, 471 F. Supp. 2d 415, 425 (S.D.N.Y. 2007) (finding grades of "Cs" and "Ds" did not support assertion that student had made progress).

While the Court should reject the additional evidence proffered by plaintiff, even if it considers this evidence it should find plaintiff has not met her burden of demonstrating the

appropriateness of the WPS program.  Accordingly, defendant is entitled to judgment as a matter of law and the Court should deny plaintiff's claim for tuition reimbursement.


## CONCLUSION

Based on the foregoing, defendant New York City Department of Education respectfully requests that its cross-motion for summary judgment be granted, that plaintiff's motion for summary judgment be denied in its entirety, and that the Court grant DOE such other and further relief as the Court deems just and proper.

Dated:     January 16, 2008
           New York, New York


                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                               City of New York
                              Attorney for Defendant
                              100 Church Street, Room 2-179
                              New York, New York  10007
                              212-788-0889


                              By:     _____/s_____
                                      Andrew J. Rauchberg (AR 2179)
                                      Assistant Corporation Counsel



To:     Warren J. Sinsheimer, Esq.
        Partnership for Children's Rights
        Attorney for Plaintiff
        271 Madison Avenue, 17th Floor
        New York, New York  10016
        212-683-7999
        (via ECF)

# TABLE OF CONTENTS

**Page**

Preliminary Statement.................................................................................................... 1

Statement of Facts......................................................................................................... 2

Argument ....................................................................................................................... 3

    POINT I
       AN IMPARTIAL HEARING OFFICER HAS NO AUTHORITY TO RENDER A
       DECISION WITHOUT PREJUDICE .................................................................. 7

    POINT II
       PLAINTIFF HAS NOT ESTABLISHED THAT THE UNILATERAL PLACEMENT SHE
       CHOSE FOR THE STUDENT IS AN APPROPRIATE PLACEMENT UNDER THE
       IDEA ....................................................................................................... 14

       A.   Plaintiff failed to present sufficient evidence at the impartial hearing to meet her
       burden of establishing the appropriateness of WPS. ...................................... 14

       B.   The Court should not consider the additional evidence offered by plaintiff, but even
       if it does, plaintiff still has not met her burden of establishing the appropriateness of the
       WPS program. .............................................................................................. 17

    CONCLUSION.......................................................................................................... 22