

## The University of the State of New York

### The State Education Department
#### State Review Officer

No. 07-057

**Application of a CHILD WITH A DISABILITY, by his parents, for review of a determination of a hearing officer relating to the provision of educational services by the Board of Education of the City School District of the City of Rye**

**Appearances:**
Shaw, Perelson, May & Lambert, LLP, attorney for respondent, Michael K. Lambert, Esq., of counsel

### DECISION

Petitioners appeal from the decision of an impartial hearing officer which granted respondent's motion to dismiss petitioners' request to be reimbursed for their son's tuition costs at the Family Foundation School (Family Foundation) for the 2005-06 and 2006-07 school years. The appeal must be dismissed.

At the commencement of the impartial hearing on January 9, 2007, petitioners' son was 16 years old (Tr. p. 80) and was attending Family Foundation, which is described in the record as a private coeducational college preparatory boarding school for students having difficulty managing their behavior and emotions (Tr. pp. 1288-89). Family Foundation has not been approved by the Commissioner of Education as a school with which school districts may contract to instruct students with disabilities (see 8 NYCRR 200.1[d], 200.7). For the 2005-06 school year, respondent's Committee on Special Education (CSE) recommended that petitioners' son be classified as a student with a learning disability (Dist. Exs. 60 at p. 1; 61 at p. 1; 80 at p. 1; see 8 NYCRR 200.1[zz][6]).[1] For the 2006-07 school year, respondent's CSE recommended that the student's classification be changed to a student with an emotional disturbance (Dist. Ex. 101 at

---

[1] I note that the record contains multiple duplicative exhibits. For purposes of this decision, only District exhibits were cited in instances where both a District and Parent exhibit were identical. I remind the impartial hearing officer that it is his responsibility to exclude evidence that he determines to be irrelevant, immaterial, unreliable or unduly repetitious (8 NYCRR 200.5[j][3][xii][c]; see Application of the Bd. of Educ., Appeal No. 06-074).

pp. 2, 6; see 8 NYCRR 200.1[zz][4]). The student's eligibility for special education programs and services is not in dispute.

Respondent's subcommittee CSE met on June 6, 2005 to formulate the student's educational program for the 2005-06 school year (Dist. Ex. 60). Respondent's CSE reconvened on March 22, 2006 and April 4, 2006 (Dist Exs. 70; 80). Petitioners unilaterally enrolled their son at Family Foundation on April 24, 2006 (Tr. pp. 93, 331). By letter dated May 3, 2006, petitioners rejected their son's IEP "recently issued" by the CSE and informed respondent that they unilaterally enrolled their son at Family Foundation (Dist. Ex. 91 at pp. 1-2). By due process complaint notice dated May 15, 2006, via petitioners' former attorney, petitioners sought reimbursement for their son's tuition costs at Family Foundation for the 2005-06 school year (Dist. Ex. 94).

Respondent's CSE met again on July 24, 2006 and recommended that the student's classification for the 2006-07 school year be changed from a student with a learning disability to emotional disturbance (Dist. Ex. 101). The CSE also recommended that the student be enrolled in a therapeutic residential placement (id.). Following the July 24, 2006 CSE meeting, respondent's CSE chairperson sent referral packets to five state-approved schools for consideration of a residential placement in a state-approved school (Tr. pp. 706-08, 735; Dist. Ex. 98 at pp. 1-5). The director of admissions of one of the state-approved schools requested, as part of its process of determining whether the school could meet the student's special education needs, to schedule an appointment for an "on-campus screening interview" (Dist. Ex. 102). However, petitioners would not participate with the intake process (Tr. pp. 697-98, 854).

By amended due process complaint notice dated September 27, 2006, petitioners sought reimbursement for their son's tuition costs at Family Foundation for the 2006-07 school year in addition to the previously requested 2005-06 school year (Dist. Ex. 112).

An impartial hearing was commenced on January 9, 2007. The impartial hearing continued for six days of testimony until March 14, 2007, and was scheduled to continue on April 12, 2007 (IHO Ex. 1 at pp. 2-3).

By letter dated April 4, 2007, petitioners requested that the impartial hearing officer order an independent educational evaluation (IEE) and grant an adjournment of the impartial hearing to complete the IEE (IHO Ex. 2 at p. 1). Petitioners alternatively requested to withdraw their claims regarding the 2005-06 and 2006-07 school years "without prejudice" (id. at p. 6). By letter dated April 6, 2007, respondent opposed this request (IHO Ex. 4). By letter dated April 7, 2007, the impartial hearing officer denied petitioners' request for an IEE (IHO Ex. 3). In his letter the impartial hearing officer stated that he did not deem it necessary to obtain an independent evaluation to "properly evaluate other evaluations" before him (id. at p. 2). The impartial hearing officer also denied petitioners' request for an adjournment of the impartial hearing to conduct the IEE because the issues had been "joined," the impartial hearing had commenced and testimony had been heard over "a number of days" over the course of the

months in the proceeding (id. at p. 2).[2]  In addition, the impartial hearing officer indicated that withdrawal of the impartial hearing request "at this late stage of this proceeding" would be prejudicial to respondent (id.).  He further advised that any withdrawal would be considered by the impartial hearing officer as a withdrawal with prejudice precluding submission of the same issues at any subsequent due process proceeding (id.).  The impartial hearing officer reiterated that the impartial hearing was scheduled to continue (id. at p. 3).  By letter dated April 8, 2007, petitioners requested that the impartial hearing officer recuse himself (IHO Ex. 6 at pp. 4-6).  The impartial hearing officer denied petitioners' request to recuse himself by letter dated April 9, 2007 (IHO Ex. 8 at p. 2).[3]  By letter dated April 9, 2007, petitioners responded that they did not "intend to proceed any further for all the reasons articulated in [their previous correspondence]" (IHO Ex. 9; see IHO Exs. 2; 5; 6).  Upon receipt of petitioners' April 9, 2007 letter (IHO Ex. 9), respondent requested that the impartial hearing officer dismiss with prejudice petitioners' due process complaints (IHO Ex. 10 at p. 2).  Petitioners responded by a second letter dated April 9, 2007 that their "preference" was not to withdraw their claims, but concluded that any further participation in the impartial hearing, "on the inadequate record you refused to supplement," would be "futile" (IHO Ex. 11).

The impartial hearing officer rendered a decision on April 25, 2007.  The impartial hearing officer noted that petitioners requested that an IEE of their son be conducted, that the impartial hearing be adjourned pending completion of the IEE, and that in the alternative petitioners be allowed to withdraw their claims "without prejudice" (IHO Decision at p. 5).  The impartial hearing officer also noted that respondent moved for an order of dismissal of petitioners' claims regarding the 2005-06 and 2006-07 school years "with prejudice" (id. at pp. 6-7).  He determined that there was nothing in the record warranting petitioners' application to withdraw their reimbursement claims without prejudice "at this juncture in the proceeding," noting that a dismissal "without prejudice would allow a new suit to be brought on the same cause of action" (id. at p. 6).  The impartial hearing officer found that petitioners would not participate further in the proceeding and noted that the subsequent hearing dates were cancelled as a result.  The impartial hearing officer found that petitioners refused to proceed with the impartial hearing and determined that petitioners "abandoned" their claims as set forth in their due process complaint notices (id. at p. 7; see IHO Exs. 12; 13).  The impartial hearing officer dismissed "with prejudice" petitioners' reimbursement claims for the 2005-06 and 2006-07 school years (IHO Decision at p. 7).

This appeal ensued. Petitioners contend on appeal that the impartial hearing officer converted their "alternative suggestion" of allowing them to withdraw their claims "without prejudice" to a dismissal "with prejudice" and prevented the development of a "full record," which deprived them of their due process rights.

---

[2] In his decision the impartial hearing officer noted that six full hearing days had been conducted, that over 1500 pages of transcript had been created, and that 178 exhibits had been introduced into evidence, a number of which exceeded 100 pages.  He found that it would be "grossly unfair" to permit petitioners to withdraw their claims without prejudice, thus allowing petitioners to reassert the same claims at a later date with the "concomitant obligation" of respondent to afford a new hearing on the same issues (IHO Decision at p. 6).

[3] Petitioners do not appeal this determination, therefore, it is final and binding (34 C.F.R. § 300.514[a]; 8 NYCRR 200.5[k]).

An impartial hearing officer may request an independent education evaluation as part of an impartial hearing with the cost of the evaluation at public expense (8 NYCRR 200.5[g][2], [j][3][viii]). Appeals from an impartial hearing officer's ruling, decision, or refusal to decide an issue prior to or during a hearing are not permitted with the exception of a pendency determination made pursuant to section 4404(4) of the Education Law (8 NYCRR 279.10[d]). However, upon appeal of an impartial hearing officer's final determination, a party may seek review of an interim ruling (id.). In the instant case, the impartial hearing officer rendered an interim decision declining to order an IEE. Instead of appealing that determination at the conclusion of the impartial hearing, petitioners declined to proceed with the impartial hearing. The record shows that they declined to proceed even after being warned by the impartial hearing officer that he would dismiss their claims with prejudice if they did not proceed with the impartial hearing (IHO Ex. 3 at p. 2).

Upon review of the record, I decline to modify the impartial hearing officer's determination to dismiss petitioners' claims with prejudice. I concur with the impartial hearing officer that termination of the impartial hearing with leave to resubmit the claims would prejudice respondent particularly in these circumstances, given the extensive development of the hearing record. Moreover, I concur with the impartial hearing officer's determination that a dismissal of petitioners' claims without prejudice would not be consistent with the intent of the Individuals with Disabilities Education Act (IDEA) to provide expeditious and inexpensive methods of dispute resolution (see Application of the Dep't of Educ., Appeal No. 06-133; Application of a Child with a Disability, 06-065; Application of a Child with a Disability, Appeal No. 04-105; Application of a Child with a Disability, Appeal No. 04-061; Application of a Child with a Disability, Appeal No. 01-037; see also Application of a Child with a Disability, Appeal No. 00-049). Having determined that the impartial hearing officer correctly found that petitioners abandoned their tuition reimbursement claims, I need not decide whether the impartial hearing officer's interim ruling declining to order an independent evaluation was appropriate.

**THE APPEAL IS DISMISSED.**

**Dated:**      **Albany, New York**                    _____
          **July 13, 2007**                        **PAUL F. KELLY**
                                    **STATE REVIEW OFFICER**