UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
G.R., as Parent and Natural Guardian
o/b/o R.R., an Infant,

              Plaintiff,

-against-

NEW YORK CITY DEPARTMENT
OF EDUCATION,

              Defendant.
------------------------------------------------------X

Docket No.
07 Civ. 4711 (TPG)

**PLAINTIFF'S RESPONSE
TO DEFENDANT'S STATEMENT OF MATERIAL FACTS
PURSUANT TO LOCAL CIVIL RULES, RULE 56.1**

WARREN J. SINSHEIMER (WS 9906)
MICHAEL D. HAMPDEN (MH 2359)
Attorney for Plaintiff
PARTNERSHIP FOR CHILDREN'S RIGHTS
271 Madison Avenue, 17th Floor
New York, New York 10016
212-683-7999, ext. 222
(212) 683-7999 ext. 226

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
G.R., as Parent and Natural Guardian
o/b/o R.R., an Infant,

                 Plaintiff,

      - v -

NEW YORK CITY DEPARTMENT OF
EDUCATION,
               Defendant.
------------------------------------------------------X

Docket No.
07 Civ. 4711 (TPG)

PLAINTIFF'S RESPONSE TO
DEFENDANT'S STATEMENT
OF MATERIAL FACTS
PURSUANT TO LOCAL
CIVIL RULES, RULE 56.1

Plaintiff submits this response to Defendant's statement of material facts as to which it contends there is no genuine issue to be tried.

1. Admits the facts set forth in paragraph "1" of Defendant's Statement.

2. Admits the facts set forth in paragraph "2" of Defendant's Statement.

3. Admits the facts set forth in paragraph "3" of Defendant's Statement.

4. Admits the facts set forth in paragraph "4" of Defendant's Statement.

5. Admits the facts set forth in paragraph "5" of Defendant's Statement, with the following exception: It is immaterial to the issues in this case that plaintiff retained an attorney after the student was accepted at Winston Preparatory School (WPS).

6. Admits that the tuition at WPS for the 2006-2007 school year was $38,750.00.

7. Admits the facts set forth in paragraph "7" of Defendant's Statement.

8. Admits the facts set forth in paragraph "8" of Defendant's Statement; with the following qualification: at the impartial hearing, the WPS witness, Ms. Sugarman, testified that

Robert's speech language deficits were being addressed at WPS by a reading specialist rather than a speech/language therapist. Exh. B at 23-24.

9. Admits the facts set forth in paragraph "9" of Defendant's Statement.

10. Admits the facts set forth in paragraph "10" of Defendant's Statement, with the following corrections and clarifictions: Plaintiff testified at the impartial hearing that she decided to look for a private school when a fifth-grade teacher, Mr. Velez, and the guidance counselor, Ms. Kennedy, both told her they were trying to transfer Robert from a special education class to a general education class for the sixth grade. Subsequently they told her to choose a charter school, Aspire, for Robert. Exh. B at 5-6.

11. Admits the facts set forth in paragraph "11" of Defendant's Statement, with the following corrections and clarifications: Plaintiff testified at the impartial hearing that because she knew that Robert would not do well in general education, she investigated several private schools for learning disabled students, including the Churchill School, the Gateway School, and WPS. Plaintiff did not testify that she "settled on" WPS, as stated by Defendant in paragraph 11 of its Statement.

12. Admits the facts set forth in paragraph "12" of Defendant's Statement, with the exception that plaintiff did not testify that Robert "likes his teacher at WPS better and that everyone is nice and kind," as stated by Defendant in paragraph 12 of its Statement. Exh. B at 7-8.

13. Denies the facts alleged in paragraph 13 of Defendant's Statement. Ms. Sugarman testified that in her opinion WPS was an appropriate placement for Robert based on her knowledge of his educational record, her interviewing him, his performance at WPS since the

beginning of the school year, and discussions with teachers regarding Robert's progress at WPS. Exh. B at 18-22.

14. Denies the Defendant's statement in paragraph 14, and refers the Court to plaintiff's response to paragraph 13, above. Defendant's argumentative language ("which allegedly addressed his educational needs") is inconsistent with the purpose of a Rule 56.1 Statement, which is to list undisputed material facts.

15. Admits that WPS tested Robert but denies that Ms. Sugarman's testimony constituted an "admission" of any fact.

16. Denies the facts set forth in paragraph "16" of Defendant's Statement. The Impartial Hearing Officer ordered that "the parent's request . . . is denied without prejudice." Exh. D at 10.

17. Admits the facts set forth in paragraph "17" of Defendant's Statement, with the exception and clarification that the Impartial Hearing Officer ruled that the parent failed to show "on the evidence presented" that WPS was appropriate; that she was "unable to offer any proof that [the] child had made any tangible progress at Winston," and that this was "undoubtedly due to the fact that he has not been in the placement long enough to make such an assessment." Exh. D at.8.

18. Admits the facts set forth in paragraph "18" of Defendant's Statement, with the exception and clarification that the Impartial Hearng Officer expressly stated that "The absence of a [speech/language] service may not automatically mean that the placement is appropriate." Exh. D at 9.

19. Admits the facts set forth in paragraph "19" of Defendant's Statement.

20. Admits the facts set forth in paragraph "20" of Defendant's Statement.

21. Admits the facts set forth in paragraph "21" of Defendant's Statement .

22. Admits the facts set forth in paragraph "22" of Defendant's Statement.

23. Admits the facts set forth in paragraph "23" of Defendant's Statement.

24. Admits the facts set forth in paragraph "24" of Defendant's Statement.

25. Admits the facts set forth in paragraph "25" of Defendant's Statement

26. Admits the facts set forth in paragraph "26" of Defendant's Statement.

27. Admits the facts set forth in paragraph "27" of Defendant's Statement, with the clarification that plaintiff argued that the Impartial Hearing Officer had authority to dismiss a claim without prejudice. Exh. M, at 4.

28. Admits the facts set forth in paragraph "28" of Defendant's Statement, but objects to the argumentative language used by the Defendant, "allegedly demonstrating the progress the Student was making at WPS," as inconsistent with the purpose of a Rule 56.1 Statement, which is to list undisputed material facts.

29. Admits the facts set forth in paragraph "29" of Defendant's Statement. 30. Admits the facts set forth in paragraph "30" of Defendant's Statement.

31. Admits the facts set forth in paragraph "31" of Defendant's Statement, with the qualification that the IHO left open the prong-two issue for further adjudication.

32. Admits the facts set forth in paragraph "32" of Defendant's Statement.

33. Admits the facts set forth in paragraph "33" of Defendant's Statement.

Dated: February 6, 2008

_/s/_____
WARREN J. SINSHEIMER (WS 9906)
MICHAEL D. HAMPDEN (MH 2359)
Attorneys for Plaintiff
PARTNERSHIP FOR CHILDREN'S RIGHTS
271 Madison Avenue, 17th Floor
New York, New York 10016
212-683-7999, ext. 222

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
G.R., as Parent and Natural Guardian
o/b/o R.R., an Infant,

                    Plaintiff,

   - v -

NEW YORK CITY DEPARTMENT
OF EDUCATION,
                    Defendant.
------------------------------------------------------X

Docket No.
07 Civ. 4711 (TPG)

      The undersigned hereby certifies under penalty of perjury that on the 6th day of February, 2008 he emailed, and mailed via first class mail the attached Plaintiff's Response to Defendant's Statement of Material Facts Pursuant to Local Civil Rules, Rule 56.1, in this case to counsel for the defendant:

Andrew J. Rauchberg
Assistant Corporation Counsel
100 Church Street
New York, N.Y. 10007


Dated:      New York, New York
               February 6, 2008

_____
WARREN J. SINSHEIMER (WS 9906)
MICHAEL D. HAMPDEN (MH 2359)
Attorneys for Plaintiff
PARTNERSHIP FOR CHILDREN'S RIGHTS
271 Madison Avenue, 17th Floor
New York, New York 10016
212-683-7999, ext. 222