UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

G.R., as Parent and Natural Guardian o/b/o R.R., an Infant,

                                                 Plaintiff,

                               07 CV 4711 (TPG) (RLE)

        -against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

                                                 Defendant.

------------------------------------------------------------------------ x

**NEW YORK CITY DEPARTMENT OF EDUCATION'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT**

**PRELIMINARY STATEMENT**

        In this action, plaintiff, the parent of R.R. (the "Student"), appeals the administrative decision by the New York State Department of Education Office of State Review, which denied her request for reimbursement for tuition at the Winston Preparatory School ("WPS"), a private school where she unilaterally placed the Student for the 2006-2007 school year. Pursuant to a schedule approved by the Court, the parties each moved for summary judgment. Defendant New York City Department of Education ("DOE") submits this reply memorandum of law in further support of its cross-motion for summary judgment.

        In plaintiff's "opposition and reply" memorandum of law dated February 6, 2008 (plaintiff's "Second Memo"), plaintiff argues that this Court should consider all of the additional evidence submitted by plaintiff in support of her motion for summary judgment. Plaintiff further argues that, whether or not this additional evidence is considered, she has met her burden of establishing the appropriateness of the WPS program. Finally, plaintiff argues that Impartial

Hearing Officer Judith T. Kramer ("IHO Kramer") was merely exercising her discretion and authority in denying plaintiff's initial claim "without prejudice," thereby granting plaintiff leave to file her claim a second time.

As discussed more fully below, these arguments must fail. The evidence that plaintiff now asks the Court to consider goes far beyond that which is contemplated under applicable federal and state law and would turn this proceeding from one of review into something more akin to a trial *de novo*. Even if this additional evidence is considered by the Court, plaintiff has not sustained her burden and demonstrated that the WPS program was appropriate for the Student. Finally, when impartial hearing officers issue decisions on the merits, as IHO Kramer did in the underlying impartial hearing, such decisions must be issued with prejudice.

As plaintiff cannot meet her burden of establishing the appropriateness of the unilateral placement she chose for the Student, DOE is entitled to judgment as a matter of law, and its cross-motion should be granted.

# ARGUMENT

## POINT I

### THE ADDITIONAL EVIDENCE PROFFERED BY PLAINTIFF IN THIS ACTION GOES FAR BEYOND THE TYPE OF ADDITIONAL EVIDENCE APPROPRIATELY CONSIDERED BY REVIEWING COURTS

In her Second Memo, plaintiff argues that this Court can consider all of the additional evidence submitted by plaintiff with her motion for summary judgment, dated December 5, 2007. Plaintiff's Second Memo at 1-9. Plaintiff argues that this sort of augmentation of the record is a "centerpiece of the decision making process in IDEA cases." *Id.* at 2. However, what plaintiff seeks to do here goes well beyond the type of supplementing of evidence that is contemplated by the cases she cites, and also beyond what would be appropriate for the Court's review.

Plaintiff relies in large part on *Frank G. v. Bd. of Educ.*, 459 F.3d 356 (2d Cir. 2006), and argues that the Second Circuit's favorable view of the additional evidence in that case reflects the Second Circuit's view of additional evidence in IDEA cases generally. Plaintiff's Second Memo at 2-3. However, plaintiff overlooks significant distinctions between the underlying facts in *Frank G.* and those in the present matter.

In *Frank G.*, the additional evidence considered by the Court was only of the student's alleged progress at his private school program. *Frank G.*, 459 F.3d at 362. Here, in contrast, plaintiff also seeks to offer evidence regarding how the WPS program allegedly met the Student's educational needs. *See* Exhibit ("Exh.") V at 1-6; Exh. W at 1-5; Exh. X at 1-5; Exh. BB at 1-2; *see also* plaintiff's memorandum of law in support of her motion for summary judgment, dated December 7, 2007 (plaintiff's "First Memo") at 14. This distinction is important because evidence of how the WPS program was to address the Student's individual

needs was, or should have been, available at the time of the two underlying state administrative proceedings, unlike evidence such as grade reports and test scores which became available only after the proceedings. *See* Exh. X at 1-5; Exh. Y at 1-8; Exh. Z at 1. Although plaintiff argues that the additional evidence is only meant to demonstrate the Student's "performance and progress," it is apparent that she seeks to do more than that. *See* plaintiff's Second Memo at 4.

The additional evidence in the other cases cited by plaintiff was similarly limited to evidence that could not have been available at the time of the administrative proceeding. Plaintiff's Second Memo at 4; *see Warton v. New Fairfield Bd. of Educ.*, 217 F. Supp. 2d 261, 277 (D. Conn. 2002) (considering evidence of student's progress which was not available at the time of the underlying hearing); *Mavis v. Sobol*, 839 F. Supp. 968, 979-980 (N.D.N.Y. 1994) (considering evidence of student's progress after the underlying hearings, as well as evidence of less restrictive placements, which were not considered by state administrators, in part because nearly five years had passed since case began); *Jean N. and Lee N. v. Tirozzi*, 17 IDELR 580 (D. Conn. 1991) (considering evidence of student's progress made in the more than two years since the conclusion of the state administrative proceedings). Thus, plaintiff's attempt to now introduce evidence about the WPS program -- although though this is the third proceeding in this case, and plaintiff has been represented by counsel at all stages – should be rejected.

Also, the decision of the State Review Officer ("SRO") being appealed in *Frank G*. denied reimbursement for private school tuition in large part because of the student's poor performance in the beginning of the school year. *Frank G.,* 459 F.3d at 361. Thus, evidence that the student's performance improved in the second half of the school year was relevant information and the district court was entitled to consider it, in its discretion. Here, plaintiff appeals an SRO decision which said nothing about the Student's progress, but held simply that

plaintiff had not met her burden of demonstrating that the services provided by WPS were appropriate for the Student's needs.  Exh. O at 4.  Plaintiff only now is trying to address that burden, but she had ample opportunity to do so previously and should not be given the third chance she seeks.  Further, defendant disputes plaintiff's claim that evidence about the WPS program could not have reasonably been introduced before.  Plaintiff's Second Memo at 3-4, 6-7.  The impartial hearing was held on October 4, 2006, one month after the start of the 2006-2007 school year.  *See* Exh. B at 1.  Plaintiff has offered no reason why at least some evidence regarding the ways in which WPS would allegedly have addressed the Student's needs could not have been offered on that day.

Additionally, the Second Circuit's decision in *Frank G.* is specific to the underlying facts of that case.  *Frank G.,* 459 F.3d at 365-367.  It does not put forth a broader view of how the Second Circuit views additional evidence in IDEA cases generally, and its holding is not inconsistent with defendant's argument that the Court should adopt the approach to additional evidence articulated by the First Circuit in *Burlington v. Dept. of Educ.*, 736 F.2d 773, 790-791 (1st Cir. 1984), *aff'd* 471 U.S. 359 (1985).  Defendant recognizes that the Second Circuit has not adopted the First Circuit's methodology, but maintains that the Court should apply this thoughtful and widely followed approach here.  Defendant's memorandum of law in support of its cross-motion for summary judgment, dated January 16, 2008 (defendant's "cross-motion memo"), at 5-6, 17-20;  *see also Handleman v. Bd. of Educ.*, 2007 U.S. Dist. LEXIS 77814, at *7-8 (W.D.N.Y. October 19, 2007) (employing the First Circuit's *Burlington* approach to additional evidence because the court concluded the Second Circuit would likely adopt that approach, as a majority of circuits to decide the issue have done the same).  The *Burlington* approach has not only been adopted by a majority of circuits, but it is also consistent with

Second Circuit decisions like *Frank G.* because the First Circuit identifies a likely subject for additional evidence – evidence of a student's progress from the time following the administrative hearings. *Burlington*, 736 F.2d at 791.

The First Circuit explained a pivotal reason for its approach, one that is particularly salient in this case. The First Circuit cautioned that a district court in an IDEA case is in a position of review and should not consider additional evidence which would change the proceeding from one of review to a trial *de novo*. *Burlington*, 736 F.2d at 791. For this reason, the First Circuit adopted a rebuttable presumption against the consideration of additional evidence. *Id*. If the Court here employs that standard, the Court should not consider the evidence which allegedly shows how the WPS program addressed the Student's needs. Because this evidence was available previously but never presented in any form, for the Court to consider it now would yield the exact outcome against which the First Circuit cautioned – it would change the nature of this proceeding from one of reviewing the state administrative rulings below, which found plaintiff has not met her burden, to a trial *de novo*.

Additionally, while the cases cited by plaintiff may suggest the Court should consider the Student's grades and other data that was not available at the time of the underlying hearing in making its determination, it must be noted that plaintiff herself has trivialized such evidence both before the SRO and before this Court. Exh. M at 5; plaintiff's First Memo at 10-12. Such criticisms are not inappropriate. As defendant argued previously, evidence of progress would be just one factor for the Court to consider, at most, and cannot by itself meet plaintiff's burden of establishing the appropriateness of the WPS program. Defendant's cross-motion memo at 19-20.

Plaintiff also argues that this Court must consider the additional evidence she offered in order to make a determination based on the preponderance of evidence. Plaintiff's Second Memo at 8. This standard of review, however, does not oblige the Court to accept every new piece of evidence offered. While district courts decide IDEA actions based on a preponderance of the evidence, the Court will naturally only consider evidence developed at the state administrative hearings and any additional evidence both offered and accepted in the district court's discretion. *See Walczak v. Florida Union Free Sch. Dist.*, 142 F.3d. 119, 122-123 (2d Cir. 1998) (citing 20 U.S.C. § 1415); *Burlington*, 736 F.2d at 791.

Finally, plaintiff suggests that if the Court does not consider her additional evidence, the only appropriate action for the Court is to remand for further proceedings at the impartial hearing level. Plaintiff's Second Memo at 8-9. No further proceedings are needed, however, as the Court has sufficient information on which to affirm the decision of the SRO. *See* defendant's cross-motion memo at 14-17. Further, plaintiff had a full and fair opportunity to prove her claim yet, as both IHO Kramer and the SRO found, she failed to meet her burden. *Id.* at 10-14. Thus, a remand would not only be unnecessary, but improper. The D.C. Court of Appeals case cited by plaintiff, *Reid v. District of Columbia*, does not support a remand in this case, as the Court there ordered a remand under entirely different circumstances. 401 F.3d 516, 522-526 (D.C. Cir. 2005) (remanding case to the district court to calculate appropriate amount of compensatory education services where administrative record was inadequate to do so, and where appeals court put forth new formula with which to make the calculations).

In sum, the Court should not consider plaintiff's additional evidence or remand this case for further proceedings. Rather, the Court should employ the First Circuit's approach, reject plaintiff's additional evidence, and render a decision based on a preponderance of the

evidence presented below. Accordingly, the Court should affirm the SRO's determination that plaintiff has not met her burden of establishing the appropriateness of the WPS program, and should deny plaintiff's claim for tuition reimbursement.

## POINT II

**PLAINTIFF HAS NOT ESTABLISHED THAT THE UNILATERAL PLACEMENT SHE CHOSE FOR THE STUDENT IS AN APPROPRIATE PLACEMENT UNDER THE IDEA**

Plaintiff next argues that she met her burden, both at the impartial hearing and via the additional evidence she now seeks to introduce, and demonstrated that WPS provided an appropriate program to the Student. Plaintiff's Second Memo at 9-14. Plaintiff argues that she established the appropriateness of the WPS program at the impartial hearing and this showing has been further supported by the additional evidence she has proffered here, particularly the evidence allegedly demonstrating the Student's progress at WPS. *Id*. Yet plaintiff's presentation at the impartial hearing was wholly inadequate to satisfy her burden, and even if the Court considers her additional evidence, plaintiff still has not sustained her burden.

Plaintiff primarily argues that this Court should consider the additional evidence allegedly demonstrating the Student's progress at WPS. Plaintiff's Second Memo at 10-13. Plaintiff argues that the Second Circuit's decisions in both *Frank G.* and *Gagliardo v. Arlington Cent. Sch. Dist.*, 489 F.3d 105 (2d Cir. 2007), support this contention. *Id*. at 10-11. However, as with *Frank G.*, the *Gagliardo* decision is based on the specific, discreet facts presented – the Second Circuit even states at the outset that the position of the parties is unusual. *Gagliardo*, 489 F.3d at 106, 108-111. If these cases support any broadly applicable principle, it is only that evidence of progress may constitute evidence that the private school program is appropriate.

*E.g., Frank G.*, 459 F.3d at 364.  However, there is no authority providing that the Court is required to consider this evidence.  *See* Point I, *infra*.  Indeed, defendant maintains that the Court should adopt the First Circuit's *Burlington* standard, employ its discretion, and decide against considering this new evidence.  *See* defendant's cross-motion memo at 17-20.

The Court does not need evidence allegedly showing how the Student progressed at WPS to make its decision.  At best, such evidence would be merely one factor to consider and would not, by itself, demonstrate the appropriateness of WPS.  *See Gagliardo*, 489 F.3d at 115.  Further, the important showing plaintiff must make, as she concedes, is to show WPS met the Student's needs.  Plaintiff's Second Memo at 13;  *see also Walczak*, 142 F.3d at 122.  As plaintiff has argued, determining whether a private school program meets a student's needs is a prospective inquiry, and is, thus, a showing that should have been made at the impartial hearing. *See* defendant's cross-motion memo at 19-20.  Although plaintiff contends that she made this showing at the impartial hearing, plaintiff's Second Memo at 13, the IHO correctly found, and as the SRO affirmed, she did not do so.  There is no basis for disturbing those findings.  *See* defendant's cross-motion memo at 14-17, 20-22.

Plaintiff also argues that cases previously cited by defendant are inapplicable to the case at bar.  Plaintiff's Second Memo at 11.  But both *Viola v. Arlington Central Sch. Dist.*, 414 F. Supp. 2d 366, (S.D.N.Y. 2006) and *C.B. and R.B. o/b/o W.B. v. New York City Dep't of Educ.*, 2005 U.S. Dist. LEXIS 15215 (E.D.N.Y. June 10, 2005) are applicable here, and neither conflicts with the holdings of *Gagliardo* or *Frank G*.  While *Viola* was decided on the first prong of Burlington/Carter, making an analysis of the unilateral placement unnecessary, the case is still one in which the parents sought reimbursement for private school tuition, as plaintiff here seeks to do.  414 F. Supp. 2d at 369.  The Court in *Viola* held that its inquiry was prospective in nature

- 9 -

and concluded that it should evaluate a district's placement at the time it was made, principles that can be applied to the present matter. *Id*. at 382. Indeed, the *C.B.* court states that such principles *should* be applied to an evaluation of a unilateral private placement. 2005 U.S. Dist. LEXIS 15215, at *59 (emphasis supplied). Thus, the *C.B.* court determined a private placement is best evaluated at the time the placement was made and the inquiry should be whether, at that point, the program was reasonably calculated to provide educational benefits to the student. *Id*.; *see also* defendant's cross-motion memo at 19-20. This does not conflict with the decisions in *Frank G*. and *Gagliardo*, which, as noted above, provide only that evidence of progress *can* be considered in assessing the appropriateness of the parent's unilateral placement. However, district courts are not required to do so. Thus, neither Second Circuit case overruled the holdings in *Viola* or *C.B.*, as plaintiff contends. Plaintiff's Second Memo at 11.

Plaintiff also argues that the new evidence she has provided, in the form of grades, grade reports, and test scores, demonstrates that the Student has made progress at WPS. Plaintiff's Second Memo at 12-13. Even if the Court chooses to consider these records, they do not establish the significant progress that plaintiff touts. *See* defendant's cross-motion memo at 20-21. Additionally, plaintiff still has not explained why WPS was not providing speech and language therapy to the Student. Instead, plaintiff merely contends that she does not have to explain the absence of this service because, in her view, she has demonstrated how the Student's needs were being met. Plaintiff's Second Memo at 13-14. But as defendant has noted, plaintiff has not met her burden of establishing how the Student's needs were being addressed, and the absence of speech and language therapy remains a critical deficiency in the WPS program. *See* defendant's cross-motion memo at 20-21.

Lastly, plaintiff submits that the Court should look back to prong one of the Burlington/Carter test and consider how defendant did not offer the Student a placement for the 2006-2007 school year in evaluating plaintiff's unilateral placement. Plaintiff's Second Memo at 13. However, the fact that DOE has conceded the first prong here has no bearing on the second prong. Plaintiff still must carry her burden of demonstrating the appropriateness of her unilaterally-selected program. Further, plaintiff suggests that she had no choice in the matter, as if she could not have chosen a private school program that provided speech and language therapy. *See* plaintiff's Second Memo at 13. Plaintiff apparently misunderstands her burden here. If she wants the DOE to pay for the Student's private school tuition, then she must demonstrate that the program she chose was appropriate. That is all that the Court need decide. As both IHO Kramer and the SRO agreed, plaintiff has not demonstrated the appropriateness of WPS and, accordingly, she is not entitled to tuition reimbursement. This Court should affirm that aspect of their holdings, and deny plaintiff's motion.

## POINT III

### IHO KRAMER HAD NO AUTHORITY TO DENY PLAINTIFF'S CLAIM WITHOUT PREJUDICE FOLLOWING THE IMPARTIAL HEARING

Plaintiff concludes her Second Memo by reiterating her argument that IHO Kramer's denial of her claim "without prejudice" was a valid exercise of the IHO's authority. Plaintiff's Second Memo at 14-20. However, as defendant argued in detail in its previous papers, and as the SRO held, impartial hearing officers must issue their decisions on the merits, and with prejudice. *See* Defendant's cross-motion memo at 7-14. The Court should affirm that portion of the SRO's decision.

Plaintiff first argues that defendant put forth a "fallacious" argument in its cross-motion memo. Plaintiff's Second Memo at 15-16. However, in making this inflammatory allegation, plaintiff mischaracterizes defendant's argument. Plaintiff suggests that defendant has conflated different meanings of "substantive" in making its argument. Plaintiff's Second Memo at 15. Defendant has not conflated anything. Defendant recognizes the different applications of the term "substantive," understands how the term is used in the IDEA and its implementing regulations, and made no attempt to mislead the Court about this usage. Defendant's cross-motion memo at 8-9. Defendant's argument relies on the Second Circuit's holding in *Sellan v. Kuhlman*, which held that an adjudication on the merits is one made on substantive as opposed to procedural (or other) grounds. *Sellan*, 261 F.3d 303, 311 (2d Cir. 2001); *see* defendant's cross-motion memo at 8-9. While plaintiff ignores the *Sellan* decision, she herself argues that determinations about the provision of a free and appropriate public education must be made on substantive grounds, as opposed to procedural grounds. Therefore, following the Second Circuit decision in *Sellan*, a substantive (not procedural) decision is indeed a substantive (on the merits) decision, and one that must be made with prejudice. *See* defendant's cross-motion at 8-9. Plaintiff's argument to the contrary must fail.

Plaintiff next argues that the two-year statute of limitations that applies to IDEA claims ensures that, if IHO Kramer could deny her claim without prejudice, her claim would not have been extended indefinitely. Plaintiff's Second Memo at 17. While defendant agrees that the two-year statute of limitations should apply to plaintiff's claim, it is not clear what effect permitting IHO Kramer to deny the claim without prejudice has on the statute of limitations. Indeed, plaintiff cites a case where the court held that an impartial hearing officer's decision preserved a parent's claim from a statute of limitations defense. Plaintiff's Second Memo at 17

(citing *Thomas v. District of Columbia*, 407 F. Supp. 2d 102, 114-115 (D.D.C. 2005)). But even if the statute of limitations did apply, plaintiff would still be granted the opportunity to relitigate the same claim years after first presenting it at an impartial hearing. Such a result remains inconsistent with both principles of res judicata, and with the tenets of the IDEA. *See* defendant's cross-motion memo at 9-14.

Finally, plaintiff reiterates her argument that certain State cases are applicable here. Plaintiff's Second Memo at 18-20. However, the cited cases are not analogous to the present matter. *See* defendant's cross-motion memo at 12-13. Most significantly, none of the cited cases were adjudications on the merits but were dismissals without prejudice (or a reviewing court determined they should have been dismissals without prejudice). *E.g.*, *Raine v. Paramount Pictures Corp.*, 1998 U.S. Dist. LEXIS 14950, at *28 (S.D.N.Y. September 24, 1998) (noting how the State court Justice did not reach the merits of the underlying claim).[1] Here, IHO Kramer denied plaintiff's claim, Exh. D at 8-10, and this denial was issued on the merits and, thus, should have been issued with prejudice. *See* defendant's cross-motion memo at 10. Also, a number of the cases cited by plaintiff in her First and Second Memo were dismissals that preceded the presentation of defendant's case. *E.g.*, *Raine*, 1998 U.S. Dist. LEXIS 14950, at *6. Here, conversely, both parties presented their cases regarding the second prong of Burlington/Carter test. In sum, the cited State cases remain irrelevant to the case at bar, and do not support plaintiff's argument that IHO Kramer's denial of plaintiff's claim without prejudice was an appropriate exercise of her authority.

---

[1] Plaintiff also argues that defendant has mischaracterized cases such as *Raine*, 1998 U.S. Dist. LEXIS 14950. Plaintiff's Second Memo at 18. Plaintiff contends that the State court Justice in *Raine* made evidentiary findings and plaintiff argues that this contradicts defendant's arguments in its cross-motion memo. *Id*. However, defendant notes that the only finding made by the State court Justice in *Raine* was that plaintiff there had not presented sufficient evidence, which led to dismissal. 1998 U.S. Dist. LEXIS 14950, at *6, 28. This remains distinct from the underlying impartial hearing here, where IHO Kramer made a substantive determination on the evidence presented and denied plaintiff's claim.

For the foregoing reasons, the Court should not consider the additional evidence submitted by plaintiff; but even if it does, the Court should find plaintiff has not sustained her burden of demonstrating the appropriateness of the WPS program. Additionally, it was beyond IHO Kramer's authority to issue her decision without prejudice. Accordingly, the Court should deny plaintiff's motion, grant defendant's cross-motion and affirm the decision of the SRO.

## **CONCLUSION**

Based on the foregoing and upon all papers previously submitted, defendant New York City Department of Education respectfully requests that plaintiff's motion for summary judgment be denied, its cross-motion for summary judgment be granted in its entirety, and that the Court grant DOE such other and further relief as the Court deems just and proper.

Dated:    February 29, 2008
         New York, New York

> MICHAEL A. CARDOZO
> Corporation Counsel of the
>  City of New York
> Attorney for Defendant
> 100 Church Street, Room 2-179
> New York, New York  10007
> 212-788-0889
>
> By:          /s
>         Andrew J. Rauchberg (AR 2179)
>         Assistant Corporation Counsel

To:    Warren J. Sinsheimer, Esq.
       Partnership for Children's Rights
       Attorney for Plaintiff
       271 Madison Avenue, 17th Floor
       New York, New York  10016
       212-683-7999
       (via ECF)

## TABLE OF CONTENTS

**Page**

Preliminary Statement .................................................................................................... 1

Argument ........................................................................................................................ 3

    POINT I
    THE ADDITIONAL EVIDENCE PROFFERED BY PLAINTIFF IN THIS ACTION
    GOES FAR BEYOND THE TYPE OF ADDITIONAL EVIDENCE APPROPRIATELY
    CONSIDERED BY REVIEWING COURTS ....................................................................... 3

    POINT II
    PLAINTIFF HAS NOT ESTABLISHED THAT THE UNILATERAL PLACEMENT SHE
    CHOSE FOR THE STUDENT IS AN APPROPRIATE PLACEMENT UNDER THE
    IDEA .................................................................................................................................. 8

    POINT III
    IHO KRAMER HAD NO AUTHORITY TO DENY PLAINTIFF'S CLAIM WITHOUT
    PREJUDICE FOLLOWING THE IMPARTIAL HEARING ............................................... 11

CONCLUSION ................................................................................................................ 14