UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
G.R.,

                Plaintiff,        07 Civ. 4711 (TPG)

    – against –               **OPINION**

NEW YORK CITY DEPARTMENT OF
EDUCATION,

              Defendants.
------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/7/09

      Plaintiff brings this action under the Individuals with Disabilities Education Act ("IDEA") to seek review of a decision denying her claim for reimbursement of her son's tuition at a private school, the Winston Preparatory School ("WPS"), during the 2006-2007 school year. Plaintiff now moves for summary judgment. Defendant, the New York City Department of Education ("DOE"), opposes plaintiff's motion and cross-moves for summary judgment. Plaintiff's motion is granted, and defendant's motion is denied.

## **Background**

      The following facts are taken from the parties' statements of material facts, and are undisputed, unless otherwise indicated.

      Plaintiff is the mother of R.R., who was born in September 1995. From kindergarten through fifth grade, R.R. attended New York City public schools. Because he was found to have learning disabilities, as

well as speech and language impairments, he was placed in special education classes in public school.

On October 7, 2005, at the beginning of R.R.'s fifth-grade studies, the DOE created an Individualized Education Program ("IEP"), which was valid for one year. The IEP identified R.R.'s disability as speech and language impairment, and stated that R.R. "had difficulties persisting at tasks" and needed to "develop math skills, oral language skills and expressive writing abilities." The IEP therefore concluded that R.R. needed a "self-contained classroom" and special education classes to help him with his mathematics and language skills.

However, later that school year, R.R.'s teacher informed plaintiff that when R.R. entered sixth grade, he would be enrolled in a general education class. Plaintiff did not believe this to be an acceptable option, and therefore researched private school alternatives. She ultimately decided to enroll R.R. at WPS for sixth grade. On August 17, 2006, plaintiff notified the DOE that she planned to withdraw R.R. from public school, enroll him in WPS, and seek reimbursement of the WPS tuition, in the amount of $38,750. The DOE never created an IEP for R.R. for the 2006-2007 year, nor did it offer him a placement in a public or private special education program. Plaintiff then sought an administrative hearing on her request for tuition reimbursement. That hearing was held on October 4, 2006, about one month after R.R. began attending WPS.

At the October 4 hearing, the DOE conceded that it had not offered R.R. a "free appropriate public education" as required by IDEA. In particular, the DOE never offered R.R. a placement for the 2006-2007 year that would have addressed his needs. According to the transcript of the hearing, plaintiff testified that R.R. was happy at WPS, was understanding class material better than he had before, and was better able to complete homework assignments. Plaintiff reported that one of R.R.'s teachers at WPS had informed her that R.R. had adjusted well to his new classroom environment.

A WPS administrator, Beth Sugarman, also testified at the hearing. Sugarman explained that all WPS students have learning disabilities, and that she was responsible for placing students in programs appropriate to their educational needs. She testified that R.R. received forty minutes of one-on-one training each day targeted to his specific deficiencies, and that he spent the rest of his day in a twelve-student class with a certified special education teacher. She also explained that the WPS program uses various strategies to help students with learning delays better absorb information. According to Sugarman, R.R.'s teachers had noticed some improvement in R.R. during his month at the school, in that he was participating in class and seeking clarification when necessary. However, R.R. was still having difficulty with certain skills. Sugarman conceded that R.R. did not see a speech and language therapist at WPS; that WPS had not administered another

battery of standardized tests to R.R. during the month that he had been attending the school; and that she had personally observed him in class only once.

The Impartial Hearing Officer ("IHO") presiding over the hearing subsequently issued an opinion finding that plaintiff was not entitled to tuition reimbursement. The IHO found that the DOE failed to provide R.R. with the free appropriate public education required by IDEA. She also found that the equities favored reimbursement, since the cost of reimbursing the WPS tuition was reasonable and plaintiff had cooperated with the DOE. However, she found that plaintiff had failed to establish that WPS was an appropriate placement for R.R., both because there was insufficient proof at that time of R.R.'s progress at WPS, and because WPS was not providing speech and language therapy to R.R. She left open the possibility of plaintiff renewing her request for reimbursement once more evidence of R.R.'s progress was available, and therefore denied the application without prejudice.

The DOE appealed the IHO's decision to deny the application without prejudice, on the ground that such decisions must be made with prejudice. Plaintiff cross-appealed, arguing that she had offered sufficient evidence of the appropriateness of the WPS program. The State Review Office ("SRO"), which reviewed the appeal, agreed with the DOE that the IHO had no authority to deny the application without prejudice, and vacated the portion of the IHO's decision stating that the dismissal

was without prejudice. The SRO also dismissed plaintiff's cross-appeal, thereby denying plaintiff's request for reimbursement of the WPS tuition.

## Discussion

School districts are obligated under the IDEA, 20 U.S.C. § 1400 et seq., to provide special education to children with disabilities in order to ensure that they receive a "free appropriate public education." When a parent determines that such an education is not being provided, and therefore decides to place her child in a private school without the school district's consent, she is entitled to reimbursement of the private school tuition if (1) the services offered by the public school system were inadequate; (2) the services obtained by the parent were appropriate; and (3) equitable considerations support the parent's claim. Sch. Comm. of Burlington v. Dep't of Educ., 471 U.S. 359, 370-74 (1985); Florence County Sch. Dist. 4 v. Carter, 510 U.S. 7, 12 (1993). There is no dispute that plaintiff has satisfied the first and third elements required to show that she is entitled to reimbursement. The only dispute is whether plaintiff has shown that the services provided by WPS were appropriate.

For an alternative placement like WPS to be appropriate, it must be specially designed to meet the unique needs of a disabled child and it must include the services necessary for the child to benefit from instruction. Frank G. v. Bd. of Educ. of Hyde Park, 459 F.3d 356, 364-65 (2d Cir. 2006). However, parents "need not show that a private placement furnishes every special service necessary to maximize their

child's potential." Id. Thus, courts should "consider the totality of the circumstances in determining whether that placement reasonably serves a child's individual needs," and whether it is therefore likely that the child will progress, rather than regress, in the alternative school. Id. Courts may consider both the administrative record and additional evidence submitted by the parties, 20 U.S.C. § 1415(i)(2), and must assess the evidence under a preponderance-of-the-evidence standard, giving "due weight" to the administrative proceedings and refraining from questioning the school district's policy decisions. Gagliardo v. Arlington Cent. Sch. Dist., 489 F.3d 105, 113 (2d Cir. 2007).

In the present case, the IHO applied an erroneous legal standard. As discussed above, plaintiff's burden was to show that the WPS program was properly designed to allow R.R. to progress at WPS. She was not required to show that R.R. had in fact progressed significantly since enrolling at WPS, nor was it reasonable to expect her to produce such evidence only one month after R.R. had enrolled at the school. Moreover, plaintiff was not required to establish that WPS offered speech and language therapy in order to prevail. Rather, when the WPS program and R.R.'s deficiencies are examined in their totalities, it is clear that the program was well designed to serve R.R.'s needs. Although the IHO focused on the IEP's reference to R.R.'s "speech and language" deficiencies, this was only one area in which R.R. demonstrated deficiencies. The IEP, as well as an educational evaluation submitted to

the IHO, established that R.R.'s deficiencies included difficulties with listening, retaining information, paying attention, reading, and doing mathematics.

The Sugarman testimony established that the WPS program was well tailored to these deficiencies. WPS focused exclusively on children with learning disabilities. The educational program used small class sizes and educational techniques designed to help students who, like R.R., have difficulty retaining and processing information. This program was supplemented by daily one-on-one instruction in reading and comprehension skills. In order to address R.R.'s difficulties with listening, retaining information, and paying attention, teachers focused on presenting information both visually and orally, repeating information when necessary, and encouraging R.R. and his peers to ask clarifying questions. This testimony established that the WPS program was properly designed to enable R.R. to benefit from educational instruction, such that it was likely that he would progress, rather than regress, while at WPS.

Although it is not necessary to the court's decision, the record of R.R.'s achievement during the remainder of the 2006-07 year provides further evidence of the appropriateness of WPS. From the spring of 2006 to the spring of 2007, R.R. showed considerable improvement on tests of his written language and reading ability. Narrative reports from his teachers indicate that although he continued to experience difficulty in

several areas, his academic performance improved considerably during the year. These reports also emphasized that education in focused, small-group environments helped R.R. to concentrate on the information being presented to him and to successfully complete assignments. R.R.'s grades indicate that he did particularly well in mathematics, a subject identified on the 2005 IEP as one with which he was having particular difficulty.

Plaintiff has thus established that WPS is an appropriate placement for R.R., and that she is entitled to reimbursement of the WPS tuition. The court therefore need not reach the parties' arguments regarding whether plaintiff would be entitled to further administrative proceedings regarding this matter.

## Conclusion

Plaintiff's motion for summary judgment is granted. Defendant's cross-motion for summary judgment is denied. The parties are directed to settle a judgment and submit it to the court.

SO ORDERED.

Dated: New York, New York
August 7, 2009

Thomas P. Griesa
U.S.D.J.